FILED IN UNITED STATES
BANKRUPTCY COURT
DISTRICT OF UTAH

FEB 25 2002

UT #A1387 DEPUTY CLERK

| | |
|---|---|
| Weston L. Harris | Scott J. Goldstein    MO #28698 |
| Parsons Davies Kinghorn & Peters | Spencer Fane Britt & Browne LLP |
| 185 South State Street, Suite 700 | 1000 Walnut, Suite 1400 |
| Salt Lake City, UT 84111 | Kansas City, MO 64106 |
| (801) 363-4300 | (816) 474-8100 |
| (801) 363-4378– Fax | (816) 474-3216– Fax |
| PROPOSED COUNSEL FOR DEBTORS | PROPOSED COUNSEL FOR DEBTORS |

## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

In re:

SIMON TRANSPORTATION SERVICES INC.

Debtor

Case No. 02-22906
Chapter 11

In re:

DICK SIMON TRUCKING, INC.

Debtor

Case No.
Chapter 11

### DECLARATION OF SCOTT J. GOLDSTEIN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT OF SPENCER FANE BRITT & BROWNE LLP AS COUNSEL FOR DEBTORS

Scott J. Goldstein, on behalf of the law firm of Spencer Fane Britt & Browne LLP ("SFBB"), being first duly sworn to oath, deposes and says:

1.  I am a partner in the Financial Services Group in SFBB, the law firm named in the foregoing Application, which maintains offices at the following locations:

    a.  1000 Walnut, Suite 1400, Kansas City, Missouri 64106;



WA 631574.1

0222906D8

b.   9401 Indian Creek Parkway, Suite 700, Building 40, Overland Park, Kansas 66210; and

c.   120 S. Central Avenue, 5th Floor, St. Louis (Clayton), Missouri 63105.

2.   No agreement or understanding exists between SFBB and any other person for any division or sharing of compensation which is prohibited by statute.

3.   As more particularly set forth in paragraph 4 below, SFBB neither holds nor represents an interest adverse to the captioned bankruptcy estates in the matters upon which it is to be engaged. SFBB is a disinterested person within the meaning of 11 U.S.C. § 101(14), and the employment of SFBB is in the best interest of the captioned estate.

4.   In preparing this Declaration, I and others at SFBB under my direction utilized a set of procedures established by SFBB to ensure compliance with the United States Bankruptcy Code (the "Code") and the Federal Rules of Bankruptcy Procedure (the "Rules") regarding the captioned Debtors's retention of professionals under the Code.

5.   SFBB maintains and systematically updates this system in the regular course of business of the firm, and it is the regular practice of the firm to make and maintain these records. The conflict check system and adverse party index maintained by SFBB is designed to include every matter on which the firm is now or has been engaged, the entity by which the firm is now or has been engaged, and, in each instance, it is to include and record the identity of related parties and adverse parties and the attorney in the firm that is knowledgeable about the matter. It is the policy of SFBB that no new matter may be accepted or opened within the firm without the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter and

related and adverse parties being completed and submitted to those charged with maintaining the conflict check system and adverse party index. Accordingly, the database is regularly updated for every new matter undertaken by SFBB. The scope of the system is a function of the completeness and accuracy of the information submitted by the attorney opening a new matter.

6. Through diligent inquiry, I have ascertained that, to the best of my knowledge and belief based upon such inquiry, there is no connection (as such term is utilized in Code § 101(14)(E) and Rule 2014(a)) between SFBB and (I) the United States Trustee or any person employed by the Office of the United States Trustee, (ii) debtors Simon Transportation Services Inc. and Dick Simon Trucking, Inc. (collectively, "Debtors") (iii) any creditor of Debtors, or (iv) any attorneys, accountants, financial consultants and investment bankers who represent or may represent claimants or parties in interest in the captioned bankruptcy cases.

7. While the captioned bankruptcy filings have been made under exigent circumstances, I have investigated the propriety of representing both debtor Simon Transportation Services Inc. ("Simon Transportation") and debtor Dick Simon Trucking, Inc. ("Dick Simon") (at times collectively referred to herein as "Debtors"). I have reviewed *In re Vanderbilt Assoc., Inc.*, 117 B.R. 678 (Bankr. D. Utah 1990) and *In re Roberts*, 75 B.R. 402 (Bankr. D. Utah 1987), among other cases. On my best knowledge, information and belief, Simon Transportation, the parent company, was created solely to act as the publicly-traded shell entity to hold the stock of its subsidiary, Dick Simon. It is my understanding that creditors understand the separateness of Simon Transportation and Dick Simon. In several isolated instances, by mistake, leases were placed in the name of Simon Transportation. With the exception of guarantees of leases and secured debt, there are no joint

creditors or jointly-held assets of Debtors. To the best of my knowledge, information and belief, there are no inter-Debtor claims. Both Simon Transportation and Dick Simon are insureds on certain of their insurance policies. I do not believe there is a potential or actual conflict of interest in SFBB's representation of both Debtors, and it is the most efficient and effective method of administering the captioned cases. Maintaining separate counsel for Simon Transportation and Dick Simon will be unduly time consuming and impose excessive cost burdens not warranted by any benefit to be attained.

8. SFBB has in the past represented Simon Transportation in matters wholly-unrelated to the captioned bankruptcy cases (the "Non-Bankruptcy Related Services"). Simon Transportation paid for the Non-Bankruptcy Related Services in the ordinary course of its business, and as of the Filing Date, debtor Simon Transportation Services Inc. did not owe SFBB any amounts for the Non-Bankruptcy Related Services.

9. SFBB has received a retainer of $250,000 for fees and expenses to be rendered to Debtors in the captioned proceedings. SFBB has deposited the retainer in its interest bearing IOLTA trust account.

10. For 2002, the anticipated range of hourly rates to be charged Debtors by SFBB are as follows:

    a.     Partners:     $205-$300

    b.     Of Counsel:     $180-$225

    c.     Associates:     $155-$195

    d.     Paralegals:     $90-$110

11.    Based on the foregoing, I believe that the law firm of Spencer Fane Britt & Browne LLP is a "disinterested person" within the meaning of Code §§ 101(14) and 327. Further, the proposed retention is not prohibited by Rule 5002.

I certify under penalty of perjury that the foregoing is true and correct, executed on February 25, 2002.

                                                    Scott J. Goldstein

State of Utah        )
                     ) ss.
County of Salt Lake  )

Sworn to and subscribed before me, a Notary Public, for the State and County aforesaid, on this 25th day of February, 2002.

                                                    Notary Public

My Commission expires:

NOTARY PUBLIC
SUZANNE WILLIAMS
185 So. State, Ste. 700
Salt Lake City, Utah 84111
My Commission Expires
October 9, 2005
STATE OF UTAH

5

WA 631574.1