Weston L. Harris (A1387)
R. Kimball Mosier (2334)
**Parsons Davies Kinghorn & Peters**
185 South State Street, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Scott J. Goldstein   (MO #28698)
**Spencer Fane Britt & Browne LLP**
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216

Counsel for Debtors

### In the United States Bankruptcy Court
### District of Utah, Central Division

In re:

SIMON TRANSPORTATION SERVICES
INC., DICK SIMON TRUCKING, INC. AND
SIMON TERMINAL, LLC

Debtors.

Bankruptcy No. 02-22906 GEC
[Chapter 11]
[JOINTLY ADMINISTERED]

### DEBTORS' PRELIMINARY RESPONSE TO
### MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING
### FREIGHTLINER'S MOTION FOR (I) RECONSIDERATION OF APRIL 22, 2002
### ORDERS AUTHORIZING SALE, ETC. AND APPROVING ASSUMPTION AND
### ASSIGNMENT OF EXECUTORY VENDOR CONTRACTS, ETC., AND
### (II) EXCLUSION OF THE FREIGHTLINER COMPANIES
### FROM THE EFFECTS OF THOSE ORDERS

COME NOW the Debtors and provide their Preliminary Response to the
Memorandum of Points and Authorities Supporting Freightliner's Motion for (I)
Reconsideration of April 22, 2002 Orders Authorizing Sale, Etc. and Approving Assumption
and Assignment of Executory Vendor Contracts, Etc., and (II) Exclusion of the Freightliner
Companies From the Effects of Those Orders (the "Memorandum").

WA 653249.1



0222906D642

I.    INTRODUCTION

1.    Prior to the filing of Debtors' bankruptcy cases, Debtor Dick Simon Trucking,

Inc. entered into  five (5) executory contracts to which Freightliner LLC, f/k/a Freightliner

Corporation, Freightliner Market Development Corporation (together with Freightliner LLC,

"Freightliner") and/or Freightliner of Arizona, Ltd. were also parties, as follows:

a.    Conditional Commitment to Repurchase # 2000-00366 dated on or

about May 3,  2001;

b.    Conditional Commitment to Repurchase # 2001-00013 dated on or

about May 3, 2001;

c.    Conditional Commitment to Repurchase # 2001-0014 dated on or

about May 3, 2001;

d.    Agreement Between Dick Simon Trucking and Freightliner dated on

or about January 25, 2000; and

e.    Used Truck Conditional Trade Agreement dated February 14, 2001

(such agreements collectively herein the "Freightliner Commitments").   Copies of the

Freightliner Commitments are attached as Exhibits 1 through 5, respectively.

2.    Pursuant to the terms of the *Order (A) Granting Joint Motion of Debtors and*

*Central Refrigerated Service, Inc.; (B) Authorizing Assumption and Assignment of*

*Executory Contracts (Vendor Contracts) and (C) Granting Related Relief* (the "Contracts

Order") (Docket No. 417[1]) and the *Order Pursuant to Section 105(a), 363, 365, and 1146*

---

[1] Certain pleadings and orders referred to herein will be described by reference to
the Court's docket number.  Any interested party that does not have access to Pacer to
obtain copies of such pleadings and orders may obtain a copy thereof upon their request
to Debtors' counsel.

WA 653249.1

of the Bankruptcy Code: (A) Authorizing the Sale of Substantially All of the Debtors' Assets to Central Refrigerated Service, Inc. Free and Clear of Liens, Claims, Interests and Encumbrances; (B) Approving the Asset Purchase Agreement; and Granting Related Relief (the "Sale Order") (Docket No. 407), each dated April 22, 2002, the Debtors assumed the Freightliner Commitments and assigned the same to Central Refrigerated Service, Inc. (the "Purchaser" or "Central").

3.     On May 5, 2002, Freightliner filed its Motion seeking to have the Contract Order and the Sale Order modified to exempt Freightliner from the effects thereof. As the basis for its requested relief, Freightliner argues that (a) notice of the Joint Motion of Debtors and Central Refrigerated Services, Inc. to Assume and Assign Certain Contracts Under 11 U.S.C. § 365 (Vendor Contracts); Notice of Hearing and Opportunity to Object (Vendor Contracts) (the "Contracts Motion") (Docket No. 345)  was inadequate; (b) the Freightliner Commitments are not executory contracts for purposes of 11 U.S.C. § 365 and cannot be assumed and assigned; and (c) the Sale Order granted extraordinary relief and relief beyond that requested in the Debtors' Motion for Approval of Sale of Substantially All of the Debtors' Assets and to Approve Assumption and Assignment of Leases and Executory Contracts (the "Sale Motion") (Docket No. 106).

4.     Debtors note that the relief requested by Freightliner is that it be excluded from the Sale Order and the Contracts Order. Freightliner does not seek, and in fact has no standing to seek reversal of the Sale Order on other grounds, as Freightliner is not asserting that it is a creditor in this case or that it has any claim to the proceeds of the sale.

3                    WA 653249.1

5.    The Debtors are not opposed to Freightliner's request that Freightliner be excluded from the effects of the Sale Order as it relates to assumption and assignment issues. This will also obviate the need for further argument regarding Freightliner's claims that the Sale Order granted extraordinary relief to the Purchaser with respect to amendments or modifications of the subject contracts, and regarding provisions limiting Freightliner's right to assert nonmonetary defaults.

6.    Freightliner was not "fleeced" as it alleges.   Debtors did not intend to give anything less than proper notice of any motion in these cases to interested parties, including Freightliner, and to provide such parties an opportunity to file appropriate objections. In fact, the Contracts Motion was mailed to Freightliner's headquarters and the Sale Motion was mailed to 39 Freightliner entities, including an entity that is a party to at least three of the Freightliner Commitments.  Freightliner acknowledges its receipt of at least the Contracts Motion.  (Memorandum, footnote 3, page 4).

7.    Debtors support setting things straight, which they believe involves the following:

a.    Exclude Freightliner from the Sale Order as it requests, and rely on the Contracts Order;

b.    Make a determination whether the Contracts Motion and Contracts Order validly notified Freightliner of its rights. If appropriate notification occurred, the Court should order assumption and assignment but permit Freightliner and Central to litigate in another forum any nonmonetary defaults or defenses to enforcement of the contracts.

c.    If the Court determines that notice was not sufficient, set an immediate hearing on *Debtors' Supplemental Motion to Assume and Assign (1) Agreement Between*

4

*Dick Simon Trucking and Freightliner, (2) Agreement for Conditional Commitment to Repurchase #2000-00366, (3) Agreement for Conditional Commitment to Repurchase #2001-00013 and (4) Agreement for Conditional Commitment to Repurchase #2001-00014.* A copy of the Supplemental Motion is attached hereto as Exhibit 6 and it was appropriately served on Freightliner.

II.   THE SALE PROCEEDINGS

8.   The Sale Motion, filed March 11, 2002, originally contemplated assumption and assignment of executory contracts after a closing of the sale. However, the Debtors requested, and the Court ordered, an expedited schedule for the assumption and assignment matter so that assumption and assignment would correspond in time with the sale. *See* Docket Nos. 368 and 369. This procedure was adopted to streamline the bankruptcy proceeding, not to avoid notice to Freightliner.

9.   The Sale Motion made clear that the sale included equipment repurchase agreements. *See Sale Motion,* Docket No. 106, summary of Terms, ¶ 8. As well, the Asset Purchase Agreement, filed with the Court on March 25, 2002, identified the buy-back, trade-in or similar agreements as among the assets to be purchased. *See Asset Purchase Agreement* (Docket No. 319), ¶ 2.1(n). Further, Central's *Notice of Filing Asset Purchase Agreement,* relating to the Stalking Horse Bid, filed on April 4, 2002, noted that it was assuming all of Sellers' right, title, and interest of every kind, nature, or description and all contracts and agreements to which Debtors were parties, including, but not limited to, contracts and agreements with Freightliner and/or Freightliner Market Development. *See Notice of Filing* (Docket No. 319), Schedule 2.1(g). The Freightliner Commitments,

5

although not by name, were also referred to in the Confidential Memorandum sent by the investment banker Morgan Keegan to other potential bidders, and the Freightliner Commitments were made available to all potential bidders in the data room set up by Debtors and Morgan Keegan for other potential bidders to review at the Debtors' place of business. The contracts were of speculative value, if any, to Debtors and any purchaser of its assets. In short, the contracts were not illegally appropriated by Central without notice, as alleged by Freightliner.

10.    Debtors' caused notice of the Sale Motion and the Sale Procedure Order to be mailed to all known creditors, including 39 Freightliner entities, among them Freightliner of Arizona, Ltd., a party with Freightliner to some of the Freightliner Commitments. *See Affidavit of Service*, Docket No. 337.

11.    The following Freightliner entities were served with the notice pursuant to the sale documents based upon a review of the list of creditors:

> Albuquerque Freightliner, Albuquerque, NM
> Atlanta Freightliner, Forest Park, GA
> Cedar Valley Freightliner, Waterloo, IA
> Chesley Freightliner, Fairmont, MN
> Corley Freightliner, L.P., San Angelo, TX
> Eagle Freightliner, Pasco, WA
> Foothill Freightliner, Sun Valley, CA
> Freedom Freightliner, Inc., Spokane, WA
> Freightliner Arizona, Ltd., Tolleson, AZ
> Freightliner Evansville, Jeffersonville, IN
> Freightliner Harrisburg, Harrisburg, PA
> Freightliner Des Moines, Altoona, IA
> Freightliner Charlotte, Charlotte, NC
> Freightliner Chicago, Elmhurst, IL
> Freightliner Odessa, Odessa, TX
> Freightliner Software, c/o John Fulton, Suite 600, 2701 NW Vaughn Street,
>       Portland, OR 97210
> Fyda Freightliner, Youngstown, OH
> G&J Freightliner Newark, Newark, NJ

6

Horwith Freightliner, Northampton, PA
Houston Freightliner, Houston, TX
Humboldt Freightliner, Winnemucca, NV
Idaho Freightliner, Boise, ID
Joplin Freightliner, Joplin, MO
Kentucky Freightliner, Lexington, KY
L&B Freightliner, Westminster, UT
Los Angeles Freightliner, Whittier, CA
Los Angeles Freightliner, Los Angeles, CA
Middle GA Freightliner, Macon, GA
Missoula Freightliner, Missoula, MT
Portland Freightliner, Portland, OR
Redding Freightliner, Redding, CA
Sierra Freightliner, Sparks, MV
Southern Idaho Freightliner, Jerome, ID
Spokane Freightliner, Spokane, WA
Springfield Freightliner, Kansas City, MO
Stoops Freightliner, Lima, OH
Stoops Freightliner, Indianapolis, IN
Temple Freightliner, Temple, TX
Tristate Freightliner, Southboro, MA

12.   It should also be noted Freightliner LLC is a wholly-owned subsidiary of
Daimler-Chrysler, as is Mercedes-Benz Credit Corporation.   Mercedes-Benz Credit
Corporation is the largest creditor in these cases and it, and its counsel, were intimately
involved in this case.  While Debtors at this time have not completed discovery on the
actual knowledge of Freightliner, Debtors expect that Freightliner, through its parent and
sister corporations, was well aware of the proceedings in this case. (Both Mercedes-Benz
Credit Corporation, its counsel and Daimler-Chrysler, which appears to be the member of
Freightliner LLC, have received notices of virtually all pleadings in this case, including the
Contracts Motion).

