J. THOMAS BECKETT (5587)
ANNE E. RICE (7971)
PARSONS BEHLE & LATIMER
Attorneys for the Freightliner Companies
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT  84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111



RECEIVED
AUG 12 2002
OFFICE OF JUDGE
GLEN E. CLARK

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC.; DICK SIMON TRUCKING, INC., AND SIMON TERMINAL, LLC,<br><br>Debtors. | Case No. 02-22906<br>Case No. 02-22907<br>Case No. 02-24874<br>(Jointly Administered)<br><br>FREIGHTLINER'S EX PARTE MOTION FOR PROTECTIVE ORDER<br><br>(FREIGHTLINER'S MOTION FOR RECONSIDERATION)<br><br>Judge Glen E. Clark |

Freightliner LLC (f/k/a/ Freightliner Corporation) and Freightliner Market Development Corporation (together, the "Freightliner Companies" or "Freightliner"), by and through their undersigned counsel, Parsons Behle & Latimer, hereby move this Court *ex parte* for a protective order under Rule 26 (c) of the Federal Rules of Civil Procedure and Bankruptcy Rule 7026 and respectfully represent as follows:



0222906D683

## Introduction

1. Three days from now, Freightliner is required to produce witnesses for deposition examination in Chicago on five general issues presented by the Debtor, and also to produce documents that are responsive to the same five general issues. The Debtor's Notice of Rule 30(b)(6) Deposition, which identifies these issues, is attached hereto.

2. The Debtor's Notice, which was not accompanied by any subpoena, originally afforded Freightliner less than two weeks to comply. By agreement, the date of the deposition was moved to this Thursday, April 15, 2002.

3. Pending further direction by this Court after a status conference to be held in the near future, Freightliner seeks protection with respect to just one of those issues. That issue is set forth as items #5 and #10 on the Debtor's Notice of Deposition.

4. The issue for which Freightliner seeks protection seeks discovery of details relating to the Freightliner Agreements, which the Debtor previously assumed and assigned to Central Refrigerated Lines, Inc. ("Central"). (The rest of the issues relate fairly to whether Freightliner was on notice of the Debtor's motion for approval of such assumption and assignment.)

5. Freightliner seeks protection because this issue is irrelevant at this time, and responding to it would be unnecessarily costly and burdensome and would expose Freightliner to substantial prejudice and oppression.

## This Issue is Irrelevant at this Time

6. On May 4, 2002, Freightliner moved this Court for reconsideration of its orders approving the Debtor's assumption and assignment of the Freightliner Agreements on the grounds that the Debtor did not give Freightliner adequate notice of the relief that it ultimately obtained.

7. On July 19, 2002, the Debtor also moved this Court for reconsideration of those orders, but the Debtor's motion was expressly contingent on this Court first finding that notice to Freightliner had been inadequate.

8. In its motion the Debtor proposes that, if notice was sufficient, the assumption and assignment of the Freightliner Agreements should be affirmed without prejudice to Freightliner raising all its defenses subsequently in a non-bankruptcy forum.

9. The Debtor and Central both contend that notice was adequate. Nevertheless, the Debtor seeks discovery of, for example,

> 5. In connection with the [Freightliner Agreements], all documents regarding: (a) the terms of the contracts and the terms of the schedules to the contracts and the acceptance of the contracts by Freightliner and Freightliner of Arizona, Ltd ... (g) The facts and circumstances of any modifications, revisions or amendments to the contracts.

10. The details of the Freightliner Agreements are presently irrelevant until this Court determines that notice was inadequate. Those details will remain

3

forever irrelevant if this Court finds – as Central and the Debtor both adamantly contend – that notice was sufficient.

11. Even if this Court finds that notice was insufficient, the Debtor's discovery is, in large part, wholly irrelevant even to the propriety of assumption and assignment.

