

J. THOMAS BECKETT (5587)
ANNE E. RICE (7971)
PARSONS BEHLE & LATIMER
Attorneys for the Freightliner Companies
One Utah Center
201 South Main Street, Suite 1800
Post Office Box 45898
Salt Lake City, UT 84145-0898
Telephone: (801) 532-1234
Facsimile: (801) 536-6111

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORTATION SERVICES, INC.; DICK SIMON TRUCKING, INC., AND SIMON TERMINAL, LLC,<br><br>Debtors. | Case No. 02-22906<br>Case No. 02-22907<br>Case No. 02-24874<br>(Jointly Administered)<br><br>FREIGHTLINER'S MEMORANDUM OF POINTS AND AUTHORITIES SUPPORTING ITS PROPOSED ORDER TO SHOW CAUSE WHY A STATUS AND SCHEDULING CONFERENCE SHOULD NOT BE HELD AND WHY THE HEARINGS ON FREIGHLINER'S PENDING MOTION AND THE DEBTOR'S "SUPPLEMENTAL" MOTION SHOULD NOT BE STRICKEN<br><br>(FREIGHTLINER'S MOTION FOR RECONSIDERATION)<br><br>Judge Glen E. Clark |

Freightliner LLC (f/k/a/ Freightliner Corporation) and Freightliner Market Development Corporation (together, the "Freightliner Companies" or



0222906D684

"Freightliner"), by and through their undersigned counsel, Parsons Behle & Latimer, hereby submits its Memorandum of Points and Authorities in support of its proposed Order to Show Cause why a status and scheduling conference should not be held on August 22, 2002, at 2:30 pm. o'clock and why the August 29, 2002 hearings on Freightliner's pending motion and the Debtor's "supplemental" motion should not be stricken and respectfully represent as follows:

### Introduction

1. On May 5, 2002, Freightliner filed a motion for reconsideration of two orders of this Court authorizing and approving the Debtor's assumption and assignment of the "Freightliner Agreements" to Central Refrigerated Lines, Inc. ("Central").

2. A hearing on Freightliner's motion was scheduled for June 4, 2002. Freightliner was prepared to show this Court, at that time, that it had not received notice of the extraordinary relief that was ultimately granted as required by the Bankruptcy Rules.

3. However, Freightliner accommodated the request of substitute counsel for Central for an extension of time in which to respond so that Central could conduct discovery on whether Freightliner had received adequate notice.

4. On June 4, 2002, this Court was advised that there would be discovery on the notice issue, followed by a hearing on the notice issue, followed

by (but only if the Court found that notice was inadequate) discovery on the propriety of assumption and assignment, followed by a hearing on that issue.

5. On July 19, 2002, the Debtor filed its own "supplemental" motion for reconsideration of the Orders, but that motion was specifically contingent on this Court having found that notice to Freightliner was inadequate.

6. Freightliner views the Debtor's motion as an effort to improperly supplant an issue properly brought on by Freightliner.

7. Also on July 19, 2002, the Debtor first commenced its own discovery of Freightliner. Notwithstanding the agreement between Freightliner and Central, the Debtor's discovery was not limited to the notice issue.

8. Subsequently, but without consulting Freightliner or its counsel, and without any authorization from Freightliner or its counsel, the Debtor purported to notice Freightliner's motion for a hearing on August 29, 2002.

9. Concurrently, and notwithstanding that its motion was expressly contingent on this Court having first considered the issue of whether notice to Freightliner was sufficient, the Debtor also noticed its own motion for a hearing on August 29, 2002.

10. Freightliner understands that the Debtor intends that the hearings on August 29, 2002 will consider both the notice issue and the underlying issue of whether or not the Freightliner Agreements may be assumed and assigned.

11. Given Freightliner's agreement with Central, if there is a hearing on August 29, 2002 to consider the underlying issue of assumption and assignment, that hearing will be held without Freightliner having had a reasonable opportunity to conduct discovery on that point.

12. Freightliner understands that the Debtor is taking the position that immediate discovery on all issues, and a "summary" hearing on all issues on August 29, 2002, is fair, reasonable and justified in these circumstances.

13. Freightliner believes that the Debtor's procedural gambit is intended again to prevent Freightliner from having the full and fair hearing that it has already once been unfairly denied.

14. There is a pending dispute regarding the scope and timing of discovery among the parties. There is also a dispute regarding the scope and timing of the necessary hearings. Counsel are unable to agree to a compromise approach without this Court's assistance.

15. A status and scheduling conference is clearly indicated to assure an expeditious, efficient and fair resolution of this matter.

WHEREFORE, Freightliner respectfully requests that this Court enter the attached proposed Order to Show Cause Why a Status and Scheduling Conference Should Not be Held on August 22, 2002, at 2:30 p.m. o'clock and Why the August 29, 2002 Hearings on Freightliner's Motion and the Debtor's "Supplemental" Motion Should Not be Stricken.

4

RESPECTFULLY SUBMITTED this 12th day of August, 2002.

                    PARSONS BEHLE & LATIMER

By _____
     J. THOMAS BECKETT
     ANNE E. RICE
     Attorneys for the Freightliner Companies