Peter W. Billings, A0330
Gary E. Jubber, A1758
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Counsel for Official Committee of
Unsecured Creditors in Dick Simon Trucking,
Inc.

Weston L. Harris, A1387
R. Kimball Mosier, 2334
PARSONS DAVIES KINGHORN & PETERS
185 South State Street, Suite 700
Salt Lake City, Utah 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Scott J. Goldstein, 28698 (MO)
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut, Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Facsimile: (816) 474-3216

Counsel for Debtors

## IN THE UNITED STATES BANKRUPTCY COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re<br><br>SIMON TRANSPORTATION SERVICES<br>INC., DICK SIMON TRUCKING, INC. and<br>SIMON TERMINAL, LLC.<br><br>Debtors. | Bankruptcy Nos. 02-22906 GEC<br>02-22907 GEC<br>02-24874 GEC<br><br>[Chapter 11]<br><br>[JOINTLY ADMINISTERED] |

## JOINT PLAN OF LIQUIDATION

Debtors Simon Transportation Services Inc., Dick Simon Trucking, Inc. and Simon Terminal, Inc. and the Official Committee of Unsecured Creditors in the Dick Simon Trucking, Inc. bankruptcy case (the "Committee") submit this Joint Plan of Liquidation for consideration by holders of claims and interests in the captioned bankruptcy cases.

262321-1



# ARTICLE I

## DEFINITIONS

As used in this Plan, the following terms shall have the meanings specified below:

1.1 "Administrative Expense Claim" means a Claim arising before the Effective Date under 11 U.S.C. §§ 503(b) and 507(a)(1), including without limitation, any actual and necessary expenses of preserving the Estates, any actual and necessary expenses of operating Debtors' business, all compensation or reimbursement of expenses allowed by the Bankruptcy Court under the provisions of Code §§ 330, 331, or 503 and all Claims for fees and expenses of the Committee and its professionals arising after Confirmation, except those Claims that are also Secured Claims.

1.2 "Allowed Claim" or "Allowed" means (1) a Claim allowed pursuant to this Plan, or (2) a Claim against one of the Debtors (a) for which a Proof of Claim has been filed with the Court within the time fixed by the Court and is not listed as contingent or unliquidated, or (b) which is listed by Debtors on their Schedules as liquidated in amount and not disputed, contingent, unliquidated or unknown as to amount, and in either case as to which no objection has been interposed or, if an objection has been interposed there has been entered a Final Order allowing such Claim.

1.3 "Code" means Title 11 of the Bankruptcy Reform Act of 1978 (as amended), 11 U.S.C. § 101, *et seq.*

1.4 "Bankruptcy Court" or "Court" means the United States Bankruptcy Court for the District of Utah, Central Division, or such other court having competent jurisdiction of the case.

1.5 "Case" or "Cases" collectively means the bankruptcy cases under Chapter 11 of the Code commenced by debtors Simon Transportation Services Inc., Case No. 02-22906, Dick Simon

Trucking, Inc., Case No. 02-22907 and Simon Terminal, LLC, Case No. 02-24874, jointly administered as *In re Simon Transportation Services Inc. et al.*, Case No. 02-22906-GEC (Jointly Administered), currently pending in the Bankruptcy Court.

1.6 "Claim" means any right to payment from one of the Debtors, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, legal, equitable, secured or unsecured; or any right to an equitable remedy for breach of performance if such breach gives rise to a right of payment from one of the Debtors, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

1.7 "Committee" means the Official Committee of Unsecured Creditors appointed in the Dick Simon Trucking, Inc. bankruptcy case.

1.8 "Confirmation" means the issuance by the Court of a Confirmation Order. "Confirmation Date" means the date the Confirmation Order is entered.

1.9 "Confirmation Order" means the order entered by the Court confirming the Plan.

1.10 "Consolidated Estate" means on the Effective Date, all property of the Estates, including Debtors' rights under Chapter 5 of the Code and all causes of action of any nature, shall vest with the Consolidated Estate under the exclusive control of the Committee.

1.11 "Creditor" or "Claimant" means any person that has a Claim against one of the Debtors that arose on or before the Petition Date or a Claim against one of the Debtors of any kind specified in Code §§ 502(g), 502(h) and 502(i).

