Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

## IN THE UNITED STATES BANKRUPTCY COURT

### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re:<br><br>SIMON TRANSPORATION SERVICES INC.<br>and DICK SIMON TRUCKING, INC.<br><br>Debtors. | Bankruptcy No. 02-22906 GEC<br>(Chapter 11)<br>[JOINTLY ADMINISTERED]<br><br>Judge Glen E. Clark |

### UNSECURED CREDITORS' COMMITTEE MOTION
### TO APPROVE STIPULATION FOR ALLOWANCE OF ADMINISTRATIVE
### PRIORITY EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby moves the court for an Order approving the *Stipulation*

*for Allowance of Administrative Priority Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A)*

278718_1



0222906D1055

(the "Stipulation") entered into between the Committee and Wells Fargo Bank Northwest, N.A. ("Wells Fargo"). In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3. Prior to commencement of the bankruptcy case, Debtors and Wells Fargo entered into a Master Equipment Lease Agreement and a series of accompanying schedules (the "Leases") whereby Wells Fargo agreed to lease to Debtors certain equipment.

4. Pursuant to 11 U.S.C. § 503(b)(1)(A) Wells Fargo contends that it is entitled to allowance of an administrative priority expense claim for the entire time Debtors retained the Equipment post-petition. Wells Fargo further contends it is entitled to a daily rental rate of one hundred twenty dollars ($120.00) plus twenty-two cents ($.22) for the value of the Equipment, and asserts an administrative claim of $21,929.00.

5. The Committee has analyzed Wells Fargo's claim, the Leases, and the applicable law and asserts that the "leases" are not "true leases," that Wells Fargo cannot satisfy the requirement that the claim arise out of a transaction with the debtor-in-possession and that to the extent that Wells Fargo is entitled to any administrative expense claim, it is limited only to the Debtors' actual post-petition use of the Equipment covered by the Leases (not for the entire time the tractors were in Debtors' possession post-petition).

6. Given the risks and expense of litigation, the Committee and Wells Fargo, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Wells Fargo to resolve this dispute in the amount of $10,000.00. (A copy of the Stipulation is attached hereto as Exhibit "A".)

7. The Committee believes that the Stipulation is in the best interests of the estate because of the uncertainty and risks of litigation.

WHEREFORE, the Committee requests an order:

A. Approving the stipulation entered into between the Committee and Wells Fargo; and

B. Granting such other and further relief as the court deems just and equitable.

DATED this 22nd day of May, 2003.

Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
 A Professional Corporation
Attorneys for the Official Committee of
Unsecured Creditors

278718_1

3

# EXHIBIT "A"

Peter W. Billings, A0330
Gary E. Jubber, A1758
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 02-22906 GEC |
| | (Chapter 11) |
| SIMON TRANSPORATION SERVICES INC. | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | |
| | Judge Glen E. Clark |
| Debtors. | |

### STIPULATION FOR ALLOWANCE OF
### ADMINISTRATIVE PRIORITY EXPENSE CLAIM
### PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Fabian & Clendenin, and Wells Fargo Bank Northwest, N.A. ("Wells Fargo"), by and through its counsel Jones Waldo Holbrook & McDonough, hereby stipulate based upon the following recitals of fact:

278721_1

## RECITALS

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3. On March 12, 2003, Debtors' Joint Plan of Liquidation was confirmed by order of this Court pursuant to which Debtors ceased to exist as legal entities and Debtors' property vested exclusively in the consolidated estate of Debtors to be administered by the Committee as of the plan's effective date, March 23, 2003.

4. Prior to commencement of the bankruptcy case, on or about May 15, 1998, Debtors and Wells Fargo's predecessor-in-interest, First Security Bank, N.A. entered into a Master Equipment Lease Agreement, and thereafter into four separate Schedules to the Master Equipment Lease Agreement (collectively referred to hereinafter as the "Leases"), whereby Wells Fargo agreed to lease to Debtors certain Trucks and Tractors (the "Equipment").

5. Pursuant to 11 U.S.C. § 503(b)(1)(A) Wells Fargo contends that it is entitled to allowance of an administrative priority expense claim for the entire time Debtors retained the Equipment post-petition. Wells Fargo further contends it is entitled to a daily rental rate of one hundred twenty dollars ($120.00) plus twenty-two cents ($.22) for the value of the Equipment, and asserts an administrative claim of $21,929.00.

278721_1

2

6.  The Committee has analyzed Wells Fargo's claim, the Leases, and the applicable law and asserts that the "leases" are not "true leases," that Wells Fargo cannot satisfy the requirement that the claim arise out of a transaction with the debtor-in-possession and that to the extent that Wells Fargo is entitled to any administrative expense claim, it is limited only to the Debtors' actual post-petition use of the Equipment covered by the Leases (not for the entire time the tractors were in Debtors' possession post-petition).

7.  Given the risks and expense of litigation, the Committee and Wells Fargo, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Wells Fargo to resolve this dispute in the amount of $10,000.00.

## STIPULATION

WHEREFORE, it is hereby stipulated by and between the Committee and Wells Fargo that an administrative priority expense claim under 11 U.S.C. § 503(b)(1)(A) shall be allowed in favor of Wells Fargo in the amount of $10,000.00.

**IT IS SO STIPULATED.**

DATED: May 22, 2003

By: _____
Peter W. Billings
Gary E. Jubber
FABIAN & CLENDENIN
A Professional Corporation
Attorneys for the Official Committee of
Unsecured Creditors

DATED: May 22, 2003

By: _____
George W. Pratt
JONES, WALDO, HOLBROOK & McDONOUGH
Attorneys for Wells Fargo Bank Northwest, N.A.

278721_1

3