FILED IN THE
UNITED STATES
BANKRUPTCY COURT

2003 JUN -4 P 4: 10

DISTRICT OF UTAH

BY _____
DEPUTY CLERK

Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 02-22906 GEC (Chapter 11) |
| SIMON TRANSPORATION SERVICES INC. and DICK SIMON TRUCKING, INC. | [JOINTLY ADMINISTERED] |
| Debtors. | Judge Glen E. Clark |

### UNSECURED CREDITORS' COMMITTEE MOTION TO APPROVE STIPULATION FOR ALLOWANCE OF ADMINISTRATIVE PRIORITY EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby moves the court for an Order approving the *Stipulation*

*for Allowance of Administrative Priority Expense Claim Pursuant to 11 U.S.C. § 503(b)(1)(A)*

280784_1



0222906D1070

(the "Stipulation") entered into between the Committee and Fleet Capital Corporation ("Fleet"). In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3. Prior to commencement of the bankruptcy case, on or about March 18, 1996, Debtors and Fleet entered into a Lease Agreement, whereby Fleet agreed to "lease" to Debtors certain personal property. Debtors and Fleet subsequently executed various equipment schedules (collectively referred to as the "Leases") thereby "leasing" to Debtors certain tractors and trailers (the "Equipment").

4. Pursuant to 11 U.S.C. § 503(b)(1)(A), Fleet filed its timely Motion for Allowance of Administrative Claim ("Motion") in which Fleet contends that it is entitled to allowance of an administrative priority expense claim for the entire time Debtors retained the Equipment post-petition. Specifically, Fleet contends it is entitled to a post-petition administrative claim in the amount of $445,135.65 pursuant to the Leases.

5. The Committee has analyzed Fleet's Motion and claim, the Leases, and the applicable law and asserts that the Leases are not true leases, that Fleet cannot satisfy the requirement that the claim arise out of a transaction with the debtor-in-possession and that to the extent that Fleet is entitled to any administrative expense claim, it is limited only to the Debtors'

280784_1

2

actual post-petition use of the Equipment covered by the Leases (not for the entire time the Equipment was in Debtors' possession post-petition).

6. Given the risks and expense of litigation, the Committee and Fleet, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Fleet to resolve this dispute in the amount of $145,000.00. (A copy of the Stipulation is attached hereto as Exhibit "A".)

7. The Committee believes that the Stipulation is in the best interests of the estate because of the uncertainty and risks of litigation.

WHEREFORE, the Committee requests an order:

A. Approving the stipulation entered into between the Committee and Fleet; and

B. Granting such other and further relief as the court deems just and equitable.

DATED this 4th day of June, 2003.

_____
Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
  A Professional Corporation
Attorneys for the Official Committee of
Unsecured Creditors

280784_1

# EXHIBIT "A"

Peter W. Billings, A0330
Gary E. Jubber, A1758
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 02-22906 GEC |
| | (Chapter 11) |
| SIMON TRANSPORATION SERVICES INC. | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | |
| | Judge Glen E. Clark |
| Debtors. | |

## STIPULATION FOR ALLOWANCE OF
## ADMINISTRATIVE PRIORITY EXPENSE CLAIM
## PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Fabian & Clendenin, and Fleet Capital Corporation ("Fleet"), by and through its counsel Ballard Spahr Andrews & Ingersoll, LLP, hereby stipulate based upon the following recitals of fact:

#1133018 v1 - Fleet v. Dick Simon: Stipulation for Allowance of Admin. Claim



## **RECITALS**

1.     Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2.     Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3.     On March 12, 2003, Debtors' Joint Plan of Liquidation was confirmed by order of this Court pursuant to which Debtors ceased to exist as legal entities and Debtors' property vested exclusively in the consolidated estate of Debtors to be administered by the Committee as of the plan's effective date, March 23, 2003.

4.     Prior to commencement of the bankruptcy case, on or about March 18, 1996, Debtors and Fleet entered into a Lease Agreement, whereby Fleet agreed to "lease" to Debtors certain personal property. Debtors and Fleet subsequently executed various equipment schedules (collectively referred to as the "Leases") thereby "leasing" to Debtors certain tractors and trailers (the "Equipment").

5.     Pursuant to 11 U.S.C. § 503(b)(1)(A), Fleet filed its timely Motion for Allowance of Administrative Claim ("Motion") in which Fleet contends that it is entitled to allowance of an administrative priority expense claim for the entire time Debtors retained the Equipment post-petition. Specifically, Fleet contends it is entitled to a post-petition administrative claim in the amount of $445,135.65 pursuant to the Leases.



#1133018 v1 - Fleet v. Dick Simon  Stipulation for Allowance of Admin. Claim

6.  The Committee has analyzed Fleet's Motion and claim, the Leases, and the applicable law and asserts that the Leases are not true leases, that Fleet cannot satisfy the requirement that the claim arise out of a transaction with the debtor-in-possession and that to the extent that Fleet is entitled to any administrative expense claim, it is limited only to the Debtors' actual post-petition use of the Equipment covered by the Leases (not for the entire time the Equipment was in Debtors' possession post-petition). Fleet contends that the Leases are true leases, and that it satisfies all requirements for allowance of an administrative claim.

7.  Given the risks and expense of litigation, the Committee and Fleet, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Fleet to resolve this dispute in the amount of $145,000.00.

## STIPULATION

WHEREFORE, it is hereby stipulated by and between the Committee and Fleet that an administrative priority expense claim under 11 U.S.C. § 503(b)(1)(A) shall be allowed in favor of Fleet in the amount of $145,000.00. The Committee and Fleet further agree that the Committee shall waive any Chapter 5 avoidance claims it might have against Fleet. If this Stipulation is not approved by the Court pursuant to Bankruptcy Rule 9019, Fleet's Motion will not be deemed withdrawn or settled, and Fleet may pursue its Motion as filed. Fleet's unsecured proof of claim previously filed in these cases shall not be affected or modified by this Stipulation.

**IT IS SO STIPULATED.**

DATED: June 4, 2003

By: _____
Peter W. Billings
Gary E. Jubber
FABIAN & CLENDENIN, P.C.

#1133018 v1 - Fleet v. Dick Simon  Stipulation for Allowance of Admin. Claim

3

Attorneys for the Official Committee of
Unsecured Creditors

DATED: June 4, 2003        By: _____
                               Jeffrey W. Shields
                               Mark R. Gaylord
                               Craig H. Howe
                               BALLARD SPAHR ANDREWS & INGERSOLL,
                               LLP, Attorneys for Fleet Capital Corporation


DATED: _____, 2003    By: _____
                               FLEET CAPITAL CORPORATION
                               Frank Sterdjevich
                               Its: Vice President

#1133018 v1 - Fleet v. Dick Simon: Stipulation for Allowance of Admin. Claim

4

Jeffrey W. Shields
Mark R. Gaylord
Craig H. Howe
BALLARD SPAHR ANDREWS & INGERSOLL,
LLP, Attorneys for Fleet Capital Corporation

DATED: JUNE 4, 2003    By: _____
FLEET CAPITAL CORPORATION
Frank Sterdjevich
Its: Vice President

Fleet v. Dick Simon Stipulation for Allowance of Admin. Claim.DOC

4