Peter W. Billings, A0330
Gary E. Jubber, A1758
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

# IN THE UNITED STATES BANKRUTPCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re: | Bankruptcy Nos.  02-22906 GEC |
| | 02-22907 GEC |
| SIMON TRANSPORTATION SERVICES | 02-24874 GEC |
| INC., DICK SIMON TRUCKING, INC. and | (Chapter 11) |
| SIMON TERMINAL, LLC, | [SUBSTANTIVELY CONSOLIDATED] |
| Debtors. | Judge Glen E. Clark |

## UNSECURED CREDITORS' COMMITTEE OBJECTION TO PROOFS OF CLAIM NOS. 11, 407, 541, 555, 686, 752, 786, 844, 934 AND 977

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby objects, pursuant to 11 U.S.C. § 502 and Rules 3003 and

3007 of the Federal Rules of Bankruptcy Procedure, to the Proofs of Claim Nos. 11, 407, 541,

555, 686, 752, 786, 844, 934 and 977 in the above case. In support of the objection, the

Committee states:

288624_1

1. Debtors, Simon Transportation Services, Inc. and Dick Simon Trucking, Inc. filed their voluntary Chapter 11 petitions on February 25, 2002. Simon Terminal, LLC filed a voluntary Chapter 11 petition on March 26, 2002. The cases were jointly administered.

2. On April 22, 2002, the Court entered an order authorizing the sale of substantially all of the Debtors' assets to Central Refrigerated Service, Inc.

3. On March 5, 2002, the Court entered an order fixing August 26, 2002 as the deadline to file proofs of claim.

4. On March 12, 2003, the Court entered its *Order Confirming Amended Joint Plan of Liquidation* ("Confirmation Order") in the above jointly administered cases. Pursuant to the Amended Joint Plan of Liquidation the estates of the Debtors were substantially consolidated, and all property of Debtors vested in a consolidated estate (the "Estate") under the exclusive control of the Committee. The Committee was designated as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) and given all necessary authority to administer the Estate, including the authority to object to claims. *See, Second Amended Joint Plan of Liquidation Dated December 27, 2002,* ¶ 6.4.

5. Based upon the foregoing, the Committee objects to the following claims:

**Claim No. 11 – DeKalb County, Georgia**

The DeKalb County, Georgia filed Proof of Claim no. 11 asserting a priority claim in the amount of $48,627.94. Of the total amount, $39,744.13 is asserted as real property taxes and $8,883.81 claimed as owing for personal property taxes.

The Committee is informed that the real property tax portion of the claim has been paid and accordingly, the only remaining claim is for unpaid personal property taxes in the amount of $8,883.81. The Committee submits that claim no. 11 be allowed as a priority claim pursuant to section 507(a)(8) in the amount of $8,883.81.

### Claim No. 407– City of McAlester

City of McAlester, Oklahoma filed claim no. 407 in the amount of $9,050.21. The claim is for damage to a street signal light. Claimant asserts entitlement to priority for "public safety and welfare."

The Committee believes the amount claimed has been paid in full, but the claimant has declined requests to withdraw or amend the claim. Accordingly, the claim should be disallowed. To the extent the City of McAlester claims the amount is still owing, the Committee objects to the priority status of the claim on the basis that damage to property is not entitled to priority treatment pursuant to 11 U.S.C. § 507(a).

### Claim No. 541 – Commonwealth of Kentucky

Claim no. 541 was filed as a priority claim by the Commonwealth of Kentucky on May 20, 2002, in the amount of $23,910.05 for unpaid Highway Use Taxes. The supporting documentation attached to the claim indicates that $3,795.25 of the total amount claimed is asserted as a penalty.

The Committee objects to the allowance of the penalty as a priority claim on the grounds that it is not compensation for any actual pecuniary loss suffered by the claimant. Section 507(a)(8)(G) provides that a penalty must be in compensation for actual pecuniary loss in order

for the penalty to be entitled to priority. The Committee submits that Claim no. 541 filed by the Commonwealth of Kentucky should be allowed as a priority claim only to the extent of $20,114.80, and that the penalty amount of $3,795.25 should be reclassified as a general unsecured claim.

### Claim No. 555 – State of Georgia

The State of Georgia filed claim no. 555 for unpaid withholding and sales and use tax in the amount of $14,003.00. The claim is filed as a priority claim pursuant to 11 U.S.C. § 507(a)(8).

The Committee objects to the claim on the basis that the withholding tax has been paid and the sales and use tax component of the claim is only an estimate. The Committee requests that the claim be disallowed in its entirety.

### Claim No. 686 – Idaho Transportation Department

The Idaho Transportation Department filed Claim no. 686 on July 8, 2002, asserting a claim in the amount of $2,599.06 as an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) (Invoice no. 4000718). The claim is for "Government Damage Claim," and apparently relates to damage to state property in an accident that occurred on January 23, 2002. The term "NON--" appears just above the phrase "unsecured priority claim" indicating a possible intent on the part of the claimant to file the claim as an unsecured non-priority claim.

The Committee objects to the claim as a priority claim. The claim is for damage to property and accordingly, is not entitled to priority treatment pursuant to section 507(a). To the

288624_1

4

extent the claimant is asserting a priority claim, the Committee objects to the priority status of the claim and requests that the claim be reclassified as a general unsecured claim.

