Peter W. Billings, A0330
Gary E. Jubber, A1758
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In Re:<br><br>SIMON TRANSPORTATION SERVICES INC., DICK SIMON TRUCKING, INC. and SIMON TERMINAL, LLC,<br><br>Debtors. | Bankruptcy Nos.  02-22906 GEC<br>02-22907 GEC<br>02-24874 GEC<br>(Chapter 11)<br>[SUBSTANTIVELY CONSOLIDATED]<br><br>Judge Glen E. Clark |

**UNSECURED CREDITORS' COMMITTEE OBJECTION TO PROOF OF CLAIM NO. 845 FILED BY THE UTAH LABOR COMMISSION AND PROOF OF CLAIM NO. 445 FILED BY HANS VANDERMERWE**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby objects, pursuant to 11 U.S.C. § 502 and Rules 3003 and

3007 of the Federal Rules of Bankruptcy Procedure, to the Proof of Claim Nos. 845 (filed by the

288854_1

Utah Labor Commission) and 445 (filed by Hans Vandermerwe) in the above case. In support of the objection, the Committee states:

1. Debtors, Simon Transportation Services, Inc. and Dick Simon Trucking, Inc. filed their voluntary Chapter 11 petitions on February 25, 2002. Simon Terminal, LLC (Case No. 02-24874) filed a voluntary Chapter 11 petition on March 26, 2002.

2. On April 22, 2002, the Court entered an order authorizing the sale of substantially all of the Debtors' assets to Central Refrigerated Service, Inc.

3. On March 5, 2002, the Court entered an order fixing August 26, 2002 as the deadline to file proofs of claim.

4. On March 12, 2003, the Court entered its *Order Confirming Amended Joint Plan of Liquidation* ("Confirmation Order") in the above jointly administered cases. Pursuant to the Amended Joint Plan of Liquidation the estates of the Debtors were substantially consolidated, and all property of Debtors vested in a consolidated estate (the "Estate") under the exclusive control of the Committee. The Committee was designated as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) and given all necessary authority to administer the Estate, including the authority to object to claims. *See, Second Amended Joint Plan of Liquidation Dated December 27, 2002,* ¶ 6.4.

5. Based upon the foregoing, the Committee objects to the following claims:

**Claim No. 845 – Utah Labor Commission (UOSH Citation No. 304416878)**

The Utah Labor Commission filed claim no. 845, asserting an unsecured priority claim in the amount of $49,227.10. The claim refers to an administrative order (UOSH Citation No.

288854_1

2

304416878) issued against the Debtor, Dick Simon Trucking on March 27, 2002 relating to the discharge of an employee, Hans Vandermerwe, on August 8, 2001 for allegedly voicing concerns about the safety and health of employees. The citation required the Debtor to pay back wages and reimburse health care benefit costs, including interest, for the period comprising August 9, 2001 through February 28, 2002, and to pay back wages, plus interest from March 1, 2002 to May 16, 2002.

The Committee objects to the claim on the grounds that it is duplicative of claim no. 455 filed by Hans Vandermerwe, and therefore requests that claim no. 845 be disallowed in its entirety. Alternatively, the Committee objects to the claim on the grounds that the amount sought as priority exceeds the statutory maximum of $4,650.00 permitted pursuant to Section 507(a)(3).

### Claim No. 445 – Hans Vandermerwe

Hans Vandermerwe filed claim no. 445 on March 9, 2002, asserting a priority claim for back wages from August 9, 2001 through May 16, 2002 in the amount of $49,227.10. The claim relates to the same citation issued by the Utah Labor Commission as noted in the Committee's objection to claim no. 845 above.

The Committee objects to the priority status of the claim to the extent it exceeds the statutory maximum of $4,650.00, and accrued within ninety (90) days prior to the petition date pursuant to section 507(a)(3). The Committee submits that the priority status should be limited to $4,650.00 and the balance of the claim ($44,577.10) be allowed as a general unsecured claim.

288854_1

3

WHEREFORE, the Committee seeks entry of an order:

1. disallowing claim no. 845 filed by the Utah Labor Commission in its entirety;

2. allowing claim no. 445 as a priority claim pursuant to 11 U.S.C. § 507(a)(3) in the amount of $4,650.00, and as a general unsecured claim in the amount of $44,557.10; and

3. for such other and further relief as the Court deems appropriate.

DATED this 18th day of September, 2003.

*[signature]*
Peter W. Billings
Gary E. Jubber
FABIAN & CLENDENIN
A Professional Corporation

288854_1

4

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, postage fully prepaid, this 19th day of September, 2003.

        United States Trustee
        9 Exchange Place, Suite 100
        Salt Lake City, Utah 84111

        Weston L. Harris
        Parsons Kinghorn Peters
        111 East Broadway, 11th Floor
        Salt Lake City, UT 84111

        Deidre Marlowe, Attorney
        Utah Labor Commission
        P.O. Box 146600
        Salt Lake City, UT 84114-6600

        Hans Vandemerwe
        11688 South Jordanaire Drive
        South Jordan, UT 84095

288854_1