Peter W. Billings, A0330
Gary E. Jubber, A1758
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
  Unsecured Creditors

IN THE UNITED STATES BANKRUTPCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| In Re: | ) | Bankruptcy Nos.   02-22906 GEC |
| --- | --- | --- |
|  | ) | 02-22907 GEC |
| SIMON TRANSPORTATION SERVICES | ) | 02-24874 GEC |
| INC., DICK SIMON TRUCKING, INC. and | ) | (Chapter 11) |
| SIMON TERMINAL, LLC, | ) | [SUBSTANTIVELY CONSOLIDATED] |
|  | ) |  |
| Debtors. | ) | Judge Glen E. Clark |
|  | ) |  |

**UNSECURED CREDITORS' COMMITTEE OBJECTION TO
PROOFS OF CLAIM NOS. 1, 2, 628 AND 1056 FILED BY THE
UTAH STATE TAX COMMISSION**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby objects, pursuant to 11 U.S.C. § 502 and Rules 3003 and

3007 of the Federal Rules of Bankruptcy Procedure, to Proofs of Claim Nos. 1, 2, 628 and 1056

289083_1

filed by the Utah State Tax Commission in the above case. In support of the objection, the Committee states:

1. Debtors, Simon Transportation Services, Inc. (Case No. 02-22906) and Dick Simon Trucking, Inc. (Case No. 02-22907) filed their voluntary Chapter 11 petitions on February 25, 2002. Simon Terminal, LLC filed a voluntary Chapter 11 petition on March 26, 2002. The cases were jointly administered.

2. On April 22, 2002, the Court entered an order authorizing the sale of substantially all of the Debtors' assets to Central Refrigerated Service, Inc.

3. On March 5, 2002, the Court entered an order fixing August 26, 2002 as the deadline to file proofs of claim.

4. On March 12, 2003, the Court entered its *Order Confirming Amended Joint Plan of Liquidation* ("Confirmation Order") in the above jointly administered cases. Pursuant to the Amended Joint Plan of Liquidation the estates of the Debtors were substantially consolidated, and all property of Debtors vested in a consolidated estate (the "Estate") under the exclusive control of the Committee. The Committee was designated as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) and given all necessary authority to administer the Estate, including the authority to object to claims. See, *Second Amended Joint Plan of Liquidation Dated December 27, 2002*, ¶ 6.4.

5. Based upon the foregoing, the Committee objects to the following claims:

289083_1

2

### Claim No. 1 – Utah State Tax Commission

The Utah State Tax Commission filed claim no. 1 on March 5, 2002, asserting a secured priority claim pursuant to Section 507(a)(8) of $200.00 and a general unsecured claim for $40.00.

The Committee is informed that the debtor paid the $200 minimum tax on December 14, 2001, and then filed an extension with the State Tax Commission but never actually filed the return. The 2001 Utah State Tax return has now been filed and accordingly, the Committee submits that since the minimum tax was paid with the extension, this claim should be disallowed in its entirety.

### Claim Nos. 2, 628 and 1056 – Utah State Tax Commission

The Utah State Tax Commission has filed claim nos. 2, 628 and 1056 asserting unsecured priority claims pursuant to Section 507(a)(8) of the Bankruptcy Code. Claim no. 1056, filed on March 18, 2003, amends the prior claims and asserts an unsecured priority claim in the amount of $172,088.52 and a general unsecured claim of $19,116.49. The claim consists of sales tax in the amount of $71,552.18, plus interest to the petition date of $44,116.49, for a total of $115,668.67. In addition, claimant is also asserting entitlement to IFTA tax in the amount of $56,419.85. The Committee does not object to the IFTA tax portion of the claim, however, it does object to the sales tax portion of the claim.

The sales tax portion claimed by the Utah State Tax Commission is now on appeal before the Utah Supreme Court. The matter is set for oral argument before the Supreme Court on October 9, 2003. Steven Young of Holmes, Roberts & Owen has been employed as special counsel for the Estate for purposes of prosecuting this appeal. *See, Order Granting Application*

289083_1

3

*for Order Authorizing Employment of Holme Roberts & Owen LLP as Special Counsel for The Official Committee of Unsecured Creditors* entered March 26, 2003. The Commission objects to the sales tax portion of the claim on the same basis set forth in its arguments before the Utah Supreme Court.

WHEREFORE, the Committee seeks entry of an order:

1. disallowing claim no. 1 on the basis that the claim has been paid;

2. disallowing claim nos. 2 and 628 on the basis that the claims were superseded by claim no. 1056; and

3. disallowing the sales tax component of claim no. 1056 ($115,668.67); and

4. allowing claim no 1056 in the amount of $56,419.85 for the IFTA portion of the claim; and

5. for such other and further relief as the Court deems appropriate.

DATED this 18th day of September, 2003.

_____
Peter W. Billings
Gary E. Jubber
FABIAN & CLENDENIN
A Professional Corporation

289083_1

4

Case 02-22906   Doc 1128   Filed 09/18/03   Entered 09/18/03 22:23:32   Desc Main
Document      Page 5 of 5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was mailed, postage fully prepaid, this 19th day of September, 2003.

> United States Trustee
> 9 Exchange Place, Suite 100
> Salt Lake City, Utah  84111
>
> Weston L. Harris
> Parsons Kinghorn Peters
> 111 East Broadway, 11th Floor
> Salt Lake City, UT  84111
>
> Utah State Tax Commission
> Attn:  Hal Mauchley, Bankruptcy Agent
> 210 North 1950 West
> Salt Lake City, UT  84134

*[signature]*

289083_1

5