Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 02-22906 GEC |
| | ) | (Chapter 11) |
| SIMON TRANSPORATION SERVICES INC. | ) | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | ) | |
| | ) | Judge Glen E. Clark |
| Debtors. | ) | |
| | ) | |

UNSECURED CREDITORS COMMITTEE MOTION
TO APPROVE STIPULATIONS FOR ALLOWANCE OF ADMINISTRATIVE
EXPENSE PRIORITY CLAIMS PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby moves the Court for an Order approving Stipulations for

Allowance of Administrative Priority Expense Claims Pursuant to 11 U.S.C. § 503(b)(1)(A) (the

"Stipulations") entered into between the Committee and administrative claimants Thermo King

289054_1

SVC, Inc., and Dime Commercial Corporation (hereinafter collectively referred to as the "Administrative Claimants"). In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. On March 12, 2003, the Court entered its *Order Confirming Amended Joint Plan of Liquidation* ("Confirmation Order") in the above jointly administered cases. Pursuant to the Amended Joint Plan of Liquidation the estates of the Debtors were substantially consolidated, and all property of Debtors vested in a consolidated estate (the "Estate") under the exclusive control of the Committee. The Committee was designated as the representative of the Estate pursuant to 11 U.S.C. § 1123(b)(3)(B) and given all necessary authority to administer the Estate, including the authority to object to claims. *See, Second Amended Joint Plan of Liquidation Dated December 27, 2002,* ¶ 6.4.

**Dime Commercial Corporation**

3. Prior to commencement of the bankruptcy case, Debtors and Dime Commercial Corporation ("Dime") entered into various lease agreements thereby "leasing" to Debtors certain tractors and/or trailers (the "Equipment").

4. On or about April 11, 2003, Dime filed *Dime Commercial Corporation's Motion for Allowance and Payment of Administrative Expense Priority Claim.* In its motion, Dime claims, pursuant to 11 U.S.C. § 503(b)(1)(A), that it is entitled to allowance of an administrative

289054_1

priority expense claim in the amount of $352,599.16, for the entire time Debtors retained the Equipment post-petition.

5.  The Committee has analyzed Dime's motion, the leases, and the applicable law surrounding allowance of administrative claims for post petition use, and asserts that the leases are not true leases, that Dime cannot satisfy the requirement that their claims arise out of transactions with the debtor-in-possession and that to the extent that the Dime is entitled to any administrative expense claim, it is limited only to the Debtors' actual post-petition use of the Equipment covered by the leases (not for the entire time the Equipment was in Debtors' possession post-petition). Accordingly, the Committee has objected to Dime's motion. The Committee has contended that the leases are not true leases, and that the claimant cannot satisfy its burden of establishing an administrative claim pursuant to 11 U.S. C. § 503. *See In re Fullmer,* 562 F.2d 1436, 1467 (10th "Cir. 1992); *In re Amarex, Inc.,* 853 F.2d 1526, 1530 (10th Cir. 1988); *and see In re Mid Region Petroleum Inc.,* 1 F.3d 1130 (10th Cir. 1993).

6.  Given the risks and expense of litigation, the Committee and Dime, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Dime to resolve the dispute by allowing an administrative expense claim to Dime in the amount of $40,000.00. (A copy of the Stipulation with Dime is attached hereto as Exhibit "A".) Additionally, Dime has agreed to waive any and all claims it has asserted or may assert against the Estate, the Debtors, and/or the Committee, as set forth in the Stipulation.

7.  The Committee believes that the proposed Stipulation entered into between the Committee and Dime represents a fair and reasonable compromise of the disputed issues. The

289054_1

Committee further believes that the proposed Stipulation is in the best interest of the creditors and the estate.

**Thermo King SVC, Inc.**

8. On March 13, 2002, Debtors and Thermo King SVC, Inc. (hereinafter "Thermo King") entered into a Stipulation for Post-Petition Administrative Expense Claim and Relief from the Automatic Stay ("Post-Petition Stipulation"). Under the terms of the Post-Petition Stipulation, Thermo King agreed to continue providing post-petition services to the Debtors under the Maintenance Agreement. In exchange, the Debtors agreed: (1) to make all payments owed to Thermo King under the Maintenance Agreement on a timely basis; and (2) that Thermo King would be entitled to a first-priority administrative expense claim for all post-petition services provided.

