Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
  Unsecured Creditors

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 02-22906 GEC |
| | (Chapter 11) |
| SIMON TRANSPORATION SERVICES INC. | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | |
| | Judge Glen E. Clark |
| Debtors. | |

**UNSECURED CREDITORS COMMITTEE MOTION
TO APPROVE SETTLEMENT AGREEMENT WITH FIRST UNION FOR
ALLOWANCE OF ADMINISTRATIVE EXPENSE PRIORITY CLAIM PURSUANT
TO 11 U.S.C. § 503(b)(1)(A)**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, hereby moves the Court for an Order approving the stipulation

entered into between the Committee and First Union Commercial Corporation ("First Union")

324043_1.DOC

**Filed: 10/20/04**

resolving the administrative claim asserted by First Union. In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

3. Prior to commencement of the bankruptcy case, Debtors and First Union entered into various lease agreements thereby "leasing" to Debtors certain trailers (the "Trailers").

4. Post-petition loss and/or damage occurred to the Trailers while they were in the Debtors' possession.

5. First Union filed its Motion for Allowance of Administrative Expense seeking $24,588.13 for the damage and/or loss to the Trailers.

6. The Committee has analyzed First Union's claim, the alleged leases, and the applicable law surrounding First Union's Claim, and asserts that the leases are not true leases, and that First Union cannot satisfy the requirement that its claims arise out of transactions with the debtor-in-possession.

7. The Committee has negotiated with First Union and reached a proposed Settlement and Release Agreement (the "Agreement" a copy of which is attached hereto as Exhibit "A") with respect to the allowance of an administrative claim.

8. Pursuant to the Agreement First Union shall have an allowed, undisputed administrative claim in the amount of $5,000 pursuant to 11 U.S.C. § 503(b)(1)(A). The

Committee has agreed to pay First Union $5,000.00 within ten (10) days of the entry of this Order approving the Agreement. The payment shall be in full and complete satisfaction of any and all claims it may have against Debtors, the Estate, or the Committee.

9. The Committee has agreed to waive and release First Union from any and all claims that the Committee may have against First Union, as set forth in the Agreement.

10. The Committee believes that the Agreement entered into between the Committee and First Union represents a fair and reasonable compromise of the disputed issues. The Committee further believes that the Agreement is in the best interest of the creditors and the estate.

WHEREFORE, the Committee requests an order:

A. Approving the Agreement entered into between the Committee and First Union; and

B. Allowing payment of First Union's claims pursuant to the terms set forth in the Agreement; and

C. Granting such other and further relief as the court deems just and equitable.

DATED this 20th day of October, 2004.

Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
  A Professional Corporation
Attorneys for the Official Committee of
Unsecured Creditors

324043_1.DOC

# Exhibit "A"

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement ("this Agreement") is entered into by and between the Official Committee of Unsecured Creditors (the "Committee") of Simon Transportation Services Inc., Dick Simon Trucking, Inc. and Simon Terminal, LLC (collectively, the "Debtors") and First Union Commercial Corporation ("First Union"), as of the ____ day of October, 2004.

### Recitals

A.   On or about August 27, 1997, Dick Simon Trucking, Inc. ("DSI"), as Lessee, entered into a Master Lease Agreement (the "1997 Lease") with CoreStates Leasing, Inc. ("CoreStates"), pursuant to which DSI agreed to lease from CoreStates certain equipment to be identified in, and on terms to be specified in, certain schedules ("Schedules") to be executed in conjunction with the 1997 Lease. Pursuant to the 1997 Lease, DSI and CoreStates entered into four (4) Schedules, including Schedule 001 ("Schedule 1"), each describing equipment, establishing lease terms and setting rental payments for the equipment. Pursuant to Schedule 1, 100 trailers, including one trailer identified as VIN 1YVS2532WU219043 (the "Casualty Trailer"), are subject to the 1997 Lease. By virtue of a merger, First Union is the successor in interest to CoreStates and is now the holder and owner of the 1997 Lease.

