Weston L. Harris (A1387)
George B. Hofmann (10005)
**Parsons Kinghorn Harris**
*A Professional Corporation*
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone: (801) 363-4300
Facsimile: (801) 363-4378

Special Counsel for Official Committee of
  Unsecured Creditors

___

### IN THE UNITED STATES BANKRUPTCY COURT FOR THE
### DISTRICT OF UTAH, CENTRAL DIVISION

___

| | |
|---|---|
| In re<br><br>SIMON TRANSPORTATION SERVICES INC. and DICK SIMON TRUCKING, INC.<br><br>Debtors. | Bankruptcy No. 02-22906 GEC<br>[Chapter 11]<br>[JOINTLY ADMINISTERED] |

___

### MOTION TO APPROVE SETTLEMENT AGREEMENTS
___

The Official Committee of Unsecured Creditors (the "Committee"), by and through its special counsel, Parsons Kinghorn Harris, hereby moves the Court for an order approving the proposed settlement agreements between the Committee and various parties who have received avoidable transfers as set forth herein. The Committee has entered into settlement agreements, subject to Bankruptcy Court approval with the following parties (the "Defendants"): The Prudential Insurance Company of America, Abbott Laboratories, and Utility Trailer Sales of Utah, Inc.

By this motion, the Committee seeks Bankruptcy Court approval for its settlements with the Defendants. In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Debtor Simon Terminal filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2002.

3. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

4. Pursuant to Section 6.3 of the Joint Plan of Liquidation dated December 27, 2002, and the Order Confirming Amended Joint Plan of Liquidation dated march 11, 2003, the Committee is vested with all of the Debtors' rights under Chapter 5 and Chapter 3 of the Code and all causes of action of any nature.

5. Within ninety (90) days prior to commencement of the bankruptcy case, Debtors made payments to the Defendants on account of antecedent debts (the "Payments").

6. The Committee made written demand on Defendants for the return of the Payments, and the Committee has alleged that the Payments were preferential transfers within the meaning of Bankruptcy Code § 547.

7. The Committee has commenced Adversary Proceedings as

described below against the Defendants by filing complaints alleging that the Payments were preferential transfers within the meaning of 11 U.S.C. § 547.

8. Defendants dispute that the Payments are avoidable as preferential transfers under 11 U.S.C. § 547.

9. In order to avoid the expense of prolonged litigation and the uncertainty of trial and in order to settle the disputes between the parties, Defendants and the Committee have agreed, subject to Bankruptcy Court approval, to compromises and settlements to resolve their differences concerning the Payments.

10. Defendants have agreed to settle the claims filed against them by the Committee for the following amounts (the "Settlement Amounts") and on the terms described below.

   a. <u>Prudential</u>: The Committee commenced Adversary Proceeding No. 04-02347 against The Prudential Insurance Company of America ("Prudential") by filing a complaint alleging preferential transfers in the amount of $54,370.78. Prudential responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Prudential's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $5,000.00 in full settlement of its claim against Prudential.

   b. <u>Abbott Laboratories</u>: The Committee commenced Adversary Proceeding No. 04-02394 against Abbott Laboratories by filing a complaint alleging preferential transfers in the amount of $49,140.33. Abbott Laboratories responded with evidence

showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Abbott Laboratories's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $23,000.00 in full settlement of its claim against Abbott Laboratories.

    c.    <u>Utility Trailer Sales of Utah</u>: The Committee commenced Adversary Proceeding No. 04-02392 against Utility Trailer Sales of Utah, Inc. ("Utility Trailer") by filing a complaint alleging preferential transfers in the amount of $83,124.38.  Utility Trailer responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Utility Trailer's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $5,500.00 in full settlement of its claim against Utility Trailer.

    11.    The Committee has agreed to accept the respective settlement amounts in full and final satisfaction of those claims set forth in the adversary proceedings filed against the Defendants, subject to Bankruptcy Court approval.

    12.    The Committee has agreed to release and forever discharge Defendants, and their agents and/or representatives, from any and all claims (except for any obligations arising under the respective stipulations).

    13.    Upon approval of the above settlements by the Court, the Committee has

agreed to dismiss the adversary proceedings against the Defendants, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7041.

14. The Committee has analyzed the claims it has against the Defendants as well as the potential claims and defenses the Defendants have or may assert against the Committee.

15. The Committee believes that the stipulations are in the best interests of the estate because of the expenses, uncertainty, and risks of litigation.

WHEREFORE, the Committee requests an order:

A. Approving the stipulations entered into between the Committee and Defendants upon the terms and conditions set forth herein;

B. Approving to dismissal of the adversary proceedings described herein, with prejudice, as provided in the Committee's agreements with the Defendants; and

C. Granting such other and further relief as the court deems just and equitable.

DATED this 7th day of January, 2005.

**Parsons Kinghorn Harris**
*A Professional Corporation*

　/s/ George B. Hofmann
Weston L. Harris
George B. Hofmann
Special Counsel for Official Committee
　of Unsecured Creditors