Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
 A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
 Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| In re: | ) ) | Bankruptcy No. 02-22906 GEC |
| SIMON TRANSPORTATION SERVICES INC. and DICK SIMON TRUCKING, INC. | ) ) ) | (Chapter 11) [JOINTLY ADMINISTERED] |
| Debtors. | ) ) ) | Judge Glen E. Clark |

## THIRD MOTION TO APPROVE SETTLEMENT AGREEMENTS

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Fabian and Clendenin, hereby moves the court for an order approving the proposed settlement agreements between the Committee and various defendants named in adversary proceedings commenced by the Committee and as set forth herein. The Committee commenced Adversary Proceedings to avoid transfers and recover preferential payments pursuant to 11 U.S.C. § 547, and has entered into settlement stipulations, subject to Bankruptcy Court approval. with the following defendants (the "Defendants"): American Fire & Casualty, Auto-Owners

324859_1.DOC

Insurance A/S/O, Chevron Finance Company, Cobb Parkway Chevrolet, Dennis Drelinger, Diamond Mattress Company, Gibson, Oshner & Adkins, Greyhound Lines, Inc., Hawkins & Parnell, Hunt Wesson, Inc., nka ConAgra Grocery Products, IFCO Systems, Interlink Office Solutions, Jayne E. Clark, M.D., Johnson & Bell, Kal Kan Foods, Inc., Laguna Cookie, Les Olson Company, Liberty Mutual Insurance, R & M Seat Cover Center, S&H Trucking Inc., Thermo King of So. Calif., Total Logistic Control, Utah Power & Light, Wal-Mart, Western Pacific Truck School, Who's Calling.

By this motion, the Committee seeks Bankruptcy Court approval for its settlements with the Defendants. In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Debtor Simon Terminal filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2002.

3. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

4. Pursuant to Section 6.3 of the Joint Plan of Liquidation dated December 27, 2002, and the Order Confirming Amended Joint Plan of Liquidation dated March 11, 2003, the Committee is vested with all of the Debtors rights under Chapter 5 and Chapter 3 of the Code and all causes of action of any nature.

5. Within ninety (90) days prior to commencement of the bankruptcy case, Debtors made payments to the Defendants on account of antecedent debts (the "Payments").

324859_1.DOC

6. The Committee made written demand on Defendants for the return of the Payments, and the Committee has alleged that the Payments were preferential transfers within the meaning of Bankruptcy Code § 547.

7. The Committee has commenced Adversary Proceedings as described below against the Defendants by filing complaints alleging that the Payments were preferential transfers within the meaning of 11 U.S.C. § 547.

8. Defendants dispute that the Payments are avoidable as preferential transfers under 11 U.S.C. § 547.

9. In order to avoid the expense of prolonged litigation and the uncertainty of trial and in order to settle the disputes between the parties, Defendants and the Committee have agreed, subject to Bankruptcy Court approval, to compromises and settlements to resolve their differences concerning the Payments.

10. Defendants have agreed to settle the claims filed against them by the Committee for the following amounts (the "Settlement Amounts") and on the terms described below. The Committee is holding some of the Settlement Amounts pending Court approval.

    a. <u>American Fire & Casualty</u>: The Committee commenced Adversary Proceeding No. 04-02235 against American Fire & Casualty by filing a complaint alleging preferential transfers in the amount of $10,786.22. American Fire & Casualty responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed American Fire & Casualty's potential defenses, and based upon its review, as well

as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $6,000.00 in full settlement of its claim against American Fire & Casualty;

b.     <u>Auto-Owners Insurance A/S/O</u>:  The Committee commenced Adversary Proceeding No. 04-02345 against Auto-Owners Insurance A/S/O by filing a complaint alleging preferential transfers in the amount of $2,242.46. Auto-Owners Insurance A/S/O responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Auto-Owners Insurance A/S/O's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $1,569.72 in full settlement of its claim against Auto-Owners Insurance A/S/O;

c.     <u>Chevron Finance Company</u>:  The Committee commenced Adversary Proceeding No. 04-02279 against Chevron Finance Company by filing a complaint alleging preferential transfers in the amount of $ 1,145,135.04. Chevron Finance Company responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Chevron Finance Company's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $100,000.00 in full settlement of its claim against Chevron Finance Company;

d.     <u>Cobb Parkway Chevrolet</u>:  The Committee commenced Adversary Proceeding No. 04-02280 against Cobb Parkway Chevrolet by filing a complaint

alleging preferential transfers in the amount of $ 3,847.91.  Cobb Parkway Chevrolet responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Cobb Parkway Chevrolet's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $2,885.93 in full settlement of its claim against Cobb Parkway Chevrolet;

e.	<u>Dennis Drelinger</u>:  The Committee commenced Adversary Proceeding No. 04-02296 against Dennis Drelinger by filing a complaint alleging preferential transfers in the amount of $2,203.47.  Dennis Drelinger responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Dennis Drelinger's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $600.00 in full settlement of its claim against Dennis Drelinger;

f.	<u>Diamond Mattress Company</u>:  The Committee commenced Adversary Proceeding No. 04-02317 against Diamond Mattress Company by filing a complaint alleging preferential transfers in the amount of $ 10,169.18.  Diamond Mattress Company responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Diamond Mattress Company's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the

