Weston L. Harris (A1387)
George B. Hofmann (10005)
**Parsons Kinghorn Harris**
*A Professional Corporation*
111 East Broadway, 11th Floor
Salt Lake City, UT 84111
Telephone:  (801) 363-4300
Facsimile:  (801) 363-4378

Special Counsel for Official Committee of
  Unsecured Creditors

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

_____

| | |
|---|---|
| In re<br><br>SIMON TRANSPORTATION SERVICES INC. and DICK SIMON TRUCKING, INC.<br><br>Debtors. | Bankruptcy No.  02-22906 GEC<br>[Chapter 11]<br>[JOINTLY ADMINISTERED] |

_____

**MOTION TO APPROVE SETTLEMENT AGREEMENT**
_____

The Official Committee of Unsecured Creditors (the "Committee"), by and through its special counsel, Parsons Kinghorn Harris, hereby moves the Court for an order approving the proposed settlement agreement between the Committee and Albertson's, Inc. (the "Defendant").  The Committee has entered into a settlement agreement, subject to Bankruptcy Court approval,  with the Defendant.

By this motion, the Committee seeks Bankruptcy Court approval for its settlement with the Defendant.  In support of its motion, the Committee states as follows:

**Filed: 01/20/05**

1.	Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2.	Debtor Simon Terminal filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2002.

3.	Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

4.	Pursuant to Section 6.3 of the Joint Plan of Liquidation dated December 27, 2002, and the Order Confirming Amended Joint Plan of Liquidation dated march 11, 2003, the Committee is vested with all of the Debtors' rights under Chapter 5 and Chapter 3 of the Code and all causes of action of any nature.

5.	Within ninety (90) days prior to commencement of the bankruptcy case, Debtors made a payment to the Defendant on account of an antecedent debt (the "Payment").

6.	The Committee made written demand on Defendant for the return of the Payment, and the Committee has alleged that the Payment was a preferential transfer within the meaning of Bankruptcy Code § 547.

7.	The Committee commenced an Adversary Proceedings as described below against the Defendant by filing a complaint alleging that the Payment was a preferential transfer within the meaning of 11 U.S.C. § 547.

8.	Defendant disputes that the Payment is avoidable as preferential transfer under 11 U.S.C. § 547.

9. In order to avoid the expense of prolonged litigation and the uncertainty of trial and in order to settle the disputes between the parties, Defendant and the Committee have agreed, subject to Bankruptcy Court approval, to compromise and settle their differences concerning the Payment.

10. The Committee commenced Adversary Proceeding No. 04-02393 against the Defendant by filing a complaint alleging a preferential transfer in the amount of $48,907.01. The Defendant responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed the Defendant's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $39,125.00 in full settlement of its claim against the Defendant.

11. The Committee has agreed to accept this settlement amount in full and final satisfaction of those claims set forth in the adversary proceeding filed against the Defendant, subject to Bankruptcy Court approval.

12. The Committee has agreed to release and forever discharge Defendant, and its agents and/or representatives, from any and all claims (except for any obligations arising under the respective stipulations).

13. Upon approval of the above settlements by the Court, the Committee has agreed to dismiss the adversary proceeding against the Defendant, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7041.

14.     The Committee has analyzed the claims it has against the Defendant as well as the potential claims and defenses the Defendant have or may assert against the Committee.

15.     The Committee believes that the stipulations are in the best interests of the estate because of the expenses, uncertainty, and risks of litigation.

WHEREFORE, the Committee requests an order:

A.      Approving the stipulations entered into between the Committee and Defendant upon the terms and conditions set forth herein;

B.      Approving to dismissal of the adversary proceeding described herein, with prejudice, as provided in the Committee's agreement with the Defendant; and

C.      Granting such other and further relief as the court deems just and equitable.

DATED this 20th day of January, 2005.

**Parsons Kinghorn Harris**
*A Professional Corporation*


  /s/ George B. Hofmann
Weston L. Harris
George B. Hofmann
Special Counsel for Official Committee
 of Unsecured Creditors