Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State, Suite 1200
P.O. Box 510210
Salt Lake City, Utah 84151
Telephone: (801) 531-8900
Facsimile: (801) 596-2814

Attorneys for Official Committee of
  Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 02-22906 GEC |
| | (Chapter 11) |
| SIMON TRANSPORTATION SERVICES INC. | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | |
| | Judge Glen E. Clark |
| Debtors. | |

## FIFTH MOTION TO APPROVE SETTLEMENT AGREEMENTS

The Official Committee of Unsecured Creditors (the "Committee"), by and through its counsel, Fabian and Clendenin, hereby moves the court for an order approving the proposed settlement agreements between the Committee and various defendants named in adversary proceedings commenced by the Committee and as set forth herein. The Committee commenced Adversary Proceedings to avoid transfers and recover preferential payments pursuant to 11 U.S.C. § 547, and has entered into settlement stipulations, subject to Bankruptcy Court approval, with the following defendants (the "Defendants"): Albuquerque Freightliner, Anheuser-Busch

342539_1.DOC

Companies, Arthur Andersen, Granger-Hunter Improvement District, Los Angeles Freightliner, Smith Detroit Diesel, Tire Distribution Systems, The Trailer Depot, The Trailer Doctor and Western Container.

By this motion, the Committee seeks Bankruptcy Court approval for the proposed settlements with the Defendants. In support of its motion, the Committee states as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Debtor Simon Terminal filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2002.

3. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

4. Pursuant to Section 6.3 of the Joint Plan of Liquidation dated December 27, 2002, and the Order Confirming Amended Joint Plan of Liquidation dated March 11, 2003, the Committee is vested with all of the Debtors rights under Chapter 5 and Chapter 3 of the Code and all causes of action of any nature.

5. Within ninety (90) days prior to commencement of the bankruptcy case, Debtors made payments to the Defendants on account of antecedent debts (the "Payments").

6. The Committee made written demand on Defendants for the return of the Payments, and the Committee has alleged that the Payments were preferential transfers within the meaning of Bankruptcy Code § 547.

7. The Committee has commenced Adversary Proceedings as described below against the Defendants by filing complaints alleging that the Payments were preferential transfers within the meaning of 11 U.S.C. § 547.

8. Defendants dispute that the Payments are avoidable as preferential transfers under 11 U.S.C. § 547.

9. In order to avoid the expense of prolonged litigation and the uncertainty of trial and in order to settle the disputes between the parties, Defendants and the Committee have agreed, subject to Bankruptcy Court approval, to compromises and settlements to resolve their differences concerning the Payments.

10. Defendants have agreed to settle the claims filed against them by the Committee for the following amounts (the "Settlement Amounts") and on the terms described below. The Committee is holding some of the Settlement Amounts pending Court approval.

    a. <u>Albuquerque Freightliner</u>: The Committee commenced Adversary Proceeding No. 04-02202 against Albuquerque Freightliner by filing a complaint alleging preferential transfers in the amount of $3,407.98. Albuquerque Freightliner responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Albuquerque Freightliner's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $1,407.98 in full settlement of its claim against Albuquerque Freightliner;

    b. <u>Anheuser-Busch Companies</u>: The Committee commenced Adversary Proceeding No. 04-02237 against Anheuser-Busch Companies by filing a

complaint alleging preferential transfers in the amount of $14,176.79. Anheuser-Busch Companies responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Anheuser-Busch Companies' potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $3,500.00 in full settlement of its claim against Anheuser-Busch Companies;

c. <u>Arthur Andersen</u>: The Committee commenced Adversary Proceeding No. 04-02242 against Arthur Andersen by filing a complaint alleging preferential transfers in the amount of $75,366.00. Arthur Andersen responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Arthur Andersen's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $17,500.00 in full settlement of its claim against Arthur Andersen;

d. <u>Granger-Hunter Improvement District</u>: The Committee commenced Adversary Proceeding No. 04-02293 against Granger-Hunter Improvement District by filing a complaint alleging preferential transfers in the amount of $13,239.20. Granger-Hunter Improvement District responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Granger-Hunter Improvement District's potential defenses, and based upon its review, as well as the uncertainty, costs,

