Peter W. Billings, A0330
Gary E. Jubber, A1758
David N. Kelley, A9137
FABIAN & CLENDENIN,
  A Professional Corporation
215 South State Street, Suite 1200
Salt Lake City, Utah 84111
Telephone:  (801) 531-8900
Facsimile:  (801) 596-2814

Attorneys for Official Committee of
  Unsecured Creditors

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| In re: | Bankruptcy No. 02-22906 RKM |
| | (Chapter 11) |
| SIMON TRANSPORTATION SERVICES INC. | [JOINTLY ADMINISTERED] |
| and DICK SIMON TRUCKING, INC. | |
| | Judge R. Kimball Mosier |
| Debtors. | |

**COMMITTEE OF UNSECURED CREDTIORS' OMNIBUS OBJECTION
TO CLAIMS LACKING DOCUMENTATION AND WERE PRESENTED IN A FORM
THAT DOES NOT COMPLY WITH APPLICABLE RULES
(FOURTH OMNIBUS OBJECTION)**

The Official Committee of Unsecured Creditors (the "Committee"), by and through its

counsel, Fabian and Clendenin, submits this omnibus objection (the "Objection") to those claims

filed by certain unsecured creditors where there exists no documentation to support the claim and

therefore fails to comply with the applicable rules for filing a claim.  IF YOU ARE A

CLAIMANT RECEIVING THIS OBJECTION, YOU SHOULD LOCATE YOUR NAME AND CLAIM(S) HEREIN. The Committee seeks to have the Court disallow each of the claims set forth herein pursuant to 11 U.S.C. § 502 and Rule 3007 of the Federal Rules of Bankruptcy Procedure on the grounds set forth below. In support of the Objection, the Committee represents as follows:

1. Debtors Simon Transportation Services, Inc., and Dick Simon Trucking, Inc. (collectively referred to herein as "Debtors") commenced the instant chapter 11 bankruptcy matters by filing petitions for relief on February 25, 2002.

2. Debtor Simon Terminal filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 25, 2002.

3. Prior to confirmation of the Amended Joint Plan of Liquidation in this case, the Debtors' cases were jointly administered by this Court.

4. Pursuant to Section 6.3 of the Joint Plan of Liquidation dated December 27, 2002, and the Order Confirming Amended Joint Plan of Liquidation dated March 11, 2003, the Committee is vested with all of the Debtors rights under Chapter 5 and Chapter 3 of the Code.

5. Pursuant to Sections 105 and 1142 of the Bankruptcy Code, 28 U.S.C. § 157 and 1334, the Bankruptcy Court retains jurisdiction over all matters arising out of, and related to, the Chapter 11 Cases and the Plan to the fullest extent permitted by law, including, without limitation, jurisdiction to allow, disallow, determine, liquidate, classify, estimate or characterize any claim or interest.

6. The Committee now objects to the claims set forth in paragraph 7 herein on the basis that the proofs of claim do not comply with applicable rules and the Committee is unable to determine the validity of the claim because of the noncompliance. Specifically, the claims set forth in paragraph 7 fail to provide either supporting evidence or an explanation for their failure to provide supporting evidence. *In re Kirkland,* 572 F.3d 838, 40-41 (10th Cir. 2009).

7. The claims listed herein each lack supporting documentation sufficient to allow the Committee to determine the validity of the claims.

| Claim No | Creditor | Original Amount | Pages Referencing Grounds for Objection |
|---|---|---|---|
| 0596 | Bellsouth Telecommunications, Inc. | $36,379.06 | 3 |
| 1046 | Cannon, Bryan | $13,282.38 | 3 |
| 0392 | Cambridge Services | $13,090.23 | 3 |
| 0122 | Canawill, Inc. | $13,090.23 | 3 |
| 0916 | Clarendon National Insurance | $277,025.01 | 3 |
| 0177 | Concentra Medical Centers | $6,335.91 | 3 |
| 0298 | Corporate Image | $56,243.71 | 3 |
| 1030 | Firemans Fund Insurance Company | $30,000.00 | 3 |
| 0948 | Freemont Industrial Indemnity Co. | $1,974,545.10 | 3 |
| 0691 | Hill, Jeffrey, Ch. 7 Trustee of Westway Express | $250,000.00 | 3 |
| 0933 | Lewis, Michael J. | $97,000.00 | 3 |
| 0401 | Mathews Trucking | $4,178.00 | 3 |
| 0664 | Multifoods Dist. Group | $6,097.92 | 3 |
| 0665 | Multifoods Dist. Group | $3,118.95 | 3 |
| 0071 | Musiak, Thomas | $0.00 | 3 |
| 0304 | Progressive Co. | $9,927.30 | 3 |
| 1048 | Renaud, Cook & Drury | $37,988.94 | 3 |
| 0923 | Rocky Mountain Express | $13,041.18 | 3 |
| 0728 | State Farm Mutual Automobile Insurance Co. | $12,673.96 | 3 |
| 0299 | Steinicke, Paual J. | $522.62 | 3 |
| 0537 | Strasburger & Price | $2,381.86 | 3 |
| 0591 | Town Pump, Inc. | $9,571.17 | 3 |

8. Because the foregoing claims failed to provide supporting the required documentation, the claimants listed herein have improperly shifted the burden to the Committee to disprove unsubstantiated claims.

9. The Committee expressly reserves the right to further object to the above-listed claims on both substantive and procedural grounds.

WHEREFORE, the Committee requests an order:

A. Disallowing the claims set forth in paragraph 7 above in their entirety; and

B. Granting such other and further relief as the court deems just and equitable.

DATED this 2nd day of April, 2010.

/s/ David N. Kelley
Peter W. Billings
Gary E. Jubber
David N. Kelley
FABIAN & CLENDENIN
  A Professional Corporation