WA 653249.1

III.    THE CONTRACTS MOTION

13.    Counsel for Central filed the Contracts Motion on April 9, 2002,[2] and caused notice thereof to be served on each party on the Master Service List and the Mailing-List Vendors on April 9, 2002. Exhibit 7 (Docket No. 411).

14.    Among the parties listed in the Certificate of Service are Freightliner Corporation (which is now known as Freightliner LLC), with an address of 4747 North Channel Avenue, Portland, Oregon 97217, and Freightliner Market Development Corporation, with an address of 2701 NW Vaughn Street, Suite 776, Portland, Oregon 97210. These are, in fact, the headquarter's addresses for the companies not mere "general delivery" addresses as Freightliner states in its Memorandum.    Further, Freightliner acknowledges its receipt of the Contracts Motion.

15.    Freightliner attempts to avoid the Contracts Motion by arguing that its notice of the Motion and its effect was inadequate.  To support its argument, Freightliner notes that the Motion was not addressed to a Freightliner officer or other executive and did not specify in large type the contracts to be assumed and assigned. But neither of these arguments appear to be valid. The Motion was not addressed to any particular executive, but it was appropriately delivered to a manager who handles bankruptcy matters for Freightliner.  See Memorandum p. 4, n. 3; Exhibit 8, Talmadge Dep. pp. 21, 23-26. Moreover, the manager and his superiors fully understood the effect of the Contracts Motion. The contracts were a matter on which Freightliner was focused long before the

[2]Debtors' counsel did not sign the Joint Motion but filed their *Evidence of Joinder in Joint Motion of Debtors and Central Refrigerated Service, Inc. to Assume and Assign Certain Contracts* (Docket No. 362) on April 12, 2002.

WA 653249.1

Motion was even contemplated. Exhibit 8, Talmadge Dep. p. 27. The contracts place obligations on Freightliner to purchase tractors from Dick Simon Trucking at prices that may exceed the prevailing market price. Freightliner has described these "buy back" contracts as being of substantial economic concern to the Company, Exhibit 8, Talmadge Dep. pp. 70-71, 79-80. In addition, Freightliner had assigned management personnel to track the Company's various buy back contracts. Exhibit 8, Talmadge Dep. p. 41, 71. When Freightliner received the Motion, it understood exactly what was at stake and the absence of large print or references to specific contract numbers did not cause Freightliner any confusion. Technical arguments regarding notice cannot be sustained when the movant possesses "actual knowledge of a significant refined degree." *In re National Gypsum Co.*, 208 F.3d 498, 513 (5th Cir. 2000). Freightliner received the Contracts Motion and it was placed in the hands of an employee who understood its meaning. Freightliner's notice arguments should fail.

16.    Freightliner presents an alternative argument against the Contracts Motion. Freightliner argues that the contracts are not executory and, therefore, cannot be assumed or assigned. This argument, however, is entirely conclusionary – it is not supported by any allegations of fact. Freightliner does not allege any monetary or non-monetary defaults on the contracts. Freightliner also fails to make any allegation of fact that Central cannot provide adequate assurance of future performance. Without any alleged facts to support it, Freightliner's argument that none of the contracts can be assumed and assigned is without any force.

WA 653249.1

IV.   THE SUPPLEMENTAL MOTION

17.   At its heart, a motion to assume or reject should be considered a summary

proceeding. The proceeding need not be preceded by prolonged discovery and a lengthy

trial is unnecessary. The ruling on a motion to assume or assign is not a formal ruling on

underlying disputed issues concerning the validity of a contract. *See, In re Orion Pictures

Corp.*, 4 F.3d 1095 (2nd Cir. 1993); *In re G.I. Industries, Inc.*, 204 F.3d 1276, 1282 (9th Cir.

2000); *In re Gateway Apparel, Inc.*, 210 B.R. 567 (Bankr. E.D. Mo. 1997) (proceeding on

a motion to assume is summary in nature). Further, § 365 does not require the cure of

nonmonetary defaults as a condition to assumption and assignment. *See, In re Bankvest

Capital Corp.*, 270 B.R. 541 (Bankr. D. Mass. 2001) (in order to assume or assign

executory contract, cure of nonmonetary defaults is irrelevant as not required under

§ 365(b)(1)(A) and (b)(2)(D)–although the Court also noted the parties were free to pursue

whatever claims, counterclaims and defenses they had in a nonbankruptcy court of

competent jurisdiction); *In re Western Pacific Airlines, Inc.*, 219 B.R. 298 (Bankr. D. Colo.

1998).

18.   Debtors were never seeking to limit Freightliner's rights to assert breaches

for nonmonetary defaults, and to the extent any Order so provides, Debtors assert it should

be modified. As stated above, since the Freightliner Commitments at issue are to be

assumed and assigned to Central, Central and Freightliner can litigate the validity of the

contracts in another forum if they choose to do so. However, no lengthy hearing in

Bankruptcy Court is necessary. Any issues relating to assumption or assignment should

be limited to a summary determination of whether the contracts are executory, whether any

10

monetary defaults exist, and Central's ability to provide adequate assurance of future performance.

19.    Debtors obviously have a substantial need to conclude this case, and the Freightliner issues are preventing that from occurring. Therefore, Debtors have filed and served *Debtors' Supplemental Motion to Assume and Assign (1) Agreement Between Dick Simon Trucking and Freightliner, (2) Agreement for Conditional Commitment to Repurchase #2000-00366, (3) Agreement for Conditional Commitment to Repurchase #2001-00013 and (4) Agreement for Conditional Commitment to Repurchase #2001-00014 Pursuant to 11 U.S.C. § 365.*  If the Court finds notice of the Contracts Motion was defective, Debtors are prepared to go forward immediately on the Supplemental Motion.

WHEREFORE, Debtors respectfully request that the Court accordingly limit the effect of the Sale Order and Contracts Order as described herein or, in the alternative, that the Court find that notice to Freightliner was defective and immediately set the Supplemental Motion for hearing.

Date: July 19, 2002

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

WA 653249.1

Signature Page for Preliminary Response (the "Response") to the Memorandum of Points and Authorities Supporting Freightliner's Motion for (I) Reconsideration of April 22, 2002 Orders Authorizing Sale, Etc. and Approving Assumption and Assignment of Executory Vendor Contracts, Etc., and (II) Exclusion of the Freightliner Companies From the Effects of Those Orders

SPENCER FANE BRITT & BROWNE LLP

_____

Scott J. Goldstein    MO #28698
Daniel D. Doyle    MO #36724
Lisa A. Epps    MO #48544
1000 Walnut Street, Suite 1400
Kansas City, MO  64106
(816) 474-8100
(816) 474-3216– Fax

-and-

Weston L. Harris    UT #A1387
R. Kimball Mosier    UT #2334
PARSONS DAVIES KINGHORN & PETERS
185 South State Street, Suite 700
Salt Lake City, UT 84111
(801) 363-4300
(801) 363-4378– Fax

COUNSEL FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2002, a true and correct coy of the above and foregoing was sent by U.S. Mail, postage prepaid, to all parties on the attached Service List and the following:

J. Thomas Beckett, Esq.
Parsons Behle & Latimer
One Utah Center
201 South Main Street, Suite 1800
Salt Lake City, UT 84145-0898
COUNSEL FOR THE FREIGHTLINER COMPANIES

WA 653249.1

Michael N. Emery, Esq.
Richards Brandt Miller & Nelson
50 South Main Street, Suite 700
P O Box 2465
Salt Lake City  UT  84110

Peter Billings, Esq.
Fabian & Clendenin
215 South State
Salt Lake City, UT 84111

Laurie A. Crandall, Esq.
Asst. U.S. Trustee
9 Exchange Place, Suite 100
Salt Lake City, UT 84111

Laurie A. Crandall
Office of the United States Trustee
Boston Building
9 Exchange Place, Suite 100
Salt Lake City, UT 84111

Scott Goldstein, Esq.
Lisa A. Epps, Esq.
**SPENCER FANE BRITT & BROWNE LLP**
1000 Walnut, Suite 1400
Kansas City, Missouri 64106

Dan Doyle, Esq.
**SPENCER FANE BRITT & BROWNE LLP**
Clayton Center, Fifth Floor
120 South Central
St. Louis, Missouri 63105

Weston L. Harris, Esq.
**PARSONS DAVIES KINGHORN & PETERS**
185 South State, Suite 700
Salt Lake City, UT 84111

Dick Simon Trucking, Inc.
Attn: Kristen Fonnesbeck
5175 West 2100 South
P.O. Box 26297
Salt Lake City, Utah 84126-0297

Heidi Hornung-Scherr
Scudder Law Firm, P.C., L.L.C.
411 Building
411 South 13th Street
Lincoln, NE 68508

Gregory J. Adams, Esq.
**MCKAY BURTON & THURMAN**
10 East South Temple, Suite 600
Salt Lake City, UT 84133

George S. Adondakis
Hoobs Adandakis & Olson
Felt Building, Suite 208
341 South Main Street
Salt Lake City, UT 84111

Ambest One Check
Attn: Billy Lou Smith
101 Westpark Drive, Suite 230
Brentwood, TN 37027

American Family Insurance Group
6301 James A. Reed Road
Kansas City, MO 64133-4775

American Towing Alliance
c/o Bob Watson
P.O. Box 3865
Ontario, CA 91761

Ameritech Credit
SBC Capital Services
Attn: Brady Smith
4C39G
2000 West Ameritech Center
Hoffman Estates, IL 60196

Aspen Distribution
1865 South 4490 West
PO Box 26126
Salt Lake City, Utah 84126

Atlanta Freightliner
Attn: Lajuana Garcia
5884 Frontage Road
Forest Park, GA 30297

Banc of America Leasing & Capital
Attn: Dawn Kinney
CA5-705-04-01
555 California Street, 4th Floor
San Francisco, CA 94104

Banc of America Leasing & Capital,
LLC
2059 Northlake Parkway, 4th Floor
Tucker, GA 30084

Duane A. Baker, Esq.
303 Texas Avenue, Suite 1400
El Paso, TX 79901-1461

Ronald C. Barker, Esq.
Thomas E. Stamos, Esq.
Barker Law Office
2870 South State Street
Salt Lake City, UT 84115

Ronald S. Beacher, Esq.
Pitney, Hardin, Kipp & Szuch LLP
711 Third AVenue
New York, NY 10017-4014

Leslie W. Berggren
Assistant Attorney General
40 Capitol Square, S.W.
Atlanta, GA 30334

Peter W. Billings, Esq.
Gary E. Jubber, Esq.
FABIAN & CLENDENIN
215 South State, #1200
Salt Lake City, UT 84111

Wayne H. Braunberger
Ashton Braunberger & Boud
765 East 9000 South, Suite A-1
Sandy, Utah 84094

Bridgestone USA Inc.
Attn: Alecia Leach
P.O. Box 73418
Chicago, IL 60673-7418

George Burbidge
50 South Main Street, Suite 1500
Salt Lake City, UT 84147

Rex Curtis Bush, Esq.
BUSH LAW FIRM
9615 South 700 East
Sandy, UT 84070

Barbara Lee Caldwell
Deputy County Attorney
301 W. Jefferson, 9th Floor
Phoenix, AZ 85003

J. Randall Call, Esq.
Sally J. McMinimee, Esq.
PRINCE YEATES & GELDZAHLER
175 East 400 South, #900
Salt Lake City, UT 84111

Citicapital Commercial Corporation
Attn: Kerry Loven
300 East Carpenter Freeway 17 Plaza
Irvine, TX 75062

Citicapital Commercial Corporation
Attn: Andy Villapudua
2890 Gateway Oaks Drive, #220
Sacramento, CA 95833