### Responding to this Issue will be Costly and Burdensome to Freightliner

12. Absent protection, the Debtors would require Freightliner to fly another witness to Chicago and to search for and produce all documents that are arguably responsive to requests (that are presently completely irrelevant) such as:

> *5. In connection with the [Freightliner Agreements]: ... (e) The facts and circumstances of action [sic] by Dick Simon Trucking, Inc. and by Freightliner with each [sic] term and condition of each contract. ...*

13. Over the past four years, Freightliner has sold well over a thousand truck vehicles to the Debtor. Hundreds of those trucks may be relevant to the Freightliner Agreements. Reviewing and assembling all potentially relevant documentation may take months. Requests such as this are costly and burdensome to Freightliner. They also seek disclosures that are irrelevant to any issue that is now or may ever come before this Court.

## Responding to this Issue will
## Oppress and Prejudice Freightliner

14.  In its own motion for reconsideration, the Debtor urges the assumption and assignment of the Freightliner Agreements without prejudice to Freightliner being able to assert its defenses under those agreements in subsequent litigation in a non-bankruptcy forum.

15.  Nevertheless, the Debtor now seeks to prejudice Freightliner by attempting to box it in on those issues with requests, which go to the fundamental issues of such potential future (but presently unfilled) litigation, such as these:

> 5. *In connection with the [Freightliner Agreements]: ... (h) The facts and circumstances of any action by debtors, or either of them, that excuses Freightliner from any performance under the contracts. ... (i) the facts and circumstances of all "defaults, offsets, counterclaims and other rights for which (Freightliner) had bargained for in good faith" as alleged by you in your Memorandum, page 9.*

16.  These requests are irrelevant at this time. Further, requests such as these are costly and burdensome for Freightliner to respond to. Finally, and most important, these requests will prejudice Freightliner greatly if it must subsequently litigate these issues with Central in, as the Debtor proposes, a non-bankruptcy forum. In that sense, the Debtor's proposed discovery on these issues is greatly oppressive to Freightliner.

5

## Conclusion

17. Concurrently with seeking this protective order, Freightliner is seeking the entry of an order to show cause why a status and scheduling conference should not be conducted on reasonable notice in the very near future to square out the procedural posture of this case. Such a hearing is evidently necessary to assure a fair, efficient and non-burdensome procedure going forward. Freightliner is confident that that hearing will result in an order that will obviate the need for further judicial intervention of this kind.

18. The undersigned certifies that he has unsuccessfully attempted in good faith to confer with counsel to the Debtor on this issue.

19. For all of the reasons stated above, Freightliner respectfully requests this Court to enter an order protecting it from responding to the Debtor's discovery requests numbered 5 and 10 on the attached Notice of Deposition.

RESPECTFULLY SUBMITTED this 12th day of August, 2002.

PARSONS BEHLE & LATIMER

By _____
J. THOMAS BECKETT
ANNE E. RICE
Attorneys for the Freightliner Companies

6

Weston L. Harris (A1387)
R. Kimball Mosier (2334)
**Parsons Davies Kinghorn & Peters**
185 South State Street, Suite 700
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Scott J. Goldstein   (MO #28698)
**Spencer Fane Britt & Browne LLP**
1000 Walnut, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216

Counsel for Debtors

**In the United States Bankruptcy Court
District of Utah, Central Division**

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES INC., DICK SIMON TRUCKING, INC. AND SIMON TERMINAL, LLC<br><br>Debtors. | Bankruptcy No. 02-22906 GEC<br>[Chapter 11]<br>[JOINTLY ADMINISTERED] |

**AMENDED NOTICE OF DEPOSITION PURSUANT TO
RULE 7030 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

TO:   J. Thomas Beckett
       Counsel for Freightliner L.L.C.

Please take notice that Debtors will take the deposition of Freightliner L.L.C. and Freightliner Market Development Corporation (collectively "Freightliner") pursuant to Federal Rule of Bankruptcy Procedure 7030(b)(6), at the Hyatt Hotel, 1400 Corporateum Drive, Lisle, Illinois, 60532, on August 15, 2002, commencing at 9:00 o'clock a.m. and continuing until 5:00 o'clock p.m. and from day-to-day thereafter until complete. The deposition will be taken by a person authorized to administer oaths in the State of Illinois.