1.12 "Debtors" mean Simon Transportation Services Inc., Dick Simon Trucking, Inc. and Simon Terminal, LLC, or any one of them when referred to in the Plan.

3

1.13 "Disputed Claim" means any Claim as to which Debtors, the Committee, or any other party in interest has interposed an objection in accordance with the Code and applicable Rules, which objection has not been determined by a Final Order.

1.14 "Effective Date" shall be 11 days after the Confirmation Date.

1.15 "Estate" or "Bankruptcy Estate" collectively means Debtors' bankruptcy estates, as created and existing pursuant to the provisions of Code § 541.

1.16 "Final Order" means an order no longer subject to review or certiorari proceedings.

1.17 "Person" means any individual, corporation, partnership, joint venture, trust, estate, unincorporated organization, governmental units, government (or any agency or political subdivision thereof), or any entity.

1.18 "Petition Date" means February 25, 2002, the date upon which Simon Transportation Services Inc. and Dick Simon Trucking, Inc. filed their voluntary Chapter 11 petitions commencing the Cases.

1.19 "Plan" means this Chapter 11 Plan either in its present form or as it may be altered, amended, or modified from time to time in accordance with the provisions of Chapter 11 of the Code and applicable Rules.

1.20 "Priority Claim" means a claim entitled to priority pursuant to Code § 507(a)(2) - (9).

1.21 "Schedules" means the schedules of assets and liabilities and the statement of financial affairs filed by Debtors in the Case, together with amendments thereto.

1.22 "Secured Claim" means an Allowed Claim held by any Person to the extent of the value, as set forth in the Plan, as determined by a Final Order of the Bankruptcy Court pursuant to Code § 506(a) or as agreed upon by such Person, on the one hand, and the Committee and Debtors,

4

on the other hand, of any duly perfected interest in property of an individual Estate, validly and enforceably securing such Allowed Claim.

1.23    "Secured Creditor" means the holder of a Secured Claim.

1.24    "Tradeback Agreements" means all agreements between any of the Debtors and Freightliner under which any of the Debtors had certain rights, under certain conditions, to require Freightliner to purchase certain vehicles at a specified price.

1.25    "Unsecured Claim" means a Claim that is not an Administrative Expense Claim, a Secured Claim, or a Priority Claim.

## ARTICLE II

## TREATMENT OF UNCLASSIFIED CLAIMS

The Plan treats the following Claims which, pursuant to Code § 1123(a)(1), remain unclassified for purposes of voting and Confirmation.

2.1    **Administrative Expense Claims**. Except to the extent that the holder of a particular Claim has agreed to different treatment, Administrative Expense Claims shall be paid on the Effective Date or at such later time as the Administrative Expense Claim is Allowed. All pre-Confirmation Administrative Expense Claims, including those of Debtors, the Committee and professionals employed by any of the Debtors or the Committee, must be filed no later than 30 days after the Confirmation Date. All such Claims not timely filed shall be barred from any distribution under the Plan.

2.2    **Fees Specified in 28 U.S.C. § 1930(a)(6)**. All fees due to the United States Trustee shall be paid in cash on the Effective Date or as soon thereafter as is practicable.

2.3    **Priority Claims**. The holder of a Priority Claim shall receive on account of such

5

Claim an amount equal to the Allowed Claim, unless the holder of the Claim agrees to less favorable treatment in full satisfaction thereof. The holder of a Priority Claim shall not be entitled to payment of any post-Petition Date interest or penalties arising with respect to its Claim. The payment shall be made by the Committee on the latest of the following dates: (a) on, or as soon as practicable after, the payment of all allowed Administrative Expense Claims or the establishment of an adequate reserve for all Administrative Expense Claims ; (b) on the date such Claim becomes due according to contractual, statutory, or other terms applicable thereto; or (c) as soon as practicable after entry of a Final Order allowing such Claim, if the Claim is disputed or if applicable provisions of the Code otherwise require Court approval.

## ARTICLE III

## CLASSIFICATION OF CLAIMS AND INTERESTS

The Claims and Interests in this Case are classified as follows:

3.1    **Class 1**. Allowed Unsecured Claims.