### Claim No. 752 – Adams County Treasurer (Account No. P0008141)

Claim no. 752 was filed by Adams County Treasurer, Adams County, Colorado on July 25, 2002. Although filed as a priority claim in the amount of $5,102.95, the claim states that the consideration for the debt is real property taxes for the 2000 tax year. The claim asserts an entitlement to post petition interest at the rate of 12% per annum.

The Committee accountants have been informed that the claim is in fact for personal property taxes. The proof of claim provides inadequate documentation to support a claim to personal property taxes, and therefore, the Committee objects to Claim No. 752 and requests that it be disallowed.

### Claim No. 786 – Kansas Department of Revenue

The Kansas Department of Revenue filed Claim no.786 on August 5, 2002. The claim is for unpaid taxes and penalties in the amount of $1,133.38.

The Committee is informed and believes that the full amount of the obligation has been paid for except $114.75 in penalties related to the March 2000 return. The Committee objects to any penalty as a priority claim on the basis that it is not compensation for any actual pecuniary loss as required by 11 U.S.C. § 507(a)(8)(G). The Committee submits that any remaining amount for an unpaid penalty should be reclassified as a general unsecured claim.

288624_1

5

### Claim No. 844 – Utah Labor Commission

The Utah Labor Commission filed claim no. 844 as a priority claim on August 16, 2002 in the amount of $25,498.00. Attached to the claim is an Order for Payment issued by the Labor Commission on May 25, 2001, requiring Dick Simon Trucking to pay unpaid wages of $9,562.00 to JoAn Hansen (Wage Claim no. 44879). The order also assesses a penalty of $9,562.00 and attorneys' fees of $6,374.00 (for a total amount of $25,498).

The Committee submits that the penalty is not compensation for actual pecuniary loss as required by 11 U.S. C. § 507(a)(8)(G) and the attorney fees are not entitled to priority. Furthermore, pursuant to section 507(a)(3), the wage portion of the claim is entitled to priority only to the extent of $4,650.

Based upon the foregoing, the Committee submits that claim no. 844 should be allowed as a priority claim to the extent of $4,650, and the balance of the claim ($20,848) should be reclassified as a general unsecured claim.

### Claim No. 934 – Memphis Light, Gas & Water Division

Memphis Light, Gas & Water Division filed proof of claim no. 934 (Case No. 02-22907) in the amount of $1,060.35, claiming a priority pursuant to 11 U.S.C. § 507(a) (Invoice no. 76405). The claim is for "property damage" to a street light.

The Committee is informed and believes that the amount claimed has been paid, and therefore, no amount is currently owed. The Committee requests, therefore, that claim should be disallowed. To the extent the claimant asserts any portion of the claim as still owing, the

288624_1

6

Committee objects to the priority status of the claim on the basis that a claim for property damage is not entitled to any priority pursuant to section 507(a).

### Claim No. 977 – Montana Department of Revenue

The Montana Department of Revenue filed Claim no. 977 on August 26, 2002. The claim asserts an unsecured priority claim for withholding tax for the amount of $962.89 and an unsecured non-priority claim of $58.53.

The Committee is informed and believes that the claim for withholding tax has been paid. Accordingly, the Committee submits that the claim should be disallowed.

WHEREFORE, the Trustee seeks entry of an order with respect to Claim Nos. 11, 407, 541, 555, 686, 752, 786, 844, 934 and 977 as set forth above, and for such other and further relief as the Court deems appropriate.

DATED this 18th day of September, 2003.

_____
Peter W. Billings
Gary E. Jubber
FABIAN & CLENDENIN
A Professional Corporation

288624_1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, postage fully prepaid, this ___ day of September, 2003.

United States Trustee
9 Exchange Place, Suite 100
Salt Lake City, Utah 84111

Weston L. Harris
Parsons Kinghorn Peters
111 East Broadway, 11th Floor
Salt Lake City, UT 84111

Tom Scott, Tax Commissioner
Office of the Tax Commissioner
DeKalb County, Georgia
P.O. Box 100004
Decatur, GA 30031-7004

Mark Bell, Assistant Director
Division of Motor Carriers
Department of Vehicle Regulation
Transportation Cabinet
Commonwealth of Kentucky
P.O. Box 2007
Frankfort, KY 40602

Deidre Marlowe, Attorney
Utah Labor Commission
P.O. Box 146600
Salt Lake City, UT 84114-6600

Helen L. Hill
Adams County Treasurer
450 South 4th Avenue, #303
Brighton, CO 80601

City of McAlester
Attn: Bobbie Lanz, City Clerk
P.O. Box 578
McAlester, OK 74502

State of Georgia
Department of Revenue
P.O. Box 161108
Atlanta, GA 30354

Kristi Arredondo
Civil Tax Enforcement
Kansas Department of Revenue
P.O. Box 12005
Topeka, KS 66612-2005

Memphis Light, Gas & Water Division
P.O. Box 388
Memphis, TN 38145

Montana Department of Revenue
Attn: Kimberley Davis
P.O. Box 5805
Helena, MT 59604-5805

Idaho Transportation Department
Attn: Sandy Browning, Room 300
P.O. Box 34
Boise, ID 83731

288624_1