9. In accordance with the Post-Petition Stipulation, Thermo King continued to provide Debtors with post-petition fleet maintenance and repair services.

10. Thermo King filed an *Amended Motion of Thermo King SVC, Inc. for Allowance of Administrative Expense Claim* on March 28, 2003. In its motion, Thermo King claims, pursuant to 11 U.S.C. § 503(b)(1)(A), that it is entitled to allowance of an administrative priority expense claim in the amount of $378,609.93, as payment due and owing under a Maintenance Agreement whereby Thermo King provided post-petition services to Debtors.

11. The Committee filed an objection to Thermo King's Motion on the grounds that it believes that Thermo King's claim is unable to satisfy its burden of proof of post-petition benefit to the Debtors.

289054_1

12.   Given the risks and expense of litigation, the Committee and Thermo King, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Thermo King to resolve the dispute by allowing an administrative expense claim to Thermo King in the amount of $87,500.00. (A copy of the Stipulation with Thermo King is attached hereto as Exhibit "B".)

WHEREFORE, the Committee requests an order:

A.   Approving the respective Stipulations entered into between the Committee and the Administrative Claimants; and

B.   Allowing payment of the Administrative Claimants' claims pursuant to the terms set forth in the respective Stipulations; and

C.   Granting such other and further relief as the court deems just and equitable.

DATED this 19th day of September 2003.

_____
Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
  A Professional Corporation
Attorneys for the Official Committee of
Unsecured Creditors

289054_1

5

# EXHIBIT "A"

Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
　A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
　Unsecured Creditors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 02-22906 GEC |
| | ) | (Chapter 11) |
| SIMON TRANSPORATION SERVICES INC. | ) | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | ) | |
| | ) | Judge Glen E. Clark |
| Debtors. | ) | |
| | ) | |

**STIPULATION WITH DIME COMMERCIAL FOR ALLOWANCE OF
ADMINISTRATIVE PRIORITY EXPENSE CLAIM
PURSUANT TO 11 U.S.C. § 503(b)(1)(A)**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Fabian & Clendenin, and Dime Commercial Corporation ("Dime"), by and through its counsel, Callister Nebeker & McCullough, hereby stipulate based upon the following recitals of fact:

283476_1

## RECITALS

1.    Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2.    Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3.    On March 12, 2003, Debtors' Joint Plan of Liquidation was confirmed by order of this Court pursuant to which Debtors ceased to exist as legal entities and Debtors' property vested exclusively in the consolidated estate of Debtors (the "Estate") to be administered by the Committee as of the plan's effective date, March 23, 2003.

4.    Prior to commencement of the bankruptcy case, beginning on or about February 17, 1993, NationsBanc Leasing Corporation ("NationsBanc") and Simon Trucking entered into a lease agreement. Thereafter Simon Transportation executed and delivered to NationsBanc a Guaranty of Corporation thereby guaranteeing full payment and performance under the lease agreement.

5.    On or about April 22, 1998, NationsBanc assigned to Dime certain of NationsBanc's rights, duties and obligations under the lease agreement. Thereafter, Dime and Debtors entered into four separate Requests to Purchase consisting of one hundred fifty (150) trailers and thirty-nine (39) tractors (hereinafter the "Equipment").

6.    On or about November 6, 2001, Dime notified the Debtors in writing that based upon the defaults under the lease agreement, the lease agreement and Simon Trucking's right to possession and use of the Equipment were terminated.

283476_1

2

6.  Pursuant to 11 U.S.C. §§ 503(b)(1)(A), and 365(d)(10), Dime contends that it is entitled to allowance of an administrative priority expense claim for the entire time Debtors retained the Equipment post-petition. Dime contends it is entitled to an allowed administrative expense claim of $352,599.16.

7.  The Committee has analyzed Dime's claim, the alleged leases, and the applicable law and asserts that the leases are not true leases, that Dime cannot satisfy the requirement that the claim arise out of a transaction with the debtor-in-possession and that to the extent that Dime is entitled to any administrative expense claim, it is limited only to the Debtors' actual post-petition use of the Equipment covered by the leases (not for the entire time the Equipment was in Debtors' possession post-petition). Dime disputes the Committee's analysis.