B.   On February 25, 2002, the Debtors filed their petitions for relief with the United States Bankruptcy Court for the District of Utah (the "Court"), case numbers 02-22906 and 02-22907 (the "Cases").

C.   On April 11, 2002, First Union filed its Motion of First Union Commercial Corporation for Allowance of Administrative Expense (the "Motion") seeking allowance of an administrative claim in the amount of $24,588.13 as compensation for the loss of the Casualty Trailer.

D.   The Committee has raised, on behalf of the Debtors and their respective estates (collectively, the "Estates") certain objections to the relief sought in the Motion.

E.   Following extensive negotiations and considering all the factors relevant to the Motion, including but not limited to the expense of litigation of the Motion to conclusion and the possible results of such litigation, First Union and the Committee have agreed to enter into this Agreement.

### Agreement

**NOW, THEREFORE,** incorporating into this Agreement the section entitled "Recitals" above, and in consideration of the mutual covenants and agreements set forth herein and for

1

other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties agree as follows:

1. **Allowed Claim.** Upon entry of an Order of the Court approving the settlement set forth in this Agreement, First Union shall be deemed to have an allowed, undisputed administrative claim in the Cases in the amount of $5,000.00 under 11 U.S.C. § 503(b)(1)(A) (the "Claim").

2. **Payment by the Estates.** Within ten (10) days following entry of an Order of the Court approving the settlement set forth in this Agreement, the Committee will cause the Debtors to pay to First Union five thousand dollars ($5,000.00) in full and final settlement of the Claim.

3. **Release by the Committee.** To induce First Union to enter into this Agreement, the Committee does hereby, for itself and its members, in all capacities, its successors and assigns, for and on behalf of the Estates, release and forever discharge First Union, its successors and assigns, officers, agents, directors, employees, and attorneys, from any and all claims, demands, actions, causes of action, suits, damages, and loss, of whatsoever kind and nature, for or on account of anything that has heretofore occurred up to and including the date of this Agreement, including without limitation any such claims arising out of or related to the 1997 Lease.

4. **Release by First Union.** To induce the Committee to enter into this Agreement, First Union does hereby, for itself and its members, in all capacities, its successors and assigns, release and forever discharge the Committee and the Estates, their successors and assigns, members, officers, agents, directors, employees and attorneys, from any and all claims, demands, actions, causes of action, suits, damages, and loss, of whatsoever kind and nature, whether direct or derivative, for or on account of anything that has heretofore occurred up to and including the date of this Agreement, including without limitation any such claims arising out of or related to the 1997 Lease.

5. **Governing Law.** This Agreement shall be construed in accordance with and governed by the internal laws of the State of Utah, without regard to conflict of law principles.

6. **Matters to be in Writing.** This Agreement cannot be altered, amended, modified, terminated, waived, released or discharged except in a writing signed by the party against whom enforcement is sought.

7. **Integration; Effect.** This Agreement, and any documents executed pursuant hereto constitute the entire agreement of the parties pertaining to the settlement set forth herein, and all prior negotiations and representations relating thereto are merged herein. This Agreement shall inure to the benefit of, and be binding upon, the representatives, successors, heirs and assigns of the parties hereto, respectively. The parties each acknowledge that they

2

have read and understand this Agreement, that they have had the ability to consult with an attorney of their own choosing, that they have obtained any requisite authorization to execute this Agreement and any documents or instruments required to be executed hereunder, and that they execute this Agreement voluntarily. This Agreement may be executed in whole or in counterparts, each of which shall be an original but all of which, when taken together, shall constitute but one agreement.

**IN WITNESS WHEREOF**, the parties hereto have hereunto set their names and seals, all as of the day and year first above written.

**FIRST UNION COMMERCIAL CORPORATION (successor by merger to CoreStates Leasing, Inc.)**

By: _____ VP

Its: _____PAUL BROWN_____

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF SIMON TRANSPORTATION SERVICES, INC. AND DICK SIMON TRUCKING, INC.**

By: _____
Its: _____

3