Committee has agreed to accept $4,000.00 in full settlement of its claim against Diamond Mattress Company;

g.  <u>Gibson, Ochsner & Adkins</u>:  The Committee commenced Adversary Proceeding No. 04-02284 against Gibson, Ochsner & Adkins by filing a complaint alleging preferential transfers in the amount of $22,509.35.  Gibson, Ochsner & Adkins responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Gibson, Ochsner & Adkins' potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $14,630.00 in full settlement of its claim against Gibson, Ochsner & Adkins;

h.  <u>Greyhound Lines, Inc.</u>:  The Committee commenced Adversary Proceeding No. 04-02384 against Greyhound Lines, Inc. by filing a complaint alleging preferential transfers in the amount of $27,124.75.  Greyhound Lines, Inc. responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Greyhound Lines, Inc.'s potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $13,000.00 in full settlement of its claim against Greyhound Lines, Inc.;

i.  <u>Hawkins & Parnell</u>:  The Committee commenced Adversary Proceeding No. 04-02305 against Hawkins & Parnell by filing a complaint alleging preferential transfers in the amount of $16,408.90.  Hawkins & Parnell

responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Hawkins & Parnell's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $4,127.22 in full settlement of its claim against Hawkins & Parnell;

j. <u>Hunt Wesson, Inc., kna ConAgra Grocery Products Company</u>: The Committee commenced Adversary Proceeding No. 04-02312 against Hunt Wesson, Inc., nka ConAgra Grocery Products Company by filing a complaint alleging preferential transfers in the amount of $59,754.24. Hunt Wesson, Inc., nka ConAgra Grocery Products Company responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Hunt Wesson, Inc., nka ConAgra Grocery Products Company's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $7,000.00 in full settlement of its claim against Hunt Wesson, Inc., nka ConAgra Grocery Products Company;

k. <u>IFCO Systems</u>: The Committee commenced Adversary Proceeding No. 04-02326 against IFCO Systems by filing a complaint alleging preferential transfers in the amount of $4,601.27. IFCO Systems responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed IFCO Systems' potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation,

the Committee has agreed to accept $2,925.00 in full settlement of its claim against IFCO Systems;

l. <u>Interlink Office Solutions</u>: The Committee commenced Adversary Proceeding No. 04-02335 against Interlink Office Solutions by filing a complaint alleging preferential transfers in the amount of $2,253.85. Interlink Office Solutions responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Interlink Office Solutions' potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $500.00 in full settlement of its claim against Interlink Office Solutions;

m. <u>Jayne E. Clark, M.D.</u>: The Committee commenced Adversary Proceeding No. 04-02356 against Jayne E. Clark, M.D. by filing a complaint alleging preferential transfers in the amount of $1,612.17. Jayne E. Clark, M.D. responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Jayne E. Clark's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $644.87 in full settlement of its claim against Jayne E. Clark, M.D.;

n. <u>Johnson & Bell</u>: The Committee commenced Adversary Proceeding No. 04-02234 against Johnson & Bell by filing a complaint alleging preferential transfers in the amount of $10,385.57. Johnson & Bell responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential

transfer. The Committee has reviewed Johnson & Bell's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $6,231.34 in full settlement of its claim against Johnson & Bell;

o. <u>Kal Kan Foods, Inc.</u>: The Committee commenced Adversary Proceeding No. 04-02236 against Kal Kan Foods, Inc. by filing a complaint alleging preferential transfers in the amount of $4,125.00. Kal Kan Foods, Inc. responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Kal Kan Foods, Inc.'s potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $3,000.00 in full settlement of its claim against Kal Kan Foods, Inc.;

p. <u>Laguna Cookie</u>: The Committee commenced Adversary Proceeding No. 04-02359 against Laguna Cookie by filing a complaint alleging preferential transfers in the amount of $376,662.33. Laguna Cookie responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Laguna Cookie's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $10,000.00 in full settlement of its claim against Laguna Cookie;

q. <u>Les Olson Company</u>: The Committee commenced Adversary Proceeding No. 04-02250 against Les Olson Company by filing a complaint