and expenses of litigation, the Committee has agreed to accept $2,000.00 in full settlement of its claim against Granger-Hunter Improvement District;

e.  <u>Los Angeles Freightliner</u>:  The Committee commenced Adversary Proceeding No. 04-02256 against Los Angeles Freightliner by filing a complaint alleging preferential transfers in the amount of $30,044.55.  Los Angeles Freightliner responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Los Angeles Freightliner's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $10,500.00 in full settlement of its claim against Los Angeles Freightliner;

f.  <u>Smith Detroit Diesel</u>:  The Committee commenced Adversary Proceeding No. 04-02217 against Smith Detroit Diesel by filing a complaint alleging preferential transfers in the amount of $54,096.85.  Smith Detroit Diesel responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer.  The Committee has reviewed Smith Detroit Diesel's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $17,500.00 in full settlement of its claim against Smith Detroit Diesel;

g.  <u>Tire Distribution Systems</u>:  The Committee commenced Adversary Proceeding No. 04-02183 ("Atlanta Adversary Proceeding") and Adversary Proceeding No. 04-02316 ("Denver Adversary Proceeding") against Tire Distribution Systems by filing two complaints alleging preferential transfers.

This Court entered an Order Granting Joint Motion to Consolidate on or about November 19, 2004, consolidating the Atlanta Adversary Proceeding and the Denver Adversary Proceeding. Tire Distribution Systems responded with evidence showing possible defenses to a part or all of the amounts claimed as preferential transfers. The Committee has reviewed Tire Distribution Systems' potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $55,000.00 in full settlement of its claims against Tire Distribution Systems;

h.        The Trailer Depot:  The Committee commenced Adversary Proceeding No. 04-02218 against The Trailer Doctor by filing a complaint alleging preferential transfers in the amount of $15,121.17. The Trailer Depot responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed The Trailer Depot's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $12,000.00 in six monthly payments of $2,000 each in full settlement of its claim against The Trailer Depot;

i.        The Trailer Doctor:  The Committee commenced Adversary Proceeding No. 04-02220 against The Trailer Doctor by filing a complaint alleging preferential transfers in the amount of $4,861.76. The Trailer Doctor responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed The Trailer

342539_1.DOC

6

        Doctor's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $1,200.00 in full settlement of its claim against The Trailer Doctor;

        j.    <u>Western Container</u>: The Committee commenced Adversary Proceeding No. 04-02202 against Western Container by filing a complaint alleging preferential transfers in the amount of $5,749.48. Western Container responded with evidence showing possible defenses to a part or all of the amounts claimed as a preferential transfer. The Committee has reviewed Western Container's potential defenses, and based upon its review, as well as the uncertainty, costs, and expenses of litigation, the Committee has agreed to accept $3,200.00 in full settlement of its claim against Western Container;

11.    The Committee has agreed to accept the respective settlement amounts in full and final satisfaction of those claims set forth in the adversary proceedings filed against the Defendants, subject to Bankruptcy Court approval.

12.    The Committee has agreed to release and forever discharge Defendants, and their agents and/or representatives, from any and all claims relating to the adversary proceedings (except for any obligations arising under the respective stipulations).

13.    Upon approval of the stipulations by the Court, the Committee has agreed to dismiss the adversary proceedings against the Defendants, with prejudice, pursuant to Rule 41 of the Federal Rules of Civil Procedure as applied by Bankruptcy Rule 7041.

14.    The Committee has analyzed the claims it has against the Defendants as well as the potential claims and defenses the Defendants have or may assert against the Committee.

342539_1.DOC

15. The Committee believes that the stipulations are in the best interests of the estate because of the expenses, uncertainty, and risks of litigation.

WHEREFORE, the Committee requests an order:

A. Approving the stipulations entered into between the Committee and Defendants upon the terms and conditions set forth herein;

B. Approving the dismissal of the adversary proceedings described herein, with prejudice, as provided in the Committee's stipulations with the Defendants; and

C. Granting such other and further relief as the court deems just and equitable.

DATED this 19th day of July, 2005.

    /s/ Gary E. Jubber
Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
  A Professional Corporation

342539_1.DOC