CIT Group/Equipment Financing
Attn: Bill Hildebrand
1450 West Fountainhead Parkway
Temple, AZ 85282

Elaine Z. Cole, District Tax Attorney
State of New York
Department of Taxation and Finance
340 East Main Street
Rochester, NY 14604

Gary W. Collins
Collins, Fairfield, Fowler, Harlan & Bre
10920 Ambassador Dr., Ste. 500
Kansas City, MO 64153

ComData
c/o Susan McGee
5312 Maryland Farm Way
Brentwood, TN 37027
**(Returned 03/15/02)**

Tamara Nydell Cook, Esq.
**RENAUD COOK & DRURY, P.A.**
Two Renaissance Square
40 North Central Avenue, Suite 1600
Phoenix, AZ 85004

L.R. Curtis, Jr.
MANNING CURTIS BRADSHAW &
BEDNAR Third Floor Newhouse Building
10 Exchange Place
Salt Lake City, UT 84111

Daimler Chrysler
Attn: Steve Goodale
1011 Warrenville Road, Suite 600
Lisle, IL 60532

Michael G. Daiy
600 Jefferson Street, Suite 408
PO Box 2716
Lafayette, LA 70501

Dakotaland Autoglass
Attn: Julie Jacobsen
PO Box 140
Lake Norden, SD 57248

Joel R. Dangerfield
9 Exchange Place, Suite 1123
Salt Lake City, Utah 84111

Thomas R. Daniels, Esq.
**LENAHAN & DEMPSEY**
Suite 400 Kane Building
P.O. Box 234
Scranton, PA 18501-0234

John P. Dillman, Esq.
LINEBARGER GOGGAN BLAIR
PENA & SAMPSON, LLP
P.O. Box 3064
Houston, TX 77253-3064

Dime Commercial Corporation
Attn: John Soisson
1180 Avenue of the Americas
Suite 510
New York City, NY 10036

Gary E. Doctorman
Parsons Behle & Latimer
201 South Main Street, Ste 1800
PO Box 11898
Salt Lake City, Utah 84747-0898

Steven W. Dougherty
Anderson & Karrenberg
700 Bank One Tower
50 West Broadway
Salt Lake City, UT 84101-2006

Anna W. Drake
215 South State Street, Suite 500
Salt Lake City, Utah 84111

DST, LLC
Attn: Elly Penrod
2200 South 75th Avenue
Phoenix, AZ 85043

Eastman Kodak Company
Attn: Cindy Palmer
1600 Lexington Avenue
Building 605
Rochester, NY 14652

Jeffery D. Eisenberg
Eisenberg & Gilchrist
215 South State Street, Suite 900
Salt Lake City, Utah 84111

Michael N. Emery, Esq.
Russell C. Fericks, Esq.
RICHARDS BRANDT MILLER & NELSON
Key Bank Tower, Seventh Floor
50 South Main Street
P.O. Box 2465
Salt Lake City, UT 84110-2465

Exxon Company USA
Attn: Mohamedi Reena
3225 Gallows Road
Fairfax, Virginia 22037

Thomas S. Farnish, Esq.
**LEYDEN AND LEYDEN**
156 Main Street
Hackensack, NJ 07601

L. Mark Ferre, Esq.
1366 East Murray Holladay Road
Salt Lake City, UT 84117

Fifth Third Leasing Company
Attn: Bill Thurman
38 Fountain Square Plaza, MD 1
COM3A
Cincinnati, OH 45263

First Insurance Funding
Attn: Chris Grela
450 Skokle Boulevard, Suite 1000
Northbroook, IL 60062

First Source Bank
Attn: Regina King
P.O. 783
South Bend, IN 46624

First Union Commercial Corporation
Attn: Jody Roberts
201 So. College Street
Charlotte, NC 28288

First Union Commercial Corp.
1339 Chestnut Street, 10th Floor
Philadelphia, PA 19107

Fleet Capital Leasing
Attn: Frank Sterdjevich
One South Wacker Drive, Suite 3800
Chicago, IL 60606

Douglas M. Foley
McGUIREWOODS LLP
9000 World Trade Center
101 West Main Street
Norfolk, Virginia 23510

James H. Forsythe
6410 Poplar Avenue, Suite 130
Memphis, TN 38119

Gallagher Basset Service
Attn: Joe Dilacova
2 Pierce Place, 5th Floor
Itasca, IL 60143

Genesis Insurance Company
695 East Main Street
Samford, CT 06901

GMAC Comm. Mort./National Life
Attn: Francis J. von Turkovich
One National Life Drive
Montpelier, VT 05604

Todd A. Greenwell
900 Cherokee Road
Louisville, KY 40202

Joseph J. Hamilton, Esq.
QUARLES & BRADY STREICH LANG LLP
Renaissance One
Two North Central Avenue
Phoenix, AZ 85004-2391

Steven Hermanowitz
c/o L/O of William Van Order
414 S. Palm Avenue, Suite C-2
Hemet, CA 92543

IBJ Whitehall Financial Group
Attn: Bob Brown
One State Street
New York City, NY 10004

Imperial Premium Finance
Attn: Paul Raymond Cohen
160 Water Street, 19th Floor
New York, NY 10038

David R. Jostad
MaLeCo, P.O. Box 9065
Salem, OR 97305

Key Bank
Attn. Jonathon A. Braun
3300 East First Avenue, 2nd Floor
Denver, CO 80206

Mark R. Gaylord, Esq.
Craig H. Howe, Esq.
Ballard Spahr Andrews & Ingerson, ILP
One Utah Center, Suite 600
201 South Main Street
Salt Lake City, UT 84111

Kevin G. Glade, Esq.
Elaine A. Monson, Esq.
RAY QUINNEY & NEBEKER
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

Mark V.L. Gray
Gray Newell Johnson & Blackmon,
LLP
108 North Elm Street
Greensboro, NC 27401

Greyhound Lines Inc.
Attn: Lori Langley
2425 East Kearney
Springfield, MO 65803

William J. Hansen, Esq.
Nathan D. Alder, Esq.
CHRISTENSEN & JENSEN, P.C.
50 South Main, Suite 1500
Salt Lake City, UT 84144

Vernon L. Hopkinson, Esq.
COHNE RAPPAPORT & SEGAL
525 East First South, Fifth Floor
Salt Lake City, UT 84102

Internal Revenue Service
Attn: Special Procedures
Mail Stop 5021
50 South 200 East
Salt Lake City, UT 84111

Christopher D. Jaime, Esq.
WALTHER KEY MAUPIN OATS COX
& LEGOY
P.O. Box 30000
Reno, NV 89520

Eckley M. Keach
Goodman, Chesnoff & Keach
520 South Fourth Street
Las Vegas, NV 89101

Key Corp Leasing
Attn: Steve Peckar
3300 East First Avenue
Denver, CO 80206

GE Capital/SAFECO Credit Company,
Inc.
Attn: Ron Koehler
10865 Willows Road N.E. 3rd Floor
Redmond, WA 98052-2502

Glaxo (CO) Fedex Supply Chain
Attn: Chuck Biddle
2479 Edison Boulevard
Twinsburg, OH 44087

William F. Grady, IV, Esq.
NEISSNER TIERNEY FISHER &
NICHOLS, S.C.
111 E. Kilbourn Avenue, 19th Floor
Milwaukee, WI 53202-6622

Jack Hall, Jr.
Hall Conerly Mudd & Bolvig
505 20th Street North
Birmingham, AL 35203-2626

C. Richard Henriksen, Jr.
Henriksen Henriksen & Call
320 South 500 East
Salt Lake City, UT 84102

Noel S. Hyde, Esq.
5926 S. Fashion Pointe Drive, #200-D
South Ogden, UT 84403

Interstate Equpiment Leasing
Attn: Elly Penrod
2200 South 75th Avenue
Phoenix, AZ 85043

Mark F. James
PO Box 11019
Salt Lake City, Utah 84147

Danny C. Kelly, Esq.
Paul W. Werner, Esq.
STOEL RIVES LLP
201 South Main, #1100
Salt Lake City, UT 84111

Key Corp Leasing
54 State Street
Albany, NY

R.L. Knuth, Esq.
Jeffrey W. Shields, Esq.
JONES WALDO HOLBROOK & McDONOUGH
1500 Wells Fargo Plaza
170 South Main Street
Salt Lake City, UT 84101

Jeanne M. Laborde, Esq.
THE LABORDE LAW FIRM LLC
P.O. Box 80098
Lafayette, LA 70598-0098

Brian J. LaFlamme
Missouri Department of Revenue
Bankruptcy Unit
PO Box 465
Jefferson City, MO 65105-0475

Thomas J. Lallier, Esq.
FOLEY & MANSFIELD
200 Lafayette Building
1108 Nicollet Mall
Minneapolis, MN 55403

Reid W. Lambert, Esq.
Elizabeth R. Loveridg, Esq.
WOODBURY & KESLER, P.C.
265 East 100 South, Suite 300
Salt Lake City, UT 84110-3358

Richard F. Lancefield, Esq.
6219 SE Main Street
Portland, OR 97215

Elliot R. Lawrence
West Valley City Attorney's Office
3600 Constitution Boulevard
West Valley City, UT 84119

Mark G. Ledwin, Esq.
WILSON ELSER MOSKOWITZ
EDELMAN & DICKER LLP
3 Gannett Drive
White Plains, NY 10604

David E. Leta, Esq.
SNELL & WILMER
15 West South Temple, #1200
Salt Lake City, UT 84101

Janet Lewis
LEWIS LAW OFFICES
10 West 100 South, Suite 703
Salt Lake City, UT 84101

Stephen W. Lewis
Attorney General's Office
160 East 300 South, Suite 500
PO Box 140874
Salt Lake City, UT 84114

Robert B. Lochhead, Esq.
PARR WADDOUPS BROWN GEE
& LOVELESS
185 South State, #1300
Salt Lake City, UT 84111

Joel T. Marker, Esq.
McKAY BURTON & THURMAN
10 East South Temple, #600
Salt Lake City, UT 84133

MBC Leasing Corporation
Attn: Timothy Naylon
2 Hopkins Plaza, 5th Floor
Baltimore, MD 21203

Dennis F. McCrosson, Esq.
McCROSSON & NERZ, P.C.
Emerson Professional Park, Suite A
7855 South Emerson Avenue
Indianapolis, Indiana 46237

Samuel S. McHard
Bryan Nelson Randolph & Weathers
PO Drawer 18109
Hattiesburg, MS 39404-8109

Mercedes-Benz Credit Corporation
Attn: Bill McCarthy
1011 Warrenville Road, Suite 600
Lisle, IL 60532

Kim Gage, Esq.
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Boulevard, Tenth Floor
Costa Mesa, CA 92626

Steven W. Meyer, Esq.
James M. Jorissen, Esq.
OPPENHEIMER WOLFF & DONNELLY LLP
Plaza VII, Suite 3300
45 South Seventh Street
Minneapolis, MN 55402-1609

Michelin North America
Attn: Robert Rattray
1 Parkway South
Greenville, SC 29615

David C. Mitchell, Esq.
YOST SCHAFERSMAN LAMME HILLIS
MITCHELL & SCHULZ, P.C.
81 West Fifth Street
Fremont, NE 68025

Michael C. Moody, Esq.
O'ROURKE McCLOSKY & MOODY
The Chicago Title & Trust Tower
161 N. Clark Street, Suite 2230
Chicago, IL 60601

Alan W. Mortensen
Dewsnup King & Olsen
2020 Beneficial Life Tower
36 South State Street
Salt Lake City, UT 84111