Pursuant to Federal Rule of Bankruptcy Procedure 7030(b)(6), Freightliner is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on its behalf regarding the topics identified on **Exhibit A** hereto.

WA 655869.1

Further, Freightliner is requested to produce at the deposition all documents identified on **Exhibit B** hereto.

You are invited to attend and inquire.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

_(signature)_

Scott J. Goldstein    MO #28698
Daniel D. Doyle      MO #36724
Lisa A. Epps         MO #48544
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216

-and-

Weston L. Harris    UT #A1387
R. Kimball Mosier   UT #2334
PARSONS DAVIES KINGHORN & PETERS
185 South State Street, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

COUNSEL FOR DEBTORS

WA 655869.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing was served via Federal Express on August 2, 2002:

| | |
|---|---|
| J. Thomas Beckett | Michael N. Emery |
| Parson Behle & Latimer | Richards Brandt Miller & Nelson |
| One Utah Center | 50 South Main Street, Suite 700 |
| 201 S. Main Street, Suite 1800 | P O Box 2465 |
| Salt Lake City, UT 84145-0898 | Salt Lake City  UT  84110 |
| Attorneys for Freightliner | Attorneys for Central Refrigerated Service, Inc. |

_____
Counsel for Debtors

## EXHIBIT A

### Topics on Which Examination Is Requested

1. Knowledge held by Freightliner L.L.C. and Freightliner Market Development Corporation (collectively "Freightliner") of the Motion for Approval of Sale of Substantially All of the Debtors' Assets and to Approve Assumption and Assignment of Leases and Executory Contracts, a copy of which is attached hereto as Exhibit A, including:

   (a) The date(s) and place(s) Freightliner received the motion.

   (b) The method(s) by which Freightliner received the motion (e.g., by mail, fax or internet).

   (c) All notice Freightliner received from any source regarding the motion before Freightliner received the motion.

   (d) The identity of the Freightliner employee(s) who first received the motion and the identity of all other Freightliner employees who later received the motion or information about the motion.

   (e) The substance of all communications made or received by Freightliner employees regarding the motion and/or the assumption and assignment of contracts between Freightliner and Dick Simon Trucking, Inc.

2. Knowledge held by Freightliner of the Joint Motion of Debtors and Central Refrigerated Service, Inc. to Assume and Assign Certain Contracts under 11 U.S.C. §365; Notice of Hearing and Opportunity to Object, a copy of which is attached hereto as Exhibit B, including:

   (a) The date(s) and place(s) Freightliner received the joint motion;

   (b) The method(s) by which Freightliner received the joint motion (e.g., by mail, fax or internet);

   (c) All notice Freightliner received from any source regarding the joint motion before Freightliner received the joint motion.

   (d) The identity of the Freightliner employee(s) who first received the joint motion and the identity of all other Freightliner employees who later received the joint motion or information about the joint motion;

WA 655869.1

(e)     The substance of all communications made or received by Freightliner employees regarding the joint motion and/or the assumption and assignment of contracts between Freightliner and Dick Simon Trucking, Inc.

3.     Knowledge held by Freightliner of the Order (A) Granting Joint Motion of Debtors and Central Refrigerated Service, Inc.; (B) Authorizing Assumption and Assignment of Executory Contracts (Vendor Contracts); and (C) Granting Related Relief, a copy of which is attached hereto as Exhibit C, including:

(a)     The date(s) and place(s) Freightliner received the order;

(b)     The method(s) by which Freightliner received the order (e.g., by mail, fax or internet);

(c)     All notice Freightliner received from any source regarding the order before Freightliner received the order.

(d)     The identity of the Freightliner employee(s) who first received the order and the identity of all other Freightliner employees who later received the order or information about the order;

(e)     The substance of all communications made or received by Freightliner employees regarding the order and/or the assumption and assignment of contracts between Freightliner and Dick Simon Trucking, Inc.