3.2    **Class 2**. The Interests in Debtors.

## ARTICLE IV

## TREATMENT OF IMPAIRED CLASSES OF CLAIMS

Classes of Impaired Claims and Interests shall be treated as follows:

4.1    **Class 1- Unsecured Creditors**

After payment of Administrative Expense Claims (including the fees and costs of Debtors, the Committee and their professionals), and Priority Claims, the Class 1 Creditors shall receive a *pro rata* share of any remaining assets of the Consolidated Estate. The Committee shall have no

obligation to make any distribution until all Claims have been resolved; however, the Committee may make interim distributions, after providing for an adequate reserve for unresolved or Disputed Claims. Class 1 is impaired under the Plan.

4.2     **Class 2– Interests in Debtors**

All Interests in Debtors shall be deemed cancelled and of no further force or effect as of the Effective Date. Class 2 is impaired under the Plan.

## ARTICLE V

## TREATMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES

5.1     If not already completed prior to the Effective Date, the Committee shall assume and by auction assign all Tradeback Agreements as provided in the Court's order dated _____, 2002.

5.2     All other executory contracts and unexpired leases not previously and expressly assumed by Debtors are rejected.

5.3     Claims arising from the rejection of executory contracts and unexpired leases pursuant to the Plan and pursuant to Orders previously entered by the Court shall be filed with the Court within 10 days following a final Confirmation Order, and such Claims shall be treated as Class 2 Unsecured Claims under the Plan.

## ARTICLE VI

## EXECUTION OF THE PLAN

6.1     **Substantive Consolidation**. On the Effective Date, the Estates shall be deemed substantively consolidated into the Consolidated Estate, and any and all Claims by an individual Estate against the other shall be eliminated.

6.2     **Dissolution of Debtors**. On the Effective Date, Debtors shall cease to exist and be

deemed dissolved.

6.3 **Vesting of Property**. On the Effective Date, all property of the individual Estates, including Debtors' rights under Chapter 5 of the Code and all causes of action of any nature, shall vest with the Consolidated Estate under the exclusive control of the Committee.

6.4 **Authority of the Committee**. The Committee shall operate by majority rule and no member shall participate in deliberations or decisions concerning a claim by or against the member. The Committee is authorized to sell, or otherwise dispose of all assets of the Consolidated Estate in accordance with the Code and is specifically empowered to sell assets pursuant to Code § 363, including the authority to sell free and clear of liens and to abandon property pursuant to Code § Section 554. The Committee shall have all of the rights, powers and duties of a Chapter 11 trustee under the Code, including without limitation, the right to object to Claims, to recover property of the Consolidated Estate, to avoid transfers and obligations of the Consolidated Estate pursuant to Code §§ 542, 544, 545, 547, 548, 549 and 550 and all rights pursuant to Code § 506(c).

The Committee shall also have the responsibility to: (i) represent the Consolidated Estate's interests in any disputes or proceedings arising out of the agreement whereby substantially all of Debtors' assets were sold to Central Refrigerated Service, Inc.; (ii) make distributions to Creditors as provided in the Plan; (iii) file objections to Claims and prosecute the objections as the Committee determines is in the best interest of the Consolidated Estate and Creditors; (iv) collect and liquidate all property of the Consolidated Estate so as to maximize the return to Creditors; (v) dispose of the Tradeback Agreements and (vi) close the Consolidated Estate after filing a final report with the Court.

The Committee shall have the right to employ professionals, including attorneys, auctioneers

8

and accountants to assist in discharging its responsibilities. The Committee may employ professionals previously employed by the Committee or Debtors without further Court Order. Reasonable out-of-pocket expenses of members of the Committee and the Committee's professionals reasonable fees for services rendered and for reimbursement of costs and expenses shall be paid from unencumbered property of the Consolidated Estate, to the extent available, and prior to any distribution to Class 1 claimants. Fees and expenses for the Committee and the professionals retained by it for services rendered post-Confirmation shall be paid by the Committee 10 days after the submission of the bill for services rendered and costs incurred, as to which no objection is made within the 10 day period by the United States Trustee, the Committee, or any other party requesting such notice. In the event of any unresolved objection to any fee request, the objection will be submitted to and determined by the Court.