8.  Given the risks and expense of litigation, the Committee and Dime, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Dime to resolve this dispute by allowing an administrative expense claim to Dime in the amount of $40,000.00. Dime further agrees to waive all claims it may have against the Estate, including but not limited to the unsecured amounts claimed in proof of claim number 944.

## STIPULATION

WHEREFORE, it is hereby stipulated by and between the Committee and Dime that an administrative priority expense claim under 11 U.S.C. § 503(b)(1)(A) shall be allowed in favor of Dime against the Estate and pursuant to the Joint Plan in the amount of $40,000.00;

IT IS FURTHER STIPULATED that Dime hereby waives and releases the Estate, the Debtors, and/or the Committee, including any of their predecessors, successors, officers, directors and agents, from any and all administrative, priority, secured or unsecured claims which Dime may

283476_1

3

have against the Estate, other than as provided herein, including but not limited to Proof of Claim number 944 filed on or about August 26, 2002, asserting an unsecured claim in the amount of $6,914,955.28. Dime further Stipulates to file a Notice of Withdrawal of Claim in the form attached hereto as Exhibit A. Dime expressly reserves all rights and remedies it may have against all persons other than the Committee, the Debtors, and the Estate as well as any agents, employees, or representatives of such; and

IT IS FURTHER STIPULATED that the Committee promptly shall seek entry of an Order approving this Stipulation and payment of the settlement amount to Dime; and

**IT IS SO STIPULATED.**

DATED: Sep. 18, 2003         By: _____
                                  Peter W. Billings
                                  Gary E. Jubber
                                  David N. Kelley
                                  FABIAN & CLENDENIN
                                    A Professional Corporation
                                  Attorneys for the Official Committee of
                                  Unsecured Creditors


DATED: 9/18, 2003             By: _____
                                  Jeffrey L. Shields
                                  Randall D. Benson
                                  CALLISTER NEBERKER & McCULLOUGH
                                  Attorneys for Dime Commercial Corporation

283476_1

4

5

# EXHIBIT "A"

Jeffrey L. Shields, Esq.
Callister Nebeker & McCullough
10 East South Temple, Suite 900
Salt Lake City, UT 84133

Attorney for Dime Commercial Corporation

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Bankruptcy No. 02-22906 GEC |
| SIMON TRANSPORATION SERVICES ) | (Chapter 11) |
| INC. and DICK SIMON TRUCKING, INC. ) | [JOINTLY ADMINISTERED] |
| ) | |
| Debtors. ) | Judge Glen E. Clark |
| ) | |
| ) | **NOTICE OF** |
| ) | **WITHDRAWAL OF CLAIM** |
| ) | |

　　　Pursuant to Rule 3006 of the Federal Rules of Bankruptcy Procedure, Dime Commercial Corporation hereby withdraws the Proof of Claim filed on or about August 26, 2002, in the amount of $6, 914,955.28 as an unsecured priority claim (Claim No.944).

　　　DATED this 18th day of September, 2003.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　Jeffrey L. Shields
　　　　　　　　　　　　　　　　　　　　　Callister Nebeker & McCullough
　　　　　　　　　　　　　　　　　　　　　Attorney for Dime Commercial Corporation

288693_1

# EXHIBIT "B"

Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | |
| SIMON TRANSPORTATION SERVICES INC., DICK SIMON TRUCKING, INC. AND SIMON TERMINAL, LLC | Bankruptcy Nos. 02-22906 GEC<br>02-22907 GEC<br>02-24874 GEC |
| Debtors. | Chapter 11 (Jointly Administered) |

**STIPULATION BETWEEN OFFICIAL COMMITTEE OF
UNSECURED CREDITORS AND THERMO KING SVC, INC.
FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE CLAIM**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Fabian & Clendenin, and Thermo King SVC, Inc. ("Thermo King"), by and through its counsel Kirton & McConkie, hereby stipulate based upon the following recitals of fact:

**RECITALS:**

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002 ("Petition Date").

2. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3. On March 12, 2003, Debtors' Joint Plan of Liquidation was confirmed by order of this Court pursuant to which Debtors ceased to exist as legal entities and Debtors' property vested exclusively in the consolidated estate of Debtors to be administered by the Committee as of the plan's effective date, March 23, 2003.