alleging preferential transfers in the amount of $3,662.61. Les Olson Company responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Les Olson Company's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $3662.61 in full settlement of its claim against Les Olson Company;

r. <u>Liberty Mutual Insurance</u>: The Committee commenced Adversary Proceeding No. 04-02254 against Liberty Mutual Insurance by filing a complaint alleging preferential transfers in the amount of $4,922.00. Liberty Mutual Insurance responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Liberty Mutual Insurance's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $4,922.00 in full settlement of its claim against Liberty Mutual Insurance;

s. <u>R & M Seat Cover Center</u>: The Committee commenced Adversary Proceeding No. 04-02367 against R & M Seat Cover Center by filing a complaint alleging a preferential transfer in the amount of $5,435.80. R & M Seat Cover Center responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed R & M Seat Cover Center's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $2,000.00 in full settlement of its claim against R & M Seat Cover Center;

t.      S&H Trucking, Inc.:  The Committee commenced Adversary Proceeding No. 04-02195 against S&H Trucking, Inc. by filing a complaint alleging preferential transfers in the amount of $3,752.94.  S&H Trucking, Inc. responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed S&H Trucking, Inc.'s potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $2,476.94 in full settlement of its claim against S&H Trucking, Inc.;

u.      Thermo King of So. Calif.:  The Committee commenced Adversary Proceeding No. 04-02221 against Thermo King of So. Calif. by filing a complaint alleging preferential transfers in the amount of $9,141.42.  Thermo King of So. Calif. responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Thermo King of So. Calif.'s potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $5,000.00 in full settlement of its claim against Thermo King of So. Calif.;

v.      Total Logistic Control:  The Committee commenced Adversary Proceeding No. 04-02187 against Total Logistic Control by filing a complaint alleging preferential transfers in the amount of $10,378.00.  Total Logistic Control responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Total Logistic Control's potential defenses, and based upon its review, as well as the

324859_1.DOC

uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $6,500.00 in full settlement of its claim against Total Logistic Control;

w.  <u>Utah Power & Light</u>: The Committee commenced Adversary Proceeding No. 04-02396 against Utah Power & Light by filing a complaint alleging preferential transfers in the amount of $20,161.10.  Utah Power & Light responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Utah Power & Light's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $2,000.00 in full settlement of its claim against Utah Power & Light;

x.  <u>Wal-Mart Stores, Inc.</u>: The Committee commenced Adversary Proceeding No. 04-02193 against Wal-Mart Stores, Inc. by filing a complaint alleging preferential transfers in the amount of $127,388.76.  Wal-Mart Stores, Inc. responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Wal-Mart Stores, Inc.'s potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $12,500.00 in full settlement of its claim against Wal-Mart Stores, Inc.;

y.  <u>Western Pacific Truck School</u>: The Committee commenced Adversary Proceeding No. 04-02336 against Western Pacific Truck School by filing a complaint alleging preferential transfers in the amount of $3,000.00.  Western Pacific Truck School responded with evidence showing possible defenses to a

part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Western Pacific Truck School's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $1,750.00 in full settlement of its claim against Western Pacific Truck School;

z.  <u>Who's Calling</u>: The Committee commenced Adversary Proceeding No. 04-02205 against Who's Calling by filing a complaint alleging preferential transfers in the amount of $2,735.64. Who's Calling responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Who's Calling's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $1,823.76 in full settlement of its claim against Who's Calling;

11. The Committee has agreed to accept the respective settlement amounts in full and final satisfaction of those claims set forth in the adversary proceedings filed against the Defendants, subject to Bankruptcy Court approval.

12. The Committee has agreed to release and forever discharge Defendants, and their agents and/or representatives, from any and all claims relating to the adversary proceedings (except for any obligations arising under the respective stipulations).

13. Upon approval of the stipulations by the Court, the Committee has agreed to dismiss the adversary proceedings against the Defendants, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7041.

324859_1.DOC

14. The Committee has analyzed the claims it has against the Defendants as well as the potential claims and defenses the Defendants have or may assert against the Committee.

15. The Committee believes that the stipulations are in the best interests of the estate because of the expenses, uncertainty, and risks of litigation.

WHEREFORE, the Committee requests an order:

A. Approving the stipulations entered into between the Committee and Defendants upon the terms and conditions set forth herein;

B. Approving the dismissal of the adversary proceedings described herein, with prejudice, as provided in the Committee's stipulations with the Defendants; and

C. Granting such other and further relief as the court deems just and equitable.

DATED this 11th day of January, 2005.

      /s/ Gary E. Jubber
Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
 A Professional Corporation

324859_1.DOC