Michael D. Nord, Esq.
GEBHARDT & SMITH LLP
The World Trade Center
401 E. Pratt Street, 9th Floor
Baltimore, Maryland 21202

Jay H. Ong, Esq.
MUNSCH HARDT KOPF & HARR, P.C.
111 Congress Aenue, Suite 2010
Austin, TX 78701

Oregon Dept. of Transportation
Attn: Dorothy Sebastian
Collections: ODOT
550 Capitol Street NE
Salem, OR 97301

ORIX USA Corporation
Attn: Tom Hidder
550 South Hope Street, Suite 1600
Los Angeles, CA 90071

David W. Overholt, Esq.
M. Darin Hammond, Esq.
RICHER SWAN & OVERHOLT, P.C.
6925 South Union Park Center, Suite 450
Midvale, UT 84047

William T. Peckham, Esq.
1104 Nueces Street, Suite 104
Austin, TX 78701-2128

George W. Pratt, Esq.
JONES WALDO HOLBROOK & McDONOUGH
1500 Wells Fargo Place
170 South Main Street
Salt Lake City, UT 84101-1644

Robert S. Prince, Esq.
KIRTON & McCONKIE
Eagle Gate Tower, Suite 1800
60 East South Temple
Salt Lake City, UT 84111-1004

Provident Commercial
Attn: Rae E. Buck
One East Fourth Street
Cincinnati, OH 45202

Qualcomm
Attn: Pam Thompson
5775 Morehouse Drive, Suite O260G
San Diego, CA 92121-1714

Timm W. Reid
The Plaza, Suite 5
300 Walnut Street
Des Moines, IA 50309

Rieskamp Equipment
Attn: Vicky Rieskamp
8068 Woodland Drive
Indianapolis, IN 46278

Rocky Mountain Turf & Industrial
Equipment
Attn: Clark Larsen
4350 South 50.West
Salt Lake City, UT 84107

David E. Runck, Esq.
OPPENHEIMER WOLFF & DONNELLY LLP
3300 Plaza VII
45 South Seventh Street
Minneapolis, MN 55402

Salt Lake County Treasurer
Attn: Steve/Jackie
2001 S. State, Rm N2300
Salt Lake City, UT 84190-1300

Herschel J. Saperstein, Esq.
Scott H. Clark, Esq.
RAY QUINNEY & NEBEKER
36 South State Street, #1400
P.O. Box 45385
Salt Lake City, UT 84145-0385

Chris Schmutz, Esq.
533 West 2600 South, Suite 200
Bountiful, UT 84010

Securities and Exchange Commission
Attn: Sandra W. Lavigna
5670 Wilshire Blvd., 11th Floor
Los Angeles, CA 90036

Security Insurance Company
Attn: Corey Life
50 Vantage Way, Suite 100
Nashville, TN 37228

Jeffrey L. Shields, Esq.
Randall D. Benson, Esq.
CALLISTER NEBEKER & McCULLOUGH
Gateway Tower East, Suite 900
10 East South Temple
Salt Lake City, UT 84133

Susan S. Shook
PO Drawer P
Vidalia, GA 30474

Sierra Freightliner
Attn: Mike Holmes
1550 E Greg Street
Sparks, NV 89431-6550

Michael G. Smith, Esq.
Julie P. Wright, Esq.
GIBSON OCHSNER & ADKINS, LLP
701 South Taylor, Suite 500
Amarillo, TX 79101-2400

Sterling A. Smith
1300 I Street
PO Box 944255
Sacramento, California 94244-2550

Gerald H. Sunivlle, Esq.
VAN COTT, BAGLEY, CORNWALL &
McCARTHY
50 South Main Street, #1600
P.O. Box 45340
Salt Lake City, Utah 84145

TBCC Funding Trust I
9399 West Huggins Road, Suite 600
Rosemont, IL 60028

TCF Leasing, Inc.
Attn: Bob Stark
11100 Wayzata Blvd., Suite 801
Minnetonka, MN 55305

Thermo King SVC Inc.
Attn: Jim Chamberlain
314 West 90th Street, Mailstop 20
Bloomington, MN 55420

Thermo King SVC Inc.
Attn: Matt Brown
314 West 90th Street, Mailstop 40
Bloomington, MN 55420

James E. Till, Esq.
PERKINS COI LLP
1211 SW Fifth Avenue, Suite 1500
Portland, OR 97204

Andrew J. Petrie, Esq.
Petrie, Bauer, Vriesman & Eddington
1775 Shorman Street, #2800
Denver, CO 80203

Martha J. Simon, Esq.
LAW OFFICES OF MARTHA J. SIMON
155 Montgomery Street, Suite 1004
San Francisco, CA 94104

Alan J. Statman, Esq.
Brian Giles, Esq.
STATMAN HARRIS SIEGEL & EYRICH LLC
2900 Chemed Center
255 E. Fifth Street
Cincinnati, OH 45202

Tire Distribution Systems
Elaine Fortenberry
F608 Park South
Nashville, TN 37211
(Returned 04/2/02 as no such number)

Transamerica Equipment Financial Service
Attn: Dan Rouse
One Preston Park South
4975 Preston Park Blvd., Suite 320
Plano, TX 75093-5150

Trans Lease, Inc.
P.O. Box 16464
Denver, CO 80216-0464

U.S. Bank
Attn: Mike Bennett
7659 SW Mohawk
Tualatin, OR 97062

Daniel D. Price
U.S. Attorney's Office
185 South State Street, Suite 400
Salt Lake City, UT 84111

Utah Department of Workforce
Services
140 East 300 South
P.O. Box 45288
Salt Lake City, UT 84145-0288

Utah State Tax Commission
Attn: Hal Mauchle
210 North 1950 West
Salt Lake City, UT 84134-7040

Steven J. Van Maren
11039 S. Lexington Cir.
Sandy, UT 84092

Wells Fargo Bank
Attn: Eric Rumple
79 South Main, 8th Floor
Salt Lake City, UT 84111

Wells Fargo Bank
381 East Broadway, 2nd Floor
Salt Lake City, UT 84111

Kent O. Willis, Esq.
Deputy Utah County Attorney
100 East Center Street, Suite 2400
Provo, UT 84606

Jeffrey M. Wilson
Wilson & McColl
420 West Washington
PO Box 1544
Boise, ID 83701

Donald J. Winder, Esq.
John W. Holt, Esq.
WINDER & HASLAM, P.C.
175 West 200 South, #4000
P.O. Box 2668
Salt Lake City, UT 84110-2668



**FREIGHTLINER®**
LLC
A DaimlerChrysler Company

Treasury Department

January 9, 2001

Freightliner LLC
2701 NW Vaughn St., Suite 900
Portland, Oregon 97210
503.745.8643 Phone
503.745.8591 Fax

ROBERT W. CUNNINGHAM
FREIGHTLINER OF ARIZONA, LTD.
DICK SIMON TRUCKING, INC.
9600 WEST ROOSEVELT STREET
PHOENIX, AZ 85353

### RE: Conditional Commitment to Repurchase # 2000-00366

Dear Mr. ROBERT W. CUNNINGHAM:

We have attached FREIGHTLINER LLC'S Conditional Commitment to Repurchase in connection with the sale of a fleet of new FREIGHTLINERs for SIMON TRUCKING, DICK. Under this Agreement FREIGHTLINER LLC commits to repurchase the vehicles from your customer at the prices and within the time frame indicated, provided the conditions are met by the Customer.

As a condition of this Commitment we require that you, as Dealer, agree to the following:

1. That upon future trade-in of these trucks, whether or not you are the selling dealer for the new replacement trucks, you will exercise all reasonable means and diligence to assist Customer in the turn-in of the used trucks in a timely and efficient manner.

2. That in the event the customer purchases new replacement trucks from you, you notify Freightliner LLC's Manager Finance Development, prior to requesting any competitive pricing allowance, of the customer's intent to exercise this Repurchase Commitment.

You may consider this letter as FREIGHTLINER LLC'S authorization to quote the repurchase values to your customer. Please read the Commitment carefully, including the Terms and Conditions, so that you can fully explain the Commitment to your customer. IF YOU ARE SUCCESSFUL IN OBTAINING THE CURRENT ORDER, BOTH YOU AND THE CUSTOMER MUST SIGN A COPY OF THE ATTACHED FORM. YOU MUST ALSO SIGN THIS LETTER BELOW, AND BOTH MUST BE FORWARDED TO FREIGHTLINER LLC'S MANAGER FINANCE DEVELOPMENT AT THE TIME THE TRUCK SALES ORDER IS SUBMITTED TO THE ORDER ADMINISTRATION DEPARTMENT. FREIGHTLINER LLC's TREASURY DEPARTMENT WILL RETURN A COPY OF THE FORM TO YOU UPON ACCEPTANCE BY FREIGHTLINER LLC; THE COMMITMENT IS NOT VALID UNTIL SIGNED BY AN AUTHORIZED REPRESENTATIVE OF BOTH FREIGHTLINER LLC AND FREIGHTLINER MARKET DEVELOPMENT CORPORATION.

This offer is valid for sixty (60) days. It will be void unless the letter and agreement are properly signed and returned to FREIGHTLINER LLC by March 10, 2001.

**EXHIBIT**

_1_

PENGAD-Bayonne, NJ

Good luck in your solicitation efforts.  FREIGHTLINER LLC hopes that this Repurchase Commitment helps you in those efforts.  If you have any questions regarding this Commitment, please call.

Very truly yours,

FREIGHTLINER LLC

FREIGHTLINER MARKET
DEVELOPMENT CORPORATION

MARK LAMPERT
Senior Vice President Sales & Marketing

Bill Gordon
President

For Dealer's Signature:

I agree to the terms and conditions of this letter.

By: _____

Title: _____President_____

Date: _____4/20/01_____

<u>**AGREEMENT**</u>
<u>**FOR**</u>
<u>**CONDITIONAL COMMITMENT TO REPURCHASE**</u>

Commitment Number: 2000-00366

Commitment Date: 10/03/2000

This Agreement for Conditional Commitment to Repurchase ("Commitment") is offered as of the Commitment Date shown above by FREIGHTLINER LLC (" FREIGHTLINER ") and Freightliner Market Development Corporation ("FMDC") to SIMON TRUCKING, DICK ("Customer") at the request of DICK SIMON TRUCKING, INC. AND FREIGHTLINER ARIZONA, LTD. ("Dealer").

Truck Model:  (SEE SCHEDULE A)  Model Year: 2001 - 2001
Number of Units: 140    Delivery Period: 12/01/2000 - 01/31/2001

Specifications: (Schedule A contains Summary of Specifications)

FREIGHTLINER hereby agrees, subject to all Terms and Conditions herein, to repurchase the trucks identified above and in Schedule A ("Trucks"), on trade-in by Customer, at the end of any Monthly Period during the Commitment Period, at the prices and mileage's specified on Schedule B.

<u>Definitions:  Terms used in the Agreement are as defined below or elsewhere in the Agreement:.</u>

❑  "Registration Date" is the Warranty In-Service date on the Pre-Delivery service and Owner's Warranty Registration form for each Truck.
❑  "Monthly Periods" are the successive one-month periods ending on the same day of each month as the Registration Date.
❑  "Commitment Period" is the period beginning and expiring as shown in Schedule B.
❑  "Termination Date" is the end of the last Monthly Period, within the Commitment Period, which preceeds the Turn-In Date.
❑  "Turn-In Date" is the date on which, following the required notice by Customer, a Truck is made available at the designated location for inspection by FMDC.