4.     All contacts by Freightliner employees or representatives with Daimler-Chrysler and/or Mercedes Benz Credit Corporation employees or representatives regarding the debtors' bankruptcy and possible effects or ramifications of the debtors' bankruptcy on the contracts attached as Exhibits D through H hereto. This topic includes the dates of all such contacts, the parties to all such contacts, the parties advised about all such contacts, writings about the contacts, and the substance of all such contacts.

5.     In connection with the contracts attached as Exhibits D through H hereto:

(a)     The terms of the contracts and the terms of the schedules to the contracts and the acceptance of the contracts by Freightliner and Freightliner of Arizona, Ltd.

(b)     The existence of any monetary default on any of the contracts, including the amount in default, the date of the default and communications with the debtors, or either of them, regarding the default.

(c) The existence of any non-monetary default on any of the contracts, including the nature of the non-monetary default, the date of the non-monetary default and communications with the debtors regarding the non-monetary default.

(d) The facts and circumstances that caused the contracts to be non-executory contacts as alleged by you in Memorandum of Points and Authorities Supporting Freightliner's Motion for (I) Reconsideration of April 22, 2002 Orders Authorizing Sale, Etc. and Approving Assumption and Assignment of Executory Vendor Contracts, Etc., and (II) Exclusion of the Freightliner Companies from the Effects of Those Orders ("Memorandum") at page 3.

(e) The facts and circumstances of action by Dick Simon Trucking, Inc. and by Freightliner with each term and condition of each contract.

(f) The facts and circumstances that prohibit the contracts from being assumed or assigned as alleged by you in your Memorandum, page 3.

(g) The facts and circumstances of any modifications, revisions or amendments to the contracts.

(h) The facts and circumstances of any action by debtors, or either of them, that excuses Freightliner from any performance under the contracts.

(i) The facts and circumstances of all "defaults, offsets, counterclaims and other rights for which (Freightliner) had bargained for in good faith" as alleged by you in your Memorandum, page 9.

(j) The facts and circumstances that relate to the ability of Central Refrigerated Service, Inc. to provide adequate assurance of future performance under the contracts.

# **EXHIBIT B**

## **Documents Requested**

6. All documents regarding the knowledge held by Freightliner L.L.C. and Freightliner Market Development Corporation (collectively "Freightliner") of the Motion for Approval of Sale of Substantially All of the Debtors' Assets and to Approve Assumption and Assignment of Leases and Executory Contracts, a copy of which is attached hereto as Exhibit A, including:

(a) The date(s) and place(s) Freightliner received the motion.

(b) The method(s) by which Freightliner received the motion (e.g., by mail, fax or internet).

(c) All notice Freightliner received from any source regarding the motion before Freightliner received the motion.

(d) The identity of the Freightliner employee(s) who first received the motion and the identity of all other Freightliner employees who later received the motion or information about the motion.

(e) The substance of all communications made or received by Freightliner employees regarding the motion and/or the assumption and assignment of contracts between Freightliner and Dick Simon Trucking, Inc.

7. All documents regarding the knowledge held by Freightliner of the Joint Motion of Debtors and Central Refrigerated Service, Inc. to Assume and Assign Certain Contracts under 11 U.S.C. §365; Notice of Hearing and Opportunity to Object, a copy of which is attached hereto as Exhibit B, including:

(a) The date(s) and place(s) Freightliner received the joint motion;

(b) The method(s) by which Freightliner received the joint motion (e.g., by mail, fax or internet);

(c) All notice Freightliner received from any source regarding the joint motion before Freightliner received the joint motion.

(d) The identity of the Freightliner employee(s) who first received the joint motion and the identity of all other Freightliner employees who later received the joint motion or information about the joint motion;

(e) The substance of all communications made or received by Freightliner employees regarding the joint motion and/or the assumption and assignment of contracts between Freightliner and Dick Simon Trucking, Inc.