6.5 **Distribution by the Committee**. The Committee shall have the responsibility to make distributions to Creditors as provided for in the Plan and to close the Consolidated Estate after filing a final report with the Court. The Committee shall make distributions after reserving sufficient amounts for Disputed Claims and for existing and anticipated costs and expenses of administering the Consolidated Estate. The Committee shall be entitled, but not required, prior to any distribution, to seek Court approval for making a distribution if it deems such action necessary or appropriate.

Payments made to Claimants within Class 1 that are unclaimed for a period of three (3) months following attempted distribution shall revest with the Consolidated Estate and shall be distributed in accordance with the Plan.

6.6 **Discharge of Debtors**. Debtors shall receive no discharge under the Plan pursuant to

9

section Code §1141(d)(3).

6.7 **Closing of Consolidated Estate**. The Plan shall be deemed substantially consummated upon distribution to Creditors. Upon substantial consummation, the Committee shall file a final report pursuant to Code § 350 and obtain entry of an Order closing the Case.

## ARTICLE VII

## MODIFICATION OF PLAN OF REORGANIZATION

The Plan may be altered, amended, or modified by Debtors or the Committee before or after the Confirmation Date, as provided in Code § 1127 and applicable Rules.

## ARTICLE VIII

## RETENTION OF JURISDICTION

The Court, following Confirmation, shall retain jurisdiction over the Consolidated Estate and the Case for the following purposes:

8.1 Resolution of all adversary proceedings, including any adversary proceedings brought post-Confirmation;

8.2 Resolution of any and all objections to Claims, including any Claims for estimation or subordination;

8.3 Allowance or disallowance of pre-Effective Date Administrative Expense Claims, or to determine any dispute relating to any fees or costs incurred by the Consolidated Estate;

8.4 Determination of all questions and disputes regarding title to the assets of the Consolidated Estate and determination of all Claims, causes of action, controversies, disputes, or conflicts whether or not subject to pending actions as of the Confirmation Date;

8.5 Implementation of the provisions of the Plan including the distribution to Creditors on

account of Allowed Claims pursuant to the Plan;

8.6 The correction of any defect, and the curing of any omission or inconsistency in the Plan or the Confirmation Order as may be necessary to carry out the purposes and intent of the Plan;

8.7 Modification of the Plan after Confirmation pursuant to the Code and applicable Rules;

8.8 Resolution of requests for Orders closing or reopening the Case;

8.9 Resolution of requests for Orders directing the Committee, Debtors, or other Persons to execute documents which are necessary to effect the terms of the Plan, and any other requests pursuant to Code § 1142(b);

8.10 Resolution of any disputes in respect of agreements existing as of the Confirmation Date, including, but not limited to, the agreement by which the Debtors sold substantially all of their assets;

8.11 Resolution of requests for orders restraining any entity from taking any action contrary to the terms or intent of the Plan; and

8.12 Enforcement of any previously entered Order or judgment in the Case.

## ARTICLE IX

### REQUEST FOR CONFIRMATION

To the extent required, Debtors and the Committee hereby requests entry of an Order confirming the Plan.

DATED this _____ day of November, 2002.

FABIAN & CLENDENIN,
A Professional Corporation

By: _____

Peter W. Billings, A0330
Gary E. Jubber, A1758
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Counsel for Official Committee of Unsecured Creditors in Dick Simon Trucking, Inc.

PARSONS DAVIES KINGHORN & PETERS

By: Weston L. Harris

Weston L. Harris, A1387
R. Kimball Mosier, 2334
185 South State Street, Suite 700
Salt Lake City, UT 84111
(801) 363-4300
(801) 363-4378– Fax

-and-
Scott J. Goldstein     MO #28698
Daniel D. Doyle     MO #36724
Lisa A. Epps     MO #48544
SPENCER FANE BRITT & BROWNE LLP
1000 Walnut Street, Suite 1400
Kansas City, MO 64106
(816) 474-8100
(816) 474-3216– Fax

Counsel for Debtors