4. Prior to the filing of the Debtors' bankruptcy petitions, on or about April 10, 2001, Debtors and Thermo King entered into a Guaranteed Maintenance Agreement ("Maintenance Agreement"), under which Thermo King agreed to provide Debtors with various fleet maintenance and repair services for Debtor's transport refrigeration units.

5. Pursuant to the terms of the Maintenance Agreement, Debtors agreed to pay for Thermo King's services on a monthly basis, in advance, based on the hours of operation of Debtors transport refrigeration units for the previous month.

6. On March 13, 2002, Debtors and Thermo King entered into a Stipulation for Post-Petition Administrative Expense Claim and Relief From the Automatic Stay ("Stipulation"). Under the terms of the Stipulation, Thermo King agreed to continue providing post-petition services to the Debtors under the Maintenance Agreement. In exchange, the Debtors agreed: (1) to make all payments owed to Thermo King under the Maintenance Agreement on a timely basis; and (2) that Thermo King would be entitled to a first-priority administrative expense claim for all post-petition services provided.

7. In accordance with the Stipulation, Thermo King continued to provide Debtors with post-petition fleet maintenance and repair services under the Maintenance Agreement from

2

the Petition Date through April 21, 2002. During this time, Debtors made payments to Thermo King in the amount of approximately $533,546.96 for post-petition services provided.

8. After reconciling the payments received from the Debtors with the post-petition services provided by Thermo King and the Debtors' hours of operation, Thermo King believes that an additional $378,609.93 is still due and owing to Thermo King for post-petition services provided under the Maintenance Agreement. On or about March 28, 2003, Thermo King filed an *Amended Motion of Thermo King SVC, Inc. for Allowance of Administrative Expense Claim*, under which Thermo King asserted that an additional $378,609.93 was still due and owing under the Maintenance Agreement, and that pursuant to the Stipulation and 11 U.S.C. § 503(b)(1), Thermo King is entitled to a first-priority administrative expense claim in that amount.

9. The Committee believes that Thermo-King is unable to satisfy its burden of proof of post-petition benefit to the Debtors. The Committee's accountants, PricewaterhouseCoopers ("PwC") have analyzed Thermo King's schedules, and compared the unit numbers for the trailers in Thermo King's schedules with the Debtors' database as of February 25, 2002. PwC has identified 215 trailers on Thermo King's schedules that are not listed in the Debtors' database. Therefore, the Committee believes that the maximum number of trailers that can be claimed as benefiting the estate is 3,079.

10. Furthermore, according to the Committee, of those trailers that are listed in the Debtor's database, Thermo King had no meter readings for the additional 947. Of the 3,294 trailers on the Thermo King schedules, therefore, the Committee believes that 1,162 either have no meter readings or cannot be identified with certainty as being part of the Debtor's fleet. Therefore, the Committee believes that any post-petition benefit provided by Thermo King to the

3

Debtors has either already been paid, or is worth substantially less than the $378,609.93 asserted by Thermo King. Thermo King disputes the facts underlying the Committee's opposition of its motion and believes that the full $378,609.93 is due and owing under the terms of the Stipulation and the Maintenance Agreement.

11. Despite the parties' contrary positions, given the risks and expense of litigation, the Committee and Thermo King, in the exercise of their respective business judgments, believe that it is in the best interest of the estate and Thermo King to resolve this dispute by allowing payment of an administrative claim to Thermo King in the amount of $87,500.00

## STIPULATION

WHEREFORE, it is hereby stipulated by and between the Committee and Thermo King that an administrative priority expense claim shall be allowed in favor of Thermo King in the amount of $87,500.00. The parties further agree that payment of $87,500.00 shall satisfy any and all remaining administrative claims Thermo King has or may assert against the estate.

**IT IS SO STIPULATED.**

DATED: August _14_, 2003        By: _____
                                   Peter W. Billings
                                   Gary E. Jubber
                                   David N. Kelley
                                   FABIAN & CLENDENIN
                                   A Professional Corporation
                                   Attorneys for the Official Committee of
                                   Unsecured Creditors

DATED: August _13th_, 2003       By: _____
                                   Robert S. Prince
                                   KIRTON & McCONKIE
                                   Attorneys for Thermo King SVC, Inc.

4

285054_1