<u>Terms and Conditions</u>

1.    <u>Before this Commitment is effective, the following conditions must be met:</u>

    A.    <u>Firm Order</u>

        FREIGHTLINER must have received a non-cancelable Truck Sales Order for all Trucks identified above, no later than sixty (60) days after the above Commitment Date.

    B.    <u>Changes in Specifications or Customer</u>

The Commitment is offered only to Customer identified above in connection with this particular order, on those Trucks and specifications identified in Schedule A . Any changes to the specifications, as stated in Schedule A, must be approved by FREIGHTLINER, which reserves the right to reevaluate the repurchase price based upon any proposed changes.

C.    Time of Delivery

The Truck Sales Order must request that delivery occur prior to January 31, 2001. Delivery to Customer must occur immediately after delivery to Dealer.

D.    Return of Signed Documents

This Commitment must be properly signed by both the Customer and Dealer and returned to Freightliner LLC's Manager Finance Development no later than sixty (60) days after the Commitment Date.

E.    Approval by FREIGHTLINER and FMDC

This Commitment is subject to acceptance by FREIGHTLINER, and must be acknowledged below by the signature of an authorized representative of FREIGHTLINER and FMDC.

2.    For Customer to exercise this Commitment, the following conditions must be met:

A.    Notice Requirement

At least three (3) months prior to expiration of the Commitment Period, and prior to requesting a quotation for new replacement trucks, Customer must give written notice to Freightliner LLC's Manager Finance Development (P. O. Box 3849, Portland, Oregon 97208) that Customer intends to exercise this Commitment.

B.    Reorder Requirement

Customer must have placed a non-cancelable order for the purchase of new FREIGHTLINER trucks, equal to or greater than the number of trucks offered to FREIGHTLINER for repurchase. The new replacement trucks must be ordered by a date which will enable delivery of all new trucks to occur prior to expiration of the Commitment Period.

C.    Non-Transferability

This Commitment is not transferable to any other party, nor assumable by any other party due to a change in ownership structure of Customer, unless approved by both FREIGHTLINER and FMDC. Customer must own the trucks at the time of repurchase.

D.   <u>Re-delivery of Trucks to FREIGHTLINER by Customer</u>

<u>No later than expiration of the Commitment Period,</u> trucks to be repurchased must be delivered to a location acceptable to FMDC and all requirements in Section E and F below must have been met. Each Truck submitted for Repurchase under this Commitment will be subject to an Inspection to determine its compliance with the requirements below.

i.   Prior to tender to FREIGHTLINER by Customer, Customer must notify FMDC of the Turn-In Date, Location of Turn-In, Serial Number(s) of Trucks, Customer Unit/Stock Number and Mileage of each Truck. Turn-in shall occur within the Commitment Period.

ii.  FMDC shall, at its expense, cause the Trucks to be inspected for compliance with the requirements below. FMDC shall have a period of ten (10) business days to effect this inspection, and notify Customer of any Trade Term deficiencies. This inspection will be conducted at Customer's place of business if possible. If not possible to inspect at Customer's place of business, the Trucks will be inspected at the location agreed upon by Customer and FMDC.

iii. Customer will be notified of any deficiencies and shall have a period of twenty 45 (20) days, from date of deficiency notification, to cure any deficiencies, which are identified in the inspection. If deficiencies remain at the conclusion of the twenty (20) day period, a Monthly Rollout Charge, identified in Schedule B (Repurchase Price), will be applied to reduce the Repurchase Price.

iv.  Additional Monthly Rollout Charges will be applied for each additional period of thirty (30) days, or any portion of such period, that a Truck fails to meet inspection requirements.

E.   <u>Maintenance and Use of Trucks; Condition at Time of Repurchase</u>

Any Truck submitted to FREIGHTLINER for repurchase must meet the following criteria, and Customer must certify:

i.   That the Truck has been used by Customer in normal operation and service, and not subjected to unusual, extreme or severe operating conditions.

ii.  That no modifications, changes or deletions of equipment have been made to the chassis or cab except as may be approved by FREIGHTLINER.

iii. That the Truck mileage as shown on the odometer and/or hubodometer is accurate, and if the odometer/hubodometer does not reflect accurate Truck mileage, Customer will provide accurate life-to-date mileage. Any excess actual mileage will result in a reduction of the Repurchase Price based upon the actual mileage of the Truck. In the event of excess actual mileage, the Repurchase Price shall be decreased by a Mileage Penalty shown in Schedule B, for each excess mile of total mileage.

iv. That the Truck has been maintained in accordance with FREIGHTLINER's approved maintenance schedules, and that maintenance records are available for review by FREIGHTLINER.

v. That at time of repurchase the Truck is in roadworthy condition capable of passing any applicable state or federal safety inspection, and meets the following requirements:

❖ Engine, Transmission, Rear Axle

To be in sound and roadworthy operating condition, free of mechanical defects, capable of passing published guidelines for used components by respective manufacturers:

a) 75% of Rated Horsepower as tested on dynamometer
b) Crankcase pressure (blow-by) not to exceed the following:
- Detroit Diesel Engine: 4" Max. full load
- Cummins Engine: 18" Max. full load
- Caterpillar Engine: CFM equal to or less than two times (2X) rated horsepower Max. full load

All components must function as originally designed. Engines must pass specific tests for horsepower, crank case pressure, manifold pressure, and fuel delivery specifications.

Cooling and lubrication system shall not be contaminated or leaking between systems. All electronic engine passwords must be reset to "00" at time of surrender. Batteries must be capable of holding a charge and starting the engine. No fluid or exhaust leaks.

❖ Chassis, Frame, Suspension and Fifth Wheel

Frame, springs, suspension components, and axle housings shall be free of cracks or breaks, in good condition, and maintained per OEM recommended service standards. Fifth Wheel shall be in good operating condition.

❖ Cab & Interior

No exterior damage of bumpers, fairings, side extenders or any cab sheet metal. Cab sheet metal shall be free of rust or corrosion. No holes, rock chips or fractures in windshield, sleeper skylight or cab side glass. Interior upholstery to be in good condition, free of rips, tears or holes. Cab heater, air conditioner, all gauges, lights, controls and radios are to be as originally installed and in good operating condition.

All exterior decals must be removed and the underlying surface in good condition, free of cracks or peeling. Paint shall be original paint or equivalent.

❖ Tires

Tires shall have 10/32 or better remaining tread depth and be free of cuts, cracks or excessive alignment and mechanical wear. Front to match original tread (no recaps). Rears to match original tread or recaps (first generation recaps only). Trailer tires or regrooved tires are not acceptable.

❖ Brakes

Rear brake pads at each wheel to have a minimum 1/2 - inch of remaining lining depth. Front brake pads to have a minimum of 3/8- inch of remaining lining depth. Brake drums shall be in good condition with no excessive wear. Wear not to exceed 0.080 of manufacturers original inside diameter specification.

❖ Inspection

Each vehicle must have current valid Federal inspection decal, and must be capable of passing a D.O.T. inspection.

F.    At time of repurchase, and prior to payment by FREIGHTLINER of the repurchase price to Customer, Customer will deliver FMDC in Portland, Oregon:

   i.   Clear and unencumbered title properly signed over to Freightliner LLC.

   ii.   Proof of payment of Federal Highway Use Tax on I.R.S. Form 2290 with Schedule I attached.

   iii.   Proof of payment of ad valorem tax when required.

   iv.   Certifications that all recall campaigns have been completed.

   v.   FMDC odometer certificate.

G.    FREIGHTLINER will not pay for any Trucks subject to repurchase under this Agreement until the Trucks have been inspected and accepted by FREIGHTLINER pursuant to paragraph E and F above, and all other obligations of Customer under this Commitment have been satisfied.

3.    <u>If any of the foregoing terms and conditions is not met, this Agreement shall be void and neither FREIGHTLINER nor FMDC shall have any obligation under this Agreement.</u>

I have read, understand and agree to the Terms and Conditions herein.

**CUSTOMER:**
SIMON TRUCKING, DICK

**DEALER:**
FREIGHTLINER ARIZONA, LTD.

By: _Kelle Simon_     By: _RW Cunningham_

Title: _President_     Title: _President_

Date: _3/10/2001_     Date: _4/20/2001_

This Agreement Approved By FREIGHTLINER LLC

By: _____     Date: _5/2/01_

TRUCK SERIAL NUMBERS F24369-F24418, H99611-H99700

This Agreement Approved by Freightliner Market Development Corporation

By: _____     Date: _5/3/01_

## Schedule A

### SIMON TRUCKING, DICK

H99611, H99671-H99700    used 29

2000-00366

## Summary of Specifications

| | |
|---|---|
| 001-251 | COLUMBIA CL120 CONVENTIONAL CHASSIS |
| 002-002 | SET BACK AXLE - TRACTOR |
| A85-005 | LINEHAUL/LONG HAUL SERVICE |
| AA3-998 | NO BODY SPECIFIED |
| AA2-001 | VAN TRAILER |
| 101-1GG | DDC 60-12.7L 370/430 HP @ 2100 RPM C/P 1550 LB/FT @ 1200 RPM 98 EPA/CARB |
| 128-028 | PAC-BRAKE ENGINE RETARDER W/FOOT PEDAL CONTROL |
| 016-030 | CAB/FRAME MTD VERTICAL, SINGLE EXHAUST |
| 342-1FG | EATON FULLER RTO-16710C-AS2 TRANSMISSION |
| 400-042 | MERITOR FF-981 FRONT AXLE @ 12,000# WITH UNITIZED WHEEL ENDS |
| 536-013 | TRW TAS-65 POWER STEERING |
| 620-093 | 12,000# 1 1/2 TAPERLEAF FRONT SUSPENSION |
| 420-101 | MERITOR RT-40-145 REAR AXLE @ 40,000# |
| 622-005 | AIRLINER 40,000# REAR SUSPENSION |
| 443-998 | NO PUSHER OR TAG AXLE |
| 490-101 | WABCO 4S/4M ABS WITH TRACTION CONTROL ENHANCEMENT |
| 545-585 | 5850MM (230") WHEELBASE |
| 546-015 | 9/32" X 3-1/2 X 10-1/16" STEEL FRAME (7.14MM X 255.6MM/.281" X 10.06") 110KSI |
| 578-361 | HOLLAND FW35 SERIES INT. ANGLE MTD STATIONARY 5TH WHEEL |
| 206-156 | 100 GALLON / 378 LITER ALUMINUM FUEL TANK - RH |
| 204-156 | 100 GALLON / 378 LITER ALUMINUM FUEL TANK - LH |
| 200-998 | NO LH AUXILIARY FUEL TANK |
| 201-998 | NO RH AUXILIARY FUEL TANK |
| 230-998 | NO BETWEEN RAIL FUEL TANK |
| 502-235 | FRONT WHLS: ALCOA 883620 22.5X8.25 10-HUB PILOT ALUM |
| 500-998 | NO FRONT SPOKE WHEELS |
| 505-235 | REAR WHLS: ALCOA 883620 22.5X8.25 10-HUB PILOT ALUM |
| 503-998 | NO CAST SPOKE REAR WHEELS |
| 829-008 | 120" CONVENTIONAL CAB |
| 063-998 | NO MARKETING PACKAGES |
| 682-012 | 70" RAISED ROOF SLEEPERCAB |
| 782-998 | NO FRAME SIDE FAIRINGS |
| 707-093 | REGAL HARBOR GRAY TEXTURED VINYL INTERIOR |
| 700-002 | HEATER, DEFROSTER AND AIR CONDITIONER |
| 736-998 | NO OBSTACLE DETECTION SYSTEM |

## Schedule B

### SIMON TRUCKING, DICK

### H99611, H99671-H99700

### 2000-00366

### Repurchase Price

|  | Commitment Period | | Number of Monthly Periods Following Registration Date |
|---|---|---|---|
| | Begins: | | End of 36 Monthly Periods |
| | Ends: | | End of 36 Monthly Periods |

Termination at end of:

| Monthly Periods | Allowable Mileage | Repurchase Price | Mileage Penalty (per mile per truck) | Monthly Rollout Charge |
|---|---|---|---|---|
| 36 | 450,000 | $43,600.00 | $0.05 | $500.00 |

If a Termination Date within the Commitment Period does not coincide with one of the Termination Dates above, the Allowable Mileage and Repurchase Price shall be pro-rated to the actual Termination Date (last Monthly Period preceding Turn-In-Date). Trucks may not be turned in prior to or after Commitment period.