8. All documents regarding the knowledge held by Freightliner of the Order (A) Granting Joint Motion of Debtors and Central Refrigerated Service, Inc.; (B) Authorizing Assumption and Assignment of Executory Contracts (Vendor Contracts); and (C) Granting Related Relief, a copy of which is attached hereto as Exhibit C, including:

(a) The date(s) and place(s) Freightliner received the order;

(b) The method(s) by which Freightliner received the order (e.g., by mail, fax or internet);

(c) All notice Freightliner received from any source regarding the order before Freightliner received the order.

(d) The identity of the Freightliner employee(s) who first received the order and the identity of all other Freightliner employees who later received the order or information about the order;

(e) The substance of all communications made or received by Freightliner employees regarding the order and/or the assumption and assignment of contracts between Freightliner and Dick Simon Trucking, Inc.

9. All documents regarding all contacts by Freightliner employees or representatives with Daimler-Chrysler and/or Mercedes Benz Credit Corporation employees or representatives regarding the debtors' bankruptcy and possible effects or ramifications of the debtors' bankruptcy on the contracts attached as Exhibits D through H hereto. This topic includes the dates of all such contacts, the parties to all such contacts, the parties advised about all such contacts, writings about the contacts, and the substance of all such contacts.

10. In connection with the contracts attached as Exhibits D through H to Exhibit A hereto, all documents regarding:

(a) The terms of the contracts and the terms of the schedules to the contracts and the acceptance of the contracts by Freightliner and Freightliner of Arizona, Ltd.

(b) The existence of any monetary default on any of the contracts, including the amount in default, the date of the default and communications with the debtors, or either of them, regarding the default.

(c) The existence of any non-monetary default on any of the contracts, including the nature of the non-monetary default, the date of the non-monetary default and communications with the debtors regarding the non-monetary default.

(d) The facts and circumstances that caused the contracts to be non-executory contacts as alleged by you in Memorandum of Points and Authorities Supporting Freightliner's Motion for (I) Reconsideration of April 22, 2002 Orders Authorizing Sale, Etc. and Approving Assumption and Assignment of Executory Vendor Contracts, Etc., and (II) Exclusion of the Freightliner Companies from the Effects of Those Orders ("Memorandum") at page 3.

(e) The facts and circumstances of action by Dick Simon Trucking, Inc. and by Freightliner with each term and condition of each contract.

(f) The facts and circumstances that prohibit the contracts from being assumed or assigned as alleged by you in your Memorandum, page 3.

(g) The facts and circumstances of any modifications, revisions or amendments to the contracts.

(h) The facts and circumstances of any action by debtors, or either of them, that excuses Freightliner from any performance under the contracts.

(i) The facts and circumstances of all "defaults, offsets, counterclaims and other rights for which (Freightliner) had bargained for in good faith" as alleged by you in your Memorandum, page 9.

(j) The facts and circumstances that relate to the ability of Central Refrigerated Service, Inc. to provide adequate assurance of future performance under the contracts.

Further, Freightliner is requested to produce at the deposition all documents identified on **Exhibit B** hereto.

You are invited to attend and inquire.

Respectfully submitted,

SPENCER FANE BRITT & BROWNE LLP

Scott J. Goldstein    MO #28698
Daniel D. Doyle    MO #36724
Lisa A. Epps    MO #48544
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216

-and

Weston L. Harris    UT #A1387
R. Kimball Mosier    UT #2334
PARSONS DAVIES KINGHORN & PETERS
185 South State Street, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

COUNSEL FOR DEBTORS

2

WA 655869.1

## CERTIFICATE OF SERVICE

    The undersigned hereby certifies a copy of the foregoing was served via Federal Express on August 2, 2002:

| | |
|---|---|
| J. Thomas Beckett<br>Parson Behle & Latimer<br>One Utah Center<br>201 S. Main Street, Suite 1800<br>Salt Lake City, UT 84145-0898<br>Attorneys for Freightliner | Michael N. Emery<br>Richards Brandt Miller & Nelson<br>50 South Main Street, Suite 700<br>P O Box 2465<br>Salt Lake City UT 84110<br>Attorneys for Central Refrigerated Service, Inc. |

_____
Counsel for Debtors