The Mileage Penalty shown above will apply to all mileage in excess of the Allowable Mileage.

## Schedule A-1

## SIMON TRUCKING, DICK

H99612-H99670  *used 57*
59
2000-00366

## Summary of Specifications

| | |
|---|---|
| 001-251 | COLUMBIA CL120 CONVENTIONAL CHASSIS |
| 002-002 | SET BACK AXLE - TRACTOR |
| A85-005 | LINEHAUL/LONG HAUL SERVICE |
| AA3-998 | NO BODY SPECIFIED |
| AA2-001 | VAN TRAILER |
| 101-1GG | DDC 60-12.7L 370/430 HP @ 2100 RPM C/P  1550 LB/FT @ 1200 RPM 98 EPA/CARB |
| 128-028 | PAC-BRAKE ENGINE RETARDER W/FOOT  PEDAL CONTROL |
| 016-030 | CAB/FRAME MTD VERTICAL, SINGLE EXHAUST |
| 342-1FG | EATON FULLER RTO-16710C-AS2 TRANSMISSION |
| 400-042 | MERITOR FF-981 FRONT AXLE @ 12,000# WITH UNITIZED WHEEL ENDS |
| 536-013 | TRW TAS-65 POWER STEERING |
| 620-093 | 12,000# 1 1/2 TAPERLEAF FRONT SUSPENSION |
| 420-101 | MERITOR RT-40-145 REAR AXLE @ 40,000# |
| 622-005 | AIRLINER 40,000# REAR SUSPENSION |
| 443-998 | NO PUSHER OR TAG AXLE |
| 490-101 | WABCO 4S/4M ABS WITH TRACTION CONTROL  ENHANCEMENT |
| 545-585 | 5850MM (230") WHEELBASE |
| 546-015 | 9/32" X 3-1/2 X 10-1/16" STEEL FRAME  (7.14MM X 255.6MM/.281" X 10.06") 110KSI |
| 578-361 | HOLLAND FW35 SERIES INT. ANGLE MTD  STATIONARY 5TH WHEEL |
| 206-161 | 140 GALLON / 529 LITER ALUMINUM  FUEL TANK - RH |
| 204-161 | 140 GALLON / 529 LITER ALUMINUM,  FUEL TANK - LH |
| 200-998 | NO LH AUXILIARY FUEL TANK |
| 201-998 | NO RH AUXILIARY FUEL TANK |
| 230-998 | NO BETWEEN RAIL FUEL TANK |
| 502-235 | FRONT WHLS: ALCOA 883620 22.5X8.25  10-HUB PILOT ALUM |
| 500-998 | NO FRONT SPOKE WHEELS |
| 505-235 | REAR WHLS: ALCOA 883605 22.5X8.25  10-HUB PILOT ALUM |
| 503-998 | NO CAST SPOKE REAR WHEELS |
| 829-008 | 120" CONVENTIONAL CAB |
| 063-998 | NO MARKETING PACKAGES |
| 682-012 | 70" RAISED ROOF SLEEPERCAB |
| 782-998 | NO FRAME SIDE FAIRINGS |
| 707-093 | REGAL HARBOR GRAY TEXTURED VINYL  INTERIOR |
| 700-002 | HEATER, DEFROSTER AND AIR CONDITIONER |
| 736-998 | NO OBSTACLE DETECTION SYSTEM |

## Schedule B-1

### SIMON TRUCKING, DICK

H99612-H99670

2000-00366

### Repurchase Price

| | Number of Monthly Periods |
|---|---|
| Commitment Period | Following Registration Date |
| Begins: | End of 36 Monthly Periods |
| Ends: | End of 36 Monthly Periods |

Termination at end of:

| Monthly Periods | Allowable Mileage | Repurchase Price | Mileage Penalty (per mile per truck) | Monthly Rollout Charge |
|---|---|---|---|---|
| 36 | 450,000 | $43,600.00 | $0.05 | $500.00 |

If a Termination Date within the Commitment Period does not coincide with one of the Termination Dates above, the Allowable Mileage and Repurchase Price shall be pro-rated to the actual Termination Date (last Monthly Period preceding Turn-In-Date). Trucks may not be turned in prior to or after Commitment period.

The Mileage Penalty shown above will apply to all mileage in excess of the Allowable Mileage.

## Schedule A-2

### SIMON TRUCKING, DICK

F24369-F24418      USED  49

### 2000-00366

## Summary of Specifications

| | |
|---|---|
| ✓001-200 | CENTURY C120 CONVENTIONAL CHASSIS |
| 002-002 | SET BACK AXLE - TRACTOR |
| A85-005 | LINEHAUL/LONG HAUL SERVICE |
| AA3-998 | NO BODY SPECIFIED |
| AA2-001 | VAN TRAILER |
| 101-1GG | DDC 60-12.7L 370/430 HP @ 2100 RPM C/P  1550 LB/FT @ 1200 RPM 98 EPA/CARB |
| 128-028 | PAC-BRAKE ENGINE RETARDER W/FOOT  PEDAL CONTROL |
| 016-030 | CAB/FRAME MTD VERTICAL, SINGLE EXHAUST |
| 342-1FG | EATON FULLER RTO-16710C-AS2 TRANSMISSION |
| 400-042 | MERITOR FF-981 FRONT AXLE @ 12,000#  WITH UNITIZED WHEEL ENDS |
| 536-013 | TRW TAS-65 POWER STEERING |
| 620-015 | 12,000# TAPERLEAF FRONT SUSPENSION |
| 420-101 | MERITOR RT-40-145 REAR AXLE @ 40,000# |
| 622-005 | AIRLINER 40,000# REAR SUSPENSION |
| 443-998 | NO PUSHER OR TAG AXLE |
| 490-101 | WABCO 4S/4M ABS WITH TRACTION CONTROL  ENHANCEMENT |
| 545-585 | 5850MM (230") WHEELBASE |
| 546-015 | 9/32" X 3-1/2 X 10-1/16" STEEL FRAME  (7.14MM X 255.6MM/.281" X 10.06") 110KSI |
| 578-361 | HOLLAND FW35 SERIES INT. ANGLE MTD  STATIONARY 5TH WHEEL |
| 206-156 | 100 GALLON / 378 LITER ALUMINUM  FUEL TANK - RH |
| 204-156 | 100 GALLON / 378 LITER ALUMINUM  FUEL TANK - LH |
| 200-998 | NO LH AUXILIARY FUEL TANK |
| 201-998 | NO RH AUXILIARY FUEL TANK |
| 230-998 | NO BETWEEN RAIL FUEL TANK |
| 502-235 | FRONT WHLS: ALCOA 883620 22.5X8.25  10-HUB PILOT ALUM |
| 500-998 | NO FRONT SPOKE WHEELS |
| 505-235 | REAR WHLS: ALCOA 883620 22.5X8.25  10-HUB PILOT ALUM |
| 503-998 | NO CAST SPOKE REAR WHEELS |
| 829-008 | 120" CONVENTIONAL CAB |
| 063-998 | NO MARKETING PACKAGES |
| 682-012 | 70" RAISED ROOF SLEEPERCAB |
| 782-998 | NO FRAME SIDE FAIRINGS |
| 707-045 | REGENCY–VOLCANO DARK GRAY,  TEXTURED VINYL |
| 700-002 | HEATER, DEFROSTER AND AIR CONDITIONER |
| 736-998 | NO OBSTACLE DETECTION SYSTEM |

## Schedule B-2

### SIMON TRUCKING, DICK

F24369-F24418

2000-00366

### Repurchase Price

| | Number of Monthly Periods<br>Following Registration Date |
|---|---|
| **Commitment Period** | |
| Begins: | End of <u>36</u> Monthly Periods |
| Ends: | End of <u>36</u> Monthly Periods |

Termination at end of:

| Monthly<br>Periods | Allowable<br>Mileage | Repurchase<br>Price | Mileage Penalty<br>(per mile per truck) | Monthly Rollout<br>Charge |
|---|---|---|---|---|
| 36 | 425,000 | $45,553.00 | $0.05 | $500.00 |

If a Termination Date within the Commitment Period does not coincide with one of the Termination Dates above, the Allowable Mileage and Repurchase Price shall be pro-rated to the actual Termination Date (last Monthly Period preceding Turn-In-Date).  Trucks may not be turned in prior to or after Commitment period.

The Mileage Penalty shown above will apply to all mileage in excess of the Allowable Mileage.



**FREIGHTLINER** LLC
A DaimlerChrysler Company

Treasury Department

Freightliner LLC
2701 NW Vaughn St., Suite 900
Portland, Oregon 97210
503.745.8642 Phone
503.745.8521 Fax

January 9, 2001

ROBERT W. CUNNINGHAM
FREIGHTLINER ARIZONA, LTD.
9600 W. ROOSEVELT STREET
TOLLESON, AZ 85353

RE:   Conditional Commitment to Repurchase # 2001-00013

Dear Mr. ROBERT W. CUNNINGHAM:

We have attached FREIGHTLINER LLC'S Conditional Commitment to Repurchase in connection with the sale of a fleet of new FREIGHTLINERs for SIMON TRUCKING, DICK. Under this Agreement FREIGHTLINER LLC commits to repurchase the vehicles from your customer at the prices and within the time frame indicated, provided the conditions are met by the Customer.

As a condition of this Commitment we require that you, as Dealer, agree to the following:

1.  That upon future trade-in of these trucks, whether or not you are the selling dealer for the new replacement trucks, you will exercise all reasonable means and diligence to assist Customer in the turn-in of the used trucks in a timely and efficient manner.

2.  That in the event the customer purchases new replacement trucks from you, you notify Freightliner LLC's Manager Finance Development, prior to requesting any competitive pricing allowance, of the customer's intent to exercise this Repurchase Commitment.

You may consider this letter as FREIGHTLINER LLC'S authorization to quote the repurchase values to your customer. Please read the Commitment carefully, including the Terms and Conditions, so that you can fully explain the Commitment to your customer. IF YOU ARE SUCCESSFUL IN OBTAINING THE CURRENT ORDER, BOTH YOU AND THE CUSTOMER MUST SIGN A COPY OF THE ATTACHED FORM. YOU MUST ALSO SIGN THIS LETTER BELOW, AND BOTH MUST BE FORWARDED TO FREIGHTLINER LLC'S MANAGER FINANCE DEVELOPMENT AT THE TIME THE TRUCK SALES ORDER IS SUBMITTED TO THE ORDER ADMINISTRATION DEPARTMENT. FREIGHTLINER LLC's TREASURY DEPARTMENT WILL RETURN A COPY OF THE FORM TO YOU UPON ACCEPTANCE BY FREIGHTLINER LLC; THE COMMITMENT IS NOT VALID UNTIL SIGNED BY AN AUTHORIZED REPRESENTATIVE OF BOTH FREIGHTLINER LLC AND FREIGHTLINER MARKET DEVELOPMENT CORPORATION.

This offer is valid for sixty (60) days. It will be void unless the letter and agreement are properly signed and returned to FREIGHTLINER LLC by March 10, 2001.



EXHIBIT
2

Good luck in your solicitation efforts. FREIGHTLINER LLC hopes that this Repurchase
Commitment helps you in those efforts. If you have any questions regarding this Commitment,
please call.

Very truly yours,

FREIGHTLINER LLC                                              FREIGHTLINER MARKET
                                                             DEVELOPMENT CORPORATION

MARK LAMPERT                                                  Bill Gordon
Senior Vice President Sales & Marketing                       President

For Dealer's Signature:

I agree to the terms and conditions of this letter.

By: _____

Title: _____

Date: _____

## AGREEMENT
### FOR
### CONDITIONAL COMMITMENT TO REPURCHASE

Commitment Number: 2001-00013

Commitment Date: 01/09/2001

This Agreement for Conditional Commitment to Repurchase ("Commitment") is offered as of the Commitment Date shown above by FREIGHTLINER LLC (" FREIGHTLINER ") and Freightliner Market Development Corporation ("FMDC") to SIMON TRUCKING, DICK ("Customer") at the request of FREIGHTLINER ARIZONA, LTD. ("Dealer").

Truck Model:   (SEE SCHEDULE A)  Model Year: 2001 - 2002
Number of Units: 630              Delivery Period: 01/01/2001 - 12/31/2001

Specifications: (Schedule A contains Summary of Specifications)

FREIGHTLINER hereby agrees, subject to all Terms and Conditions herein, to repurchase the trucks identified above and in Schedule A ("Trucks"), on trade-in by Customer, at the end of any Monthly Period during the Commitment Period, at the prices and mileage's specified on Schedule B.

Definitions:  Terms used in the Agreement are as defined below or elsewhere in the Agreement:.

☐ "Registration Date" is the Warranty In-Service date on the Pre-Delivery service and Owner's Warranty Registration form for each Truck.
☐ "Monthly Periods" are the successive one-month periods ending on the same day of each month as the Registration Date.
☐ "Commitment Period" is the period beginning and expiring as shown in Schedule B.
☐ "Termination Date" is the end of the last Monthly Period, within the Commitment Period, which preceeds the Turn-In Date.
☐ "Turn-In Date" is the date on which, following the required notice by Customer, a Truck is made available at the designated location for inspection by FMDC.

### Terms and Conditions

1.   Before this Commitment is effective, the following conditions must be met:

   A.   Firm Order

        FREIGHTLINER must have received a non-cancelable Truck Sales Order for all Trucks identified above, no later than sixty (60) days after the above Commitment Date.

   B.   Changes in Specifications or Customer

The Commitment is offered only to Customer identified above in connection with this particular order, on those Trucks and specifications identified in Schedule A . Any changes to the specifications, as stated in Schedule A, must be approved by FREIGHTLINER, which reserves the right to reevaluate the repurchase price based upon any proposed changes.

C.  **Time of Delivery**

The Truck Sales Order must request that delivery occur prior to December 31, 2001.  Delivery to Customer must occur immediately after delivery to Dealer.

D.  **Return of Signed Documents**

This Commitment must be properly signed by both the Customer and Dealer and returned to Freightliner LLC's Manager Finance Development no later than sixty (60) days after the Commitment Date.

E.  **Approval by FREIGHTLINER and FMDC**

This Commitment is subject to acceptance by FREIGHTLINER, and must be acknowledged below by the signature of an authorized representative of FREIGHTLINER and FMDC.

2.  **For Customer to exercise this Commitment, the following conditions must be met:**

A.  **Notice Requirement**

At least three (3) months prior to expiration of the Commitment Period, and prior to requesting a quotation for new replacement trucks, Customer must give written notice to Freightliner LLC's Manager Finance Development (P. O. Box 3849, Portland, Oregon 97208) that Customer intends to exercise this Commitment.

B.  **Reorder Requirement**

Customer must have placed a non-cancelable order for the purchase of new FREIGHTLINER trucks, equal to or greater than the number of trucks offered to FREIGHTLINER for repurchase.  The new replacement trucks must be ordered by a date which will enable delivery of all new trucks to occur prior to expiration of the Commitment Period.

C.  **Non-Transferability**

This Commitment is not transferable to any other party, nor assumable by any other party due to a change in ownership structure of Customer, unless approved by both FREIGHTLINER and FMDC.  Customer must own the trucks at the time of repurchase.

**D.** **Re-delivery of Trucks to FREIGHTLINER by Customer**

No later than expiration of the Commitment Period, trucks to be repurchased must be delivered to a location acceptable to FMDC and all requirements in Section E and F below must have been met. Each Truck submitted for Repurchase under this Commitment will be subject to an inspection to determine its compliance with the requirements below. — *Salt Lake City, UT*

i. Prior to tender to FREIGHTLINER by Customer, Customer must notify FMDC of the Turn-In Date, Location of Turn-In, Serial Number(s) of Trucks, Customer Unit/Stock Number and Mileage of each Truck. Turn-In shall occur within the Commitment Period.

ii. FMDC shall, at its expense, cause the Trucks to be inspected for compliance with the requirements below. FMDC shall have a period of ten (10) business days to effect this inspection, and notify Customer of any Trade Term deficiencies. This inspection will be conducted at Customer's place of business if possible. If not possible to inspect at Customer's place of business, the Trucks will be inspected at the location agreed upon by Customer and FMDC.

iii. Customer will be notified of any deficiencies and shall have a period of twenty *45* (20) days, from date of deficiency notification, to cure any deficiencies, which are identified in the inspection. If deficiencies remain at the conclusion of the twenty (20) day period, a Monthly Rollout Charge, identified in Schedule B (Repurchase Price), will be applied to reduce the Repurchase Price.

iv. Additional Monthly Rollout Charges will be applied for each additional period of thirty (30) days, or any portion of such period, that a Truck fails to meet inspection requirements.

**E.** **Maintenance and Use of Trucks; Condition at Time of Repurchase**

Any Truck submitted to FREIGHTLINER for repurchase must meet the following criteria, and Customer must certify:

i. That the Truck has been used by Customer in normal operation and service, and not subjected to unusual, extreme or severe operating conditions.

ii. That no modifications, changes or deletions of equipment have been made to the chassis or cab except as may be approved by FREIGHTLINER.

iii. That the Truck mileage as shown on the odometer and/or hubodometer is accurate, and if the odometer/hubodometer does not reflect accurate Truck mileage, Customer will provide accurate life-to-date mileage. Any excess actual mileage will result in a reduction of the Repurchase Price based upon the actual mileage of the Truck. In the event of excess actual mileage, the Repurchase Price shall be decreased by a Mileage Penalty shown in Schedule B, for each excess mile of total mileage.

iv. That the Truck has been maintained in accordance with FREIGHTLINER's approved maintenance schedules, and that maintenance records are available for review by FREIGHTLINER.

v. That at time of repurchase the Truck is in roadworthy condition capable of passing any applicable state or federal safety inspection, and meets the following requirements:

❖ <u>Engine, Transmission, Rear Axle</u>

To be in sound and roadworthy operating condition, free of mechanical defects, capable of passing published guidelines for used components by respective manufacturers:
   a) 75% of Rated Horsepower as tested on dynamometer
   b) Crankcase pressure (blow-by) not to exceed the following:
      • Detroit Diesel Engine: 4" Max. full load
      • Cummins Engine: 18" Max. full load
      • Caterpillar Engine: CFM equal to or less than two times (2X) rated horsepower Max. full load

All components must function as originally designed. Engines must pass specific tests for horsepower, crank case pressure, manifold pressure, and fuel delivery specifications.

Cooling and lubrication system shall not be contaminated or leaking between systems. All electronic engine passwords must be reset to "00" at time of surrender. Batteries must be capable of holding a charge and starting the engine. No fluid or exhaust leaks.

❖ <u>Chassis, Frame, Suspension and Fifth Wheel</u>

Frame, springs, suspension components, and axle housings shall be free of cracks or breaks, in good condition, and maintained per OEM recommended service standards. Fifth Wheel shall be in good operating condition.

❖ <u>Cab & Interior</u>

No exterior damage of bumpers, fairings, side extenders or any cab sheet metal. Cab sheet metal shall be free of rust or corrosion. No holes, rock chips or fractures in windshield, sleeper skylight or cab side glass. Interior upholstery to be in good condition, free of rips, tears or holes. Cab heater, air conditioner, all gauges, lights, controls and radios are to be as originally installed and in good operating condition.

MAY-03-2002 11:16 FROM:DICK SIMON                                              TO:+8164743216                     P.008/013

All exterior decals must be removed and the underlying surface in good condition, free of cracks or peeling.  Paint shall be original paint or equivalent.

❖ <u>Tires</u>

Tires shall have 10/32 or better remaining tread depth and be free of cuts, cracks or excessive alignment and mechanical wear.  Front to match original tread (no recaps).  Rears to match original tread or recaps (first generation recaps only).  Trailer tires or regrooved tires are not acceptable.

❖ <u>Brakes</u>

Rear brake pads at each wheel to have a minimum 1/2 - inch of remaining lining depth.  Front brake pads to have a minimum of 3/8 inch of remaining lining depth.  Brake drums shall be in good condition with no excessive wear.  Wear not to exceed 0.080 of manufacturers original inside diameter specification.

❖ <u>Inspection</u>

Each vehicle must have current valid Federal inspection decal, and must be capable of passing a D.O.T. inspection.

F.   At time of repurchase, and prior to payment by FREIGHTLINER of the repurchase price to Customer, Customer will deliver FMDC in Portland, Oregon:

   i.   Clear and unencumbered title properly signed over to Freightliner LLC.

   ii.  Proof of payment of Federal Highway Use Tax on I.R.S. Form 2290 with Schedule I attached.

   iii. Proof of payment of ad valorem tax when required.

   iv.  Certifications that all recall campaigns have been completed.

   v.   FMDC odometer certificate.

G.   FREIGHTLINER will not pay for any Trucks subject to repurchase under this Agreement until the Trucks have been inspected and accepted by FREIGHTLINER pursuant to paragraph E and F above, and all other obligations of Customer under this Commitment have been satisfied.

3.   **If any of the foregoing terms and conditions is not met, this Agreement shall be void and neither FREIGHTLINER nor FMDC shall have any obligation under this Agreement.**

I have read, understand and agree to the Terms and Conditions herein.

**CUSTOMER:**                              **DEALER:**
SIMON TRUCKING, DICK                       FREIGHTLINER ARIZONA, LTD.

By: _Kelle Simon_                          By: _RW Cummings_

Title: _President_                         Title: _President_

Date: _3/10/2001_                          Date: _4/20/2001_

This Agreement Approved By FREIGHTLINER LLC

By: _____   Date: _5/2/01_

TRUCK SERIAL NUMBERS ~~F24499-F24596~~, H34005-H34456
                     F24419

This Agreement Approved by Freightliner Market Development Corporation

_____ Date: _5/3/01_

## Schedule A

### SIMON TRUCKING, DICK

### F24419-F24453, F24489-F24503

35   2001-00013  16

## Summary of Specifications

| | |
|---|---|
| 001-251 | COLUMBIA CL120 CONVENTIONAL CHASSIS |
| 002-002 | SET BACK AXLE - TRACTOR |
| A85-005 | LINEHAUL/LONG HAUL SERVICE |
| AA3-998 | NO BODY SPECIFIED |
| AA2-001 | VAN TRAILER |
| 101-1GG | DDC 60-12.7L 370/430 HP @ 2100 RPM C/P  1550 LB/FT @ 1200 RPM 98 EPA/CARB |
| 128-028 | PAC-BRAKE ENGINE RETARDER W/FOOT PEDAL CONTROL |
| 016-030 | CAB/FRAME MTD VERTICAL, SINGLE EXHAUST |
| 342-1FG | EATON FULLER RTO-16710C-AS2 TRANSMISSION |
| 400-042 | MERITOR FF-981 FRONT AXLE @ 12,000# WITH UNITIZED WHEEL ENDS |
| 536-013 | TRW TAS-65 POWER STEERING |
| 620-093 | 12,000# 1 1/2 TAPERLEAF FRONT SUSPENSION |
| 420-101 | MERITOR RT-40-145 REAR AXLE @ 40,000# |
| 622-005 | AIRLINER 40,000# REAR SUSPENSION |
| 443-998 | NO PUSHER OR TAG AXLE |
| 490-101 | WABCO 4S/4M ABS WITH TRACTION CONTROL ENHANCEMENT |
| 545-585 | 5850MM (230") WHEELBASE |
| 546-015 | 9/32" X 3-1/2 X 10-1/16" STEEL FRAME  (7.14MM X 255.6MM/.281" X 10.06") 110KSI |
| 578-361 | HOLLAND FW35 SERIES INT. ANGLE MTD  STATIONARY 5TH WHEEL |
| 206-161 | 140 GALLON / 529 LITER ALUMINUM FUEL TANK - RH |
| 204-161 | 140 GALLON / 529 LITER ALUMINUM. FUEL TANK - LH |
| 200-998 | NO LH AUXILIARY FUEL TANK |
| 201-998 | NO RH AUXILIARY FUEL TANK |
| 230-998 | NO BETWEEN RAIL FUEL TANK |
| 502-235 | FRONT WHLS: ALCOA 883620 22.5X8.25  10-HUB PILOT ALUM |
| 500-998 | NO FRONT SPOKE WHEELS |
| 505-235 | REAR WHLS: ALCOA 883620 22.5X8.25  10-HUB PILOT ALUM |
| 503-998 | NO CAST SPOKE REAR WHEELS |
| 829-008 | 120" CONVENTIONAL CAB |
| 063-998 | NO MARKETING PACKAGES |
| 682-012 | 70" RAISED ROOF SLEEPERCAB |
| 782-998 | NO FRAME SIDE FAIRINGS |
| 707-093 | REGAL HARBOR GRAY TEXTURED VINYL  INTERIOR |
| 700-002 | HEATER, DEFROSTER AND AIR CONDITIONER |
| 738-998 | NO OBSTACLE DETECTION SYSTEM |

## Schedule B

### SIMON TRUCKING, DICK

### F24419-F24453, F24489-F24503

### 2001-00013

### Repurchase Price

<table>
<tr><td><b>Commitment Period</b></td><td><b>Number of Monthly Periods<br>Following Registration Date</b></td></tr>
<tr><td>Begins:</td><td>End of <u>36</u> Monthly Periods</td></tr>
<tr><td>Ends:</td><td>End of <u>36</u> Monthly Periods</td></tr>
</table>

Termination at end of:

| Monthly Periods | Allowable Mileage | Repurchase Price | Mileage Penalty (per mile per truck) | Monthly Rollout Charge |
|---|---|---|---|---|
| 36 | 450,000 | $42,850.00 | $0.05 | $500.00 |

If a Termination Date within the Commitment Period does not coincide with one of the Termination Dates above, the Allowable Mileage and Repurchase Price shall be pro-rated to the actual Termination Date (last Monthly Period preceding Turn-In-Date). Trucks may not be turned in prior to or after Commitment period.

The Mileage Penalty shown above will apply to all mileage in excess of the Allowable Mileage.

## Schedule A-1

### SIMON TRUCKING, DICK



F24454-F24488, F24504-F24596, H34005-H34456

2001-00013

## Summary of Specifications

| | |
|---|---|
| 001-251 | COLUMBIA CL120 CONVENTIONAL CHASSIS |
| 002-002 | SET BACK AXLE - TRACTOR |
| A85-005 | LINEHAUL/LONG HAUL SERVICE |
| AA3-998 | NO BODY SPECIFIED |
| AA2-001 | VAN TRAILER |
| 101-1GG | DDC 60-12.7L 370/430 HP @ 2100 RPM C/P 1550 LB/FT @ 1200 RPM 98 EPA/CARB |
| 128-028 | PAC-BRAKE ENGINE RETARDER W/FOOT PEDAL CONTROL |
| 016-030 | CAB/FRAME MTD VERTICAL, SINGLE EXHAUST |
| 342-1H4 | EATON FULLER RTO-16910C-AS2 TRANSMISSION |
| 400-042 | MERITOR FF-981 FRONT AXLE @ 12,000# WITH UNITIZED WHEEL ENDS |
| 536-013 | TRW TAS-65 POWER STEERING |
| 620-093 | 12,000# 1 1/2 TAPERLEAF FRONT SUSPENSION |
| 420-101 | MERITOR RT-40-145 REAR AXLE @ 40,000# |
| 622-005 | AIRLINER 40,000# REAR SUSPENSION |
| 443-998 | NO PUSHER OR TAG AXLE |
| 490-101 | WABCO 4S/4M ABS WITH TRACTION CONTROL ENHANCEMENT |
| 545-585 | 5850MM (230") WHEELBASE |
| 546-015 | 9/32" X 3-1/2 X 10-1/16" STEEL FRAME (7.14MM X 255.6MM/.281" X 10.06") 110KSI |
| 578-361 | HOLLAND FW35 SERIES INT. ANGLE MTD STATIONARY 5TH WHEEL |
| 206-161 | 140 GALLON / 529 LITER ALUMINUM FUEL TANK - RH |
| 204-161 | 140 GALLON / 529 LITER ALUMINUM, FUEL TANK - LH |
| 200-998 | NO LH AUXILIARY FUEL TANK |
| 201-998 | NO RH AUXILIARY FUEL TANK |
| 230-998 | NO BETWEEN RAIL FUEL TANK |
| 502-235 | FRONT WHLS: ALCOA 883620 22.5X8.25 10-HUB PILOT ALUM |
| 500-998 | NO FRONT SPOKE WHEELS |
| 505-235 | REAR WHLS: ALCOA 883620 22.5X8.25 10-HUB PILOT ALUM |
| 503-998 | NO CAST SPOKE REAR WHEELS |
| 829-008 | 120" CONVENTIONAL CAB |
| 053-998 | NO MARKETING PACKAGES |
| 682-012 | 70" RAISED ROOF SLEEPERCAB |
| 782-998 | NO FRAME SIDE FAIRINGS |
| 707-093 | REGAL HARBOR GRAY TEXTURED VINYL INTERIOR |
| 700-002 | HEATER, DEFROSTER AND AIR CONDITIONER |
| 736-998 | NO OBSTACLE DETECTION SYSTEM |

## Schedule B-1

### SIMON TRUCKING, DICK

F24454-F24488, F24504-F24599, H34005-H34456    30

2001-00013

## Repurchase Price

|  | | | Number of Monthly Periods | |
|---|---|---|---|---|
|  | **Commitment Period** | | **Following Registration Date** | |
|  | Begins: | | End of <u>36</u> Monthly Periods | |
|  | Ends: | | End of <u>36</u> Monthly Periods | |

Termination at end of:

| Monthly Periods | Allowable Mileage | Repurchase Price | Mileage Penalty (per mile per truck) | Monthly Rollout Charge |
|---|---|---|---|---|
| 36 | 450,000 | $42,850.00 | $0.05 | $500.00 |

If a Termination Date within the Commitment Period does not coincide with one of the Termination Dates above, the Allowable Mileage and Repurchase Price shall be pro-rated to the actual Termination Date (last Monthly Period preceding Turn-In-Date). Trucks may not be turned in prior to or after Commitment period.

The Mileage Penalty shown above will apply to all mileage in excess of the Allowable Mileage.



Printed on Recycled Paper
20% Post Consumer Waste



**FREIGHTLINER** ®
LLC
A DaimlerChrysler Company

Treasury Department

January 9, 2001

Freightliner LLC
2701 NW Vaughn St., Suite 900
Portland, Oregon 97210
503.745.8543 Phone
503.745.8591 Fax

ROBERT W. CUNNINGHAM
FREIGHTLINER ARIZONA, LTD.
9600 W. ROOSEVELT ST.
TOLLESON, AZ 85353

   RE:   *Conditional Commitment to Repurchase # 2001-00014*

Dear Mr. ROBERT W. CUNNINGHAM:

We have attached FREIGHTLINER LLC'S Conditional Commitment to Repurchase in connection with the sale of a fleet of new FREIGHTLINERs for SIMON TRUCKING, DICK. Under this Agreement FREIGHTLINER LLC commits to repurchase the vehicles from your customer at the prices and within the time frame indicated, provided the conditions are met by the Customer.

As a condition of this Commitment we require that you, as Dealer, agree to the following:

   1.   That upon future trade-in of these trucks, whether or not you are the selling dealer for the new replacement trucks, you will exercise all reasonable means and diligence to assist Customer in the turn-in of the used trucks in a timely and efficient manner.

   2.   That in the event the customer purchases new replacement trucks from you, you notify Freightliner LLC's Manager Finance Development, prior to requesting any competitive pricing allowance, of the customer's intent to exercise this Repurchase Commitment.

You may consider this letter as FREIGHTLINER LLC'S authorization to quote the repurchase values to your customer. Please read the Commitment carefully, including the Terms and Conditions, so that you can fully explain the Commitment to your customer. IF YOU ARE SUCCESSFUL IN OBTAINING THE CURRENT ORDER, BOTH YOU AND THE CUSTOMER MUST SIGN A COPY OF THE ATTACHED FORM. YOU MUST ALSO SIGN THIS LETTER BELOW, AND BOTH MUST BE FORWARDED TO FREIGHTLINER LLC'S MANAGER FINANCE DEVELOPMENT AT THE TIME THE TRUCK SALES ORDER IS SUBMITTED TO THE ORDER ADMINISTRATION DEPARTMENT. FREIGHTLINER LLC's TREASURY DEPARTMENT WILL RETURN A COPY OF THE FORM TO YOU UPON ACCEPTANCE BY FREIGHTLINER LLC; THE COMMITMENT IS NOT VALID UNTIL SIGNED BY AN AUTHORIZED REPRESENTATIVE OF BOTH FREIGHTLINER LLC AND FREIGHTLINER MARKET DEVELOPMENT CORPORATION.

This offer is valid for sixty (60) days. It will be void unless the letter and agreement are properly signed and returned to FREIGHTLINER LLC by March 10, 2001.

EXHIBIT
3

PENGAD-Bayonne,N.J.

Good luck in your solicitation efforts. FREIGHTLINER LLC hopes that this Repurchase Commitment helps you in those efforts. If you have any questions regarding this Commitment, please call.

Very truly yours,

FREIGHTLINER LLC                                    FREIGHTLINER MARKET
                                                                      DEVELOPMENT CORPORATION


MARK LAMPERT                                       Bill Gordon
Senior Vice President Sales & Marketing       President




For Dealer's Signature:


I agree to the terms and conditions of this letter.

By: _____

Title: